IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

APPEAL NO. 23-10031-AA

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SCOTT MATTHEW YOTKA

Defendant-Appellant

APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF FLORIDA

INITIAL BRIEF OF APPELLANT FILED PURSUANT TO
*ANDERS V. CALIFORNIA*, 386 U.S. 738 (1967)

A. Fitzgerald Hall, Esq.
Federal Defender

Shehnoor Kaur Grewal, Esq.
Appellate Attorney
Appellate Division
Utah Bar Number 14662
2075 W. First Street, Suite 300
Fort Myers, Florida 33901
Telephone: (239) 334-0397
Email: shehnoor_grewal@fd.org
*Counsel for Appellant*

## Appeal No. 23-10031-AA

*United States of America v. Scott Matthew Yotka*

### CERTIFICATE OF INTERESTED PERSONS

The persons listed below have an interest in the outcome of this case:

Brown, David Rodney

Corrigan, The Honorable Timothy J.

Grandy, Todd B.

Grant, II Maurice C.

Grewal, Shehnoor Kaur

Hall, A. Fitzgerald

Handberg, III, Roger Bernard

Hoppman, Karin

Howard, The Honorable Marcia Morales

Kahn, Conrad B.

Karase, Kelly S.

Minor victims whose identities are protected

Rhodes, David P.

Toomey, The Honorable Joel B.

**CERTIFICATE OF INTERESTED PERSONS** – *CONTINUED*

Train, Mai

Yotka, Scott Matthew

No publicly traded company or corporation has an interest in the outcome of this appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel files this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and is moving to withdraw. Counsel therefore does not request oral argument and takes no position with respect to whether oral argument is appropriate in this case.

# TABLE OF CONTENTS

Certificate of Interested Persons ................................................................. i

Statement Regarding Oral Argument ....................................................... iii

Table of Contents ....................................................................................... iv

Table of Authorities.................................................................................... v

Statement of Subject Matter and Appellate Jurisdiction.....................xi

Statement of the Issues............................................................................... 1

Statement of the Case ................................................................................. 1

    I.    Course of Proceedings ............................................................ 1

    II.    Statement of the Facts ........................................................... 3

        a. The Offense Conduct...........................................................2

        b. The Plea Agreement............................................................4

        c. The Presentence Report.......................................................4

        d. The Sentencing Hearing......................................................6

    III.    Standards of Review .............................................................. 11

Summary of the Arguments...................................................................... 12

Arguments and Citations of Authority ................................................... 13

Conclusion .................................................................................................. 58

Certificate of Compliance with Type-Volume Limit...............................59

Certificate of Service .................................................................................59

# TABLE OF AUTHORITIES

## Cases

*Allen v. Thomas*, 161 F.3d 667 (11th Cir. 1998)……………………………11

*Anders v. California*, 386 U.S. 738 (1967)..……………………….*passim*

*Gall v. United States*, 552 U.S. 38 (2007) .............................................. 17

*Penson v. Ohio*, 488 U.S. 75 (1988)……………………………..12, 16, 16, 19

*Rita v. United States*, 551 U.S. 338, 356 (2007)……………………………..19

*United States v. Agbai*, 497 F.3d 1226 (11th Cir. 2007)……………..12, 13

*United States v. Blackwell*, 767 F.2d 1486 (11th Cir. 1985)……………12

*United States v. Booker*, 543 U.S. 220 (2005)…………………………16, 19

*United States v. Clark*, 274 F.3d 1325 (11th Cir. 2001)……………........13

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004)……………….15

*United States v. Ghertler*, 605 F.3d 1256 (11th Cir. 2010)……………..19

*United States v. Gholston*, 932 F.2d 904 (11th Cir. 1991)………………13

*United States v. Gonzalez*, 550 F.3d 1319 (11th Cir. 2008)…………12, 20

*United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010)……………….16, 20

*United States v. Moriarty*, 429 F.3d 1012 (11th Cir. 2005)…..………….15

*United States v. Pierre*, 120 F.3d 1153 (11th Cir. 1997)…………………..13

*United States v. Sarras*, 575 F.3d 1191 (11th Cir. 2009)………………….20

*United States v. Snipes*, 611 F.3d 855 (11th Cir. 2010) ....................20

*United States v. Talley*, 431 F.3d 784 (11th Cir. 2005).......................19

**Statutes**

18 U.S.C. § 2251................................................................................1

18 U.S.C. § 2252................................................................................1

18 U.S.C. § 3553.......................................................................*passim*

18 U.S.C. § 3231.......................................................................*passim*

18 U.S.C. § 3742.............................................................................vii

18 U.S.C. § 1291.............................................................................vii

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

This is a direct appeal in a criminal case from the final judgment of the United States District Court for the Middle District of Florida, Jacksonville Division, entered on December 21, 2022. Doc. 55.[1] The district court had original jurisdiction pursuant to 18 U.S.C. § 3231.

Mr. Yotka timely filed a notice of appeal on January 3, 2023. Doc. 57. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

---

[1]    An amended judgment was filed on February 2, 2023. Doc. 68.

## STATEMENT OF THE ISSUES

I.    Whether the district court erred in accepting Mr. Yotka's guilty plea and finding it was knowingly and voluntarily entered?

II.    Whether the district court committed procedural or substantive error in sentencing Mr. Yotka?

## STATEMENT OF THE CASE

## I.   COURSE OF PROCEEDINGS

On September 29, 2021, a grand jury charged Mr. Yotka with three counts: (1) enticement of a minor (Minor One) to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct in violation of 18 U.S.C. § 2251(a) and (e) (Count One); (2) enticement of a minor (Minor Two) to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct in violation of 18 U.S.C. § 2251(a) and (e) (Count Two); and (3) knowing distribution of visual depictions involving the use of minor engaging in sexually explicit conduct  using a cell phone in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count Three). Doc. 13. After Mr. Yotka pleaded guilty to Counts One and Two pursuant to a plea agreement, the district court

dismissed Count Three on motion of the United States and sentenced Mr. Yotka to 720 months of incarceration. Docs. 37, 55, 69, 70, 71. He remains incarcerated pursuant to that sentence.

## II.  STATEMENT OF THE FACTS

## a. The Offense Conduct

On September 15, 2021, an undercover FBI Task Force officer engaged in a private message conversation with Mr. Yotka. PSR at ¶ 8.[2] During the conversation, Mr. Yotka mentioned that he had access to three minor children, one girl and two boys. *Id*. He sent the undercover officer seven images and one video that depicted the two minor boys engaged in sexually explicit conduct with himself. *Id*. He also told the officer that he was interested in swapping the two children with other men so that he could play with other children. *Id*.

A federal search warrant was issued for Mr. Yotka's home. Mr. Yotka was at the residence and was advised that the search warrant was being executed at his home. *Id*. at ¶ 9–10. Mr. Yotka agreed to speak with two FBI agents inside an FBI vehicle that was parked outside the residence; the interview was recorded on audio. *Id*. at ¶ 10. An FBI agent

---

[2]    This brief will refer to the final PSR, Doc. 47, as "PSR."

informed Mr. Yotka that he was not under arrest and speaking to the agents was voluntary. After being advised of his constitutional rights, and waiving them, Mr. Yotka stated that he had lived at the residence for approximately a year and a half, the residence had password protected internet service, and that that he used his cell phone to access social media and other apps. *Id*. at ¶ 11.

Mr. Yotka told law enforcement that he was an administrator of a public chat room for users interested in "incest fetishes, little kid things, animal things." *Id*. at ¶ 12. He distributed images and videos of child pornography to the group. *Id*. After a break in the interview, Mr. Yotka asked to move the interview outside of the view of his residence. *Id*. at ¶ 14–15. Once the FBI vehicle was moved, *id*., Mr. Yotka acknowledged sending pornographic pictures of two children, Minors 1 and 2, to the undercover agent, including ones of him inserting foreign objects into the anuses of both minors, as well as pictures of him ejaculating on Minor 1, *id*. at ¶ 16–17.

A forensic review of Mr. Yotka's phone revealed seven photos and one video of the sexually explicit conduct involving Minors 1 and 2. *Id*. at ¶ 20. The images, taken at various times on September 3, 2021, showed

the anal penetration of both minors, an exhibition of Minor 1's genitalia, and Mr. Yotka's erect penis in Minor 2's mouth. The phone also contained other images of child pornography that Mr. Yotka had downloaded. *Id*.

### b.  The Plea Agreement

Mr. Yotka entered into a plea agreement on May 13, 2022, in which he agreed to enter a plea of guilty to Counts One and Two of the Indictment, and the government agreed to dismiss Count Three. Doc. 37. The plea agreement included a provision waiving Mr. Yotka's right to appeal his sentence on any ground, with limited exceptions. *Id*. at 13. Those exceptions include: (1) "the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines;" (2) "the ground that the sentence exceeds the statutory maximum penalty;" (3) or "the ground that the sentence violates the Eighth Amendment." *Id*. Mr. Yotka could also be "release[ed] from his waiver and . . . appeal the sentence" if the government "exercise[d] its right to appeal the sentence imposed." *Id*.

### c. The Presentence Report (PSR)

Following Mr. Yotka's guilty plea, the United States Probation Office (Probation) prepared a PSR. The PSR calculated the total offense level for each count separately because they involved separate victims. *Id*.

¶ 29; *see also* USSG §§ 2G2.1 & 3D1.2(d). *Id*. at ¶ 29.

As to Group One, Probation calculated Mr. Yotka's guideline range:

| | |
|---|---|
| **Base Offense Level**<br>USSG § 2G2.1(a) | 32 |
| **Minor Under 12 years**<br>USSG § 2G2.1(b)(1)(A) | +4 |
| **Commission of a Sexual Act**<br>**or Sexual Conduct**<br>USSG § 2G2.1(b)(2)(A) | +2 |
| **Knowing Distribution**<br>USSG § 2G2.1(b)(3) | +2 |
| **Sadistic or Masochistic**<br>**Conduct**<br>USSG § 2G2.1(b)(4)(A) | +4 |
| **Adjusted Offense Level** | 44 |

*Id*. at ¶¶ 30–38. As to Group Two, Probation calculated Mr. Yotka's guideline range:

| | |
|---|---|
| **Base Offense Level**<br>USSG § 2G2.1 | 32 |
| **Minor Under Twelve**<br>USSG § 2G2.1(b)(1)(B) | +4 |
| **Commission of a Sexual Act or**<br>**Sexual Conduct**<br>USSG § 2G2.1(b)(2)(A) | +2 |
| **Knowing Distribution**<br>USSG § 2G2.1(b)(3) | +2 |
| **Sadistic or Masochistic**<br>**Conduct**<br>USSG § 2G2.1(b)(4) | +4 |
| **Adjusted Offense Level** | 44 |

PSR ¶¶ 39–49.

Pursuant to the table in USSG § 3D1.4, Probation increased Mr. Yotka's offense level by 2 to total 46. *Id*. at ¶ 50, 51. Mr. Yotka's offense level was further increased by 5 levels under USSG § 4B1.5(b)(1) (relating to a defendant who "engaged in a pattern of activity involving prohibited sexual conduct"). *Id*. at ¶ 52. Mr. Yotka's received a 3-level decrease for acceptance of responsibility. *Id*. at ¶ 53–54.

Mr. Yatka's total offense level was ultimately calculated to be 43. U.S.S.G. Ch. 5, Pt. A, cmt. n.2 ("An offense level of more than 43 is to be treated as an offense level of 43."); *see also* PSR at ¶ 55. The guidelines sentence for a total offense level of 43 and criminal history category of I was calculated to be life imprisonment. PSR ¶ 97; U.S.S.G. Ch. 5, Pt. A. However, because the offenses carried a maximum sentence of 30 years, Mr. Yatka's guidelines imprisonment range was determined by Probation to be 720 months. PSR at ¶ 97 (citing USSG § 5G1.2(b)).

## d. The Sentencing Hearing

Mr. Yotka's sentencing was originally scheduled for November 21, 2022, but was continued until December 21, 2022, to allow Mr. Yotka's counsel to look at information the government provided "at the 11th hour." Doc. 69 at 3.

At the sentencing, the district court accepted Mr. Yotka's guilty pleas as to Counts One and Two. Doc. 70 at 3–4. The court asked Mr. Yotka if he had an opportunity to review the presentence report with his attorney; Mr. Yotka stated that he had. *Id*. at 4. Neither the government nor Mr. Yotka objected to the factual statements or guideline calculations in the PSR. *Id*. The court accepted the findings in the PSR and determined that Mr. Yotka's calculated guideline range was a statutory maximum of 720 months' imprisonment with a term of supervised release of at least five years. *Id*. at 4–5.

The government then made its recommendation, stating that Mr. Yotka's case began as an undercover operation that "unfolded very quickly," *id*. at 6. It described the operation, Mr. Yotka's access to the three underage children in the house, and the sexual interaction he had with them. *Id*. at 7–8. The government also recounted the interview detailed in the PSR. *Id*. at 11. The government noted that Mr. Yotka sent images at least twice to others and that the incident in this case was not a "one-time incident." *Id*. at 10–12. Although Mr. Yotka did not have large amounts of child pornography on his phone, the government

emphasized that the images were produced by him and accordingly charged. *Id*. at 12.

The government concluded its argument by stating that the 60-year guideline sentence was appropriate in this case. *Id*. at 13. The government provided citations to other cases in the United States District Court for the Middle District of Florida involving similar sentences. *Id*. at 13–15. The government also recommended a lifetime term of supervised release. *Id*. at 15. Additionally, the government noted there was no restitution sought in the case. *Id*. at 15–16. The government requested the district court enter a final order of forfeiture regarding the phone used in the case and, lastly, moved to dismiss Count Three. *Id*. at 16–17.

Counsel for Mr. Yotka recounted his life history, *id*. at 17–18, including how his life fell apart after he and his wife divorced. *Id*. at 19. Counsel described the uneasy relationships Mr. Yotka had with his ex-wife, oldest sons, and parents—the latter of whom he worked with for 16 years. *Id*. at 19–21. Counsel recommended a 40-year term of imprisonment consisting of consecutive 20-year terms on each count. *Id*.

at 21–22. Mr. Yotka then allocuted and "put [himself] at [the court's] mercy." *Id*. at 22.

The district court noted that no victim was in the courtroom and that Mr. Yotka's sentencing guidelines would be life but for the statutory maximum. *Id*. at 23. The court also stated it was considering the guidelines, the § 3553(a) factors, the nature of the circumstances of the offense and the history and characteristics of the defendants, and a sentence that was sufficient, but not greater than necessary, to accomplish the statutory purposes of sentencing (including the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence for Mr. Yotka as well as those that might have similar interests, to protect the public from further crimes, and avoid unwarranted sentencing disparity). *Id*. at 23.

The court stated that "Mr. Yotka actually created the child pornography. . . . Mr. Yotka physically abused these two children in the most horrible way." *Id*. at 24. The court stated it struggled "to identify any mitigating in Mr. Yotka's background," *id*. at 25, and that though he had no criminal history, the guidelines take that into account. *Id*. The

court also found Mr. Yotka's comments—in which "he expressed no remorse for the children or the harm he inflicted on them" to be troubling. *Id*. at 25–26. Accordingly, the court found no reason to vary downward, concluding instead that a guidelines sentence was "absolutely necessary to reflect the seriousness of the offense, to promise respect for the law. It's absolutely necessary to accomplish just punishment." *Id*. at 26. Finally, the court stated:

> The Court has asked why judgment should not be pronounced and has been given no cause. I've heard from counsel, I have reviewed the presentence report, and I have heard from Mr. Yotka. Pursuant to Title 18, United States Code, Sections 3551 and 3553, it is the judgment of the Court that the defendant, Scott Matthew Yotka, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 720 months. That term of imprisonment consists of a 360-month term as to Count One and a 360-month as to Count Two, with each such term of imprisonment to run consecutively. Upon release from imprisonment Mr. Yotka will be required to serve a term of supervised release of life. That's life as to each Count One and Count Two, to run concurrently.

*Id*. at 26–27.

The court listed the conditions of release, including "providing the probation office with access to any financial information requested as a means of monitoring his compliance with his conditions of release." *Id*. at 27–29. The court also stated it would allow the

10

government to contact the victims' mother again to seek restitution. *Id.* at 30. Defense counsel did not object "[i]nasmuch as the Court is required by statute to do so." *Id*. at 30. Counsel also stated, "I was going to object to the condition regarding finances, but now I'm going to hold back on that until the restitution issue is dealt with." *Id*. The court asked the government that "if it turns out that there is no restitution ordered . . . at that point can I simply amend the judgement by removing that restriction in light of the absence of restitution." *Id*. at 31. Defense counsel reserved his objections as it related to the financial conditions. *Id*. at 34.

After sentencing, the government filed a notice that the victims' mother did not wish to seek restitution. Doc. 67. Accordingly, the court amended its judgment to remove the financial conditions. Doc. 68.

## III. STANDARDS OF REVIEW

I.    Whether a guilty plea was knowingly and voluntarily entered is a mixed question of law and fact, reviewed de novo. *Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998).

II.    The sentence imposed by the district court is reviewed for reasonableness under an abuse of discretion standard. *United States v.*

*Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007); *Gall v. United States*, 552 U.S. 38, 51 (2007). The Court "must first ensure that the district court committed no significant procedural error." *Gall*, 552 U.S. at 51. If the Court determines that the sentence is procedurally sound, it must next examine the "substantive reasonableness" of the sentence, again under an abuse-of-discretion standard. *United States v. Gonzalez*, 550 F.3d 1319, 1323–1324 (11th Cir. 2008); *Gall*, 552 U.S. at 51.

## SUMMARY OF THE ARGUMENT

A frivolous appeal, according to *Anders v. California*, 386 U.S. 738 (1967), is one without arguable merit. If, after a "conscientious examination" of the entire record on appeal, counsel concludes that an appeal would be frivolous, then counsel's duty is to prepare a brief that sets out any irregularities in the trial process or other potential error which, in the judgment of the client, another attorney, or the Court, might be arguably meritorious. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *United States v. Blackwell*, 767 F.2d 1486, 1487–88 (11th Cir. 1985). Upon the filing of an *Anders* brief, a reviewing court must conduct a full examination of the record to decide whether the case is wholly frivolous, and only after that inquiry is complete may it consider the appeal on the

merits. *See United States v. Gholston*, 932 F.2d 904, 904 (11th Cir. 1991).

In this case, after diligent review of the entire record on appeal, undersigned counsel has been unable to find any non-frivolous argument that could in good faith be presented on appeal. Consequently, counsel has presented no argument, but has merely stated the possible issues that Mr. Yotka may be interested in presenting, along with the relevant facts and law.

**ARGUMENTS AND CITATIONS OF AUTHORITY**

## I. Whether the district court erred in accepting Mr. Yotka's guilty plea and finding it was knowingly and voluntarily entered?

Rule 11(b) of the Federal Rules of Criminal Procedure sets out the procedure a court must follow before accepting a plea of guilty. The three core concerns underlying Rule 11 are to ensure that (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant knows and understands the consequences of his guilty plea. *United States v. Clark*, 274 F.3d 1325, 1330 (11th Cir. 2001); *United States v. Pierre*, 120 F.3d 1153, 1156 (11th Cir. 1997).

A review of the record here shows that the district court complied with all of the requirements of Rule 11(b) when accepting Mr. Yotka's guilty plea:

13

| | |
|---|---|
| **(1)(A)** the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath | Doc. 71 at 3. |
| **(1)(B)** the right to plead not guilty, or having already so pleaded, to persist in that plea | Doc. 71 at 3. |
| **(1)(C)** the right to a speedy and public jury trial | Doc. 71 at 7–8. |
| **(1)(D)** the right to be represented by counsel – and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding | Doc. 71 at 8. |
| **(1)(E)** the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses | Doc. 71 at 8. |
| **(1)(F)** the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere | Doc. 71 at 8–9. |
| **(1)(G)** the nature of each charge to which the defendant is pleading | Doc. 71 and 27. |
| **(1)(H)** any maximum possible penalty, including imprisonment, fine, and term of supervised release | Doc. 71 at 13–14. |
| **(1)(I)** any mandatory minimum penalty | Doc. 71 at 13–14. |
| **(1)(J)** any applicable forfeiture | Doc. 71 at 15, 19. |
| **(1)(K)** the court's authority to order restitution | Doc. 71 at 14, 18. |
| **(1)(L)** the court's obligation to impose a special assessment | Doc. 71 at 13–14. |
| **(1)(M)** the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances | Doc. 71 at 10–11. |
| **(1)(N)** the terms of any plea-agreement provision | Doc. 71 at |

| | |
|---|---|
| waiving the right to appeal or to collaterally attack the sentence | 19–20. |
| **(1) (O)** the possibility of deportation, denial of citizenship, and denial of admission to the United States in the future | Doc. 71 at 3 ("And are you a U.S. citizen?") |
| **(2) Ensuring That a Plea Is Voluntary.** Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement). | Doc. 71 at 4. |
| **(3) Determining the Factual Basis for a Plea.** Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea. | Doc. 71 at 9, 22, 24. |

As clearly seen above, the district court specifically addressed each part of Rule 11. As a result, counsel has not identified any error in the court's acceptance of Mr. Yotka's guilty plea.

Should the Court disagree and find some deficiency, the Court would review this issue for plain error. *See United States v. Moriarty*, 429 F.3d 1012, 1020 (11th Cir. 2005). And, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (citing *United States v. Dominguez Benitez*, 542 U.S. 74 (2004)). Given that Mr.

15

Yotka signed and initialed each page of the plea agreement and confirmed to the district court that he reviewed the agreement with counsel, counsel cannot argue that the record shows a reasonable probability that Mr. Yotka would not have pleaded guilty but for the error. *See* Doc. 37; Doc. 71 at 15–16, 20–21; Doc. 79 at 4.

Ultimately, based on the above, undersigned counsel is unable to argue in good faith that the guilty plea was not knowing and voluntary.

## II.    Whether the district court committed procedural or substantive error in sentencing Mr. Yotka?

Following *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory only. Nevertheless, the guidelines range is still "the starting point and the initial benchmark" in determining an appropriate sentence. *Gall*, 552 U.S. at 49. Ultimately, the sentence must be one "that is not too short and not too long, but just right to serve the purposes of [18 U.S.C.] § 3553(a)." *United States v. Irey*, 612 F.3d 1160, 1197 (11th Cir. 2010). Section 3553(a) requires a court to consider various factors and then impose a sentence "sufficient, but not greater than necessary." Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed to reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence;

(4) the need to protect the public;

(5) the need to provide the defendant with educational or vocational training or medical care;

(6) the kinds of sentences available;

(7) the Sentencing Guidelines range;

(8) the pertinent policy statements of the Sentencing Commission;

(9) the need to avoid unwanted sentencing disparities; and

(10) the need to provide restitution to victims.

18 U.S.C. § 3553(a)(1–7).

Appellate review of a sentence is a two-part process. First, the Court considers whether the district court committed any procedural error in sentencing. Second, the Court reviews the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51.

### A.    Whether the district court committed any procedural error.

This Court has explained the procedural error in sentencings include:

> [F]ailing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.

17

*Id.*

Here, the district court correctly calculated the Guidelines range. The court determined that Mr. Yotka's total offense level exceeded the statutory maximum of 43. Doc. 70 at 4–5. Accordingly, based upon the offense level and a criminal history category of I, his guideline range was the statutory maximum of 720 months, or 60 years. *Id.*

After hearing arguments from the parties, the district court imposed a guidelines sentence. *Id.* at 26–27. In reaching its decision, the district stated that it looked at the PSR; the § 3553(a) factors; the nature of the circumstances of the offense and the history and characteristics of the defendants; and what sentence was sufficient, but not greater than necessary, to accomplish the statutory purposes of sentencing (including the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence for Mr. Yotka as well as those that might have similar interests, to protect the public from further crimes, and avoid unwarranted sentencing disparity). *Id.* at 23. Nothing in the sentencing suggests the district court considered the guidelines sentence to be mandatory.

By this explanation, the district court expressly acknowledged that

18

it had considered the § 3553(a) factors and explained the reasons for its sentence. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (stating that "when the district court considers the factors of section 3553(a), it need not discuss each of them" and "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*"). "It is sufficient for the district judge to 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'" *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). As a result, counsel cannot argue in good faith that Mr. Yotka's sentence is procedurally unreasonable.

## B. Whether Mr. Yotka's sentence is substantively reasonable

In reviewing whether a sentence is substantively reasonable, the Court considers the totality of the circumstances, "including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. This Court has recognized that "there is a range of reasonable sentences from which the district court may choose." *Talley*, 431 F.3d at 788. The Court "will not second guess the weight (or lack thereof) that the [district court]

19

accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration, and emphasis omitted).

The Court "ordinarily expect[s] a sentence within the Guidelines range to be reasonable." *United States* v. *Gonzalez*, 550 F.3d at 1324. "[T]he appellant has the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors." *Id.* "A sentence may be substantively unreasonable if a district court unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The Court will "vacate the sentence if, but only if, [it is] left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation omitted).

Here, the district court stated that it had considered the § 3553(a)

factors. Doc. 70 at 23. There was no objection below that the court failed to consider any pertinent § 3553(a) factors or that the court based its sentence on any impermissible factor, nor does the record appear to support any such assertion. *See generally* Doc. 70. Additionally, the sentence imposed was at the guidelines range. Based on the foregoing, then, undersigned counsel is unable to present a good faith argument that Mr. Yotka can meet the burden of showing that the sentence was substantively unreasonable.

CONCLUSION

**WHEREFORE**, pursuant to *Anders v. California,* 386 U.S. 738, (1967), the undersigned counsel requests that this Court grant her and the Federal Defender Office's permission to withdraw as counsel of record. Counsel respectfully requests the Court afford Mr. Yotka the opportunity, if he so desires, to supplement this appeal raising any issues that he contends have merit. Counsel also certifies that she is forwarding copies of the transcripts of the plea and sentencing proceedings, a copy of this brief, and a letter advising Mr. Yotka of his right to supplement this brief, if he so chooses.

Respectfully submitted,

A. Fitzgerald Hall, Esq.
Federal Defender
Middle District of Florida

*/s/ Shehnoor Kaur Grewal*
Shehnoor Kaur Grewal, Esq.
Appellate Attorney
Utah Bar Number 14662
2075 W. First Street, Suite 300
Fort Myers, Florida 33908
Telephone: (239) 334-0397
E-mail: shehnoor_grewal@fd.org

22

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

In accordance with Fed. R. App. P. 32(g)(1), I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this brief contains 4507 words according to Microsoft Word's word count, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

*/s/ Shehnoor Kaur Grewal*
Shehnoor Kaur Grewal, Esq.

**CERTIFICATE OF COMPLIANCE WITH *ANDERS* REQUIREMENTS**

Pursuant to 11th Cir. R. 27-1(a)(8), I hereby certify that I have informed Mr. Yotka that he has 30 days to respond to this brief and undersigned counsel's motion to withdraw.

*/s/ Shehnoor Kaur Grewal*
Shehnoor Kaur Grewal, Esq

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2022, a true copy of the foregoing was filed using the Court's Electronic Case Filing system, which will send notification to the United States Attorney's Office.

*/s/ Shehnoor Kaur Grewal*
Shehnoor Kaur Grewal, Esq.