IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

────────────────

APPEAL NO. 23-10031-AA

────────────────

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SCOTT MATTHEW YOTKA,

Defendant-Appellant.

────────────────────────────

APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF FLORIDA

────────────────────────────

APPENDIX

────────────────────────────

A. Fitzgerald Hall, Esq.
Federal Defender

Shehnoor Kaur Grewal, Esq.
Appellate Attorney
Appellate Division
Utah Bar Number 14662
2075 W. First Street, Suite 300
Fort Myers, Florida 33901
Telephone: (239) 334-0397
Email: shehnoor_grewal@fd.org
*Counsel for Appellant*

## INDEX OF APPENDIX

Docket Sheet ........................................................................................................

Indictment ...................................................................................................13

Initial Appearance Transcripts ...................................................................72

Detention Hearing Transcripts ...................................................................73

Status Conference Transcripts (10/18/21) .................................................80

Status Conference Transcripts (12/20/21) .................................................78

Status Conference Transcripts (1/24/22) ...................................................74

Status Conference Transcripts (3/21/22) ...................................................75

Status Conference Transcripts (4/18/22) ...................................................76

Plea Agreement ..........................................................................................37

Change of Plea Transcript ..........................................................................71

Sentencing Transcript (Day 1) ...................................................................69

Sentencing Transcript (Day 2) ...................................................................70

Judgment .....................................................................................................55

Notice of Appeal .........................................................................................57

Notice of Restitution ...................................................................................67

Amended Judgment......................................................................................68

Certificate of Service

**FILED SEPARATELY UNDER SEAL**

Presentence Investigation Report

Statement of Reasons

# DOCKET SHEET

APPEAL, CLOSED, CUSTODY, PLED

**U.S. District Court**
**Middle District of Florida (Jacksonville)**
**CRIMINAL DOCKET FOR CASE #: 3:21−cr−00106−MMH−JBT All Defendants**

Case title: USA v. Yotka

Magistrate judge case number:  3:21−mj−01443−JBT

Date Filed: 09/29/2021

Date Terminated: 12/21/2022

Assigned to: Judge Marcia Morales
Howard
Referred to: Magistrate Judge Joel B.
Toomey

Appeals court case number:
23−10031−A USCA

### Defendant (1)

**Scott Matthew Yotka**                     represented by   **Shehnoor Kaur Grewal**
*Custody*                                                    Office of the Federal Public Defender
*TERMINATED: 12/21/2022*                                     Suite 300
*also known as*                                              2075 West First Street
Scottnjaxx44                                                 Ft. Myers, FL 33901
*TERMINATED: 12/21/2022*                                     239−334−3508
                                                             Email: shehnoor_grewal@fd.org
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Maurice C. Grant , II**
                                                             Federal Public Defender Florida Middle
                                                             200 W. Forsyth Street
                                                             Ste 1240
                                                             Jacksonville, FL 32202
                                                             904−232−3039
                                                             Fax: 904−232−1937
                                                             Email: maurice_grant@fd.org
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Designation: Public Defender or Community*
                                                             *Defender Appointment*

### Pending Counts

18:2251.F SEXUAL EXPLOITATION
OF CHILDREN
(1)

18:2251.F SEXUAL EXPLOITATION
OF CHILDREN
(2)

### Highest Offense Level (Opening)

### Disposition

Imprisonment: 720 months, consisting of 360
months as to each Count One and Count Two to
run consecutively; Supervised Release: LIFE,
consisting of LIFE as to each Count One and
Count Two to run concurrently; Special
Assessment: $200.

Imprisonment: 720 months, consisting of 360
months as to each Count One and Count Two to
run consecutively; Supervised Release: LIFE,
consisting of LIFE as to each Count One and
Count Two to run concurrently; Special
Assessment: $200.

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:2252A.F ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO (3) | Dismissed on the motion of the Assistant U.S. Attorney and pursuant to the Plea Agreement. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| 18:2252A.F ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO | |

**Plaintiff**

**USA**  represented by  **David Rodney Brown**
US Attorney's Office – FLM
Suite 700
300 N Hogan St
Jacksonville, FL 32202
904–301–6300
Email: rodney.brown@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Mai Tran**
United States Attorney's Office
Suite 700
300 N. Hogan Street
Jacksonville, FL 32202
904–301–6300
Fax: 904–301–6310
Email: mai.tran2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/17/2021 | 1 | COMPLAINT as to Scott Matthew Yotka (1). (Attachments: # 1 Exhibit A – Application for Search Warrant) (TSP) [3:21−mj−01443−JBT] (Entered: 09/17/2021) |
| 09/17/2021 | | Arrest of Scott Matthew Yotka on 9/17/2021 (TSP) [3:21−mj−01443−JBT] (Entered: 09/17/2021) |
| 09/17/2021 | 2 | Minute Entry for In Person proceedings held before Magistrate Judge Joel B. Toomey: Initial Appearance as to Scott Matthew Yotka held on 9/17/2021. (Digital) (TSP) [3:21−mj−01443−JBT] (Entered: 09/17/2021) |
| 09/17/2021 | 3 | ORAL MOTION to Appoint Counsel by Scott Matthew Yotka. (TSP) [3:21−mj−01443−JBT] (Entered: 09/17/2021) |
| 09/17/2021 | 4 | ORAL MOTION for Detention by USA as to Scott Matthew Yotka. (TSP) [3:21−mj−01443−JBT] (Entered: 09/17/2021) |
| 09/17/2021 | 5 | ORAL MOTION to Continue the detention hearing by Scott Matthew Yotka. (TSP) [3:21−mj−01443−JBT] (Entered: 09/17/2021) |

| 09/17/2021 | 6 | ***CJA 23 Financial Affidavit by Scott Matthew Yotka. (TSP) [3:21−mj−01443−JBT] (Entered: 09/17/2021) |
|---|---|---|
| 09/17/2021 | 7 | **ORDER APPOINTING FEDERAL PUBLIC DEFENDER (granting 3 oral motion to appoint counsel) as to Scott Matthew Yotka. Signed by Magistrate Judge Joel B. Toomey on 9/17/2021. (TSP)** [3:21−mj−01443−JBT] (Entered: 09/17/2021) |
| 09/17/2021 | 8 | **ORDER OF TEMPORARY DETENTION (granting 5 oral motion to continue the detention hearing) as to Scott Matthew Yotka (Detention Hearing set for 9/22/2021 at 02:30 PM in Jacksonville Courtroom 5 A before Magistrate Judge Joel B. Toomey.) Signed by Magistrate Judge Joel B. Toomey on 9/17/2021. (TSP)** [3:21−mj−01443−JBT] (Entered: 09/17/2021) |
| 09/22/2021 | 10 | Minute Entry for In Person proceedings held before Magistrate Judge Joel B. Toomey: Detention Hearing as to Scott Matthew Yotka held on 9/22/2021. (Digital) (TSP) [3:21−mj−01443−JBT] (Entered: 09/22/2021) |
| 09/22/2021 | 11 | **ORDER OF DETENTION PENDING TRIAL (granting 4 oral motion for detention) as to Scott Matthew Yotka. Signed by Magistrate Judge Joel B. Toomey on 9/22/2021. (TSP)** [3:21−mj−01443−JBT] (Entered: 09/22/2021) |
| 09/22/2021 | 12 | NOTICE OF HEARING as to Scott Matthew Yotka: Preliminary Hearing set for 9/30/2021 at 02:00 PM in Jacksonville Courtroom 5 A before Magistrate Judge Joel B. Toomey. (TSP) [3:21−mj−01443−JBT] (Entered: 09/22/2021) |
| 09/29/2021 | 13 | INDICTMENT returned in open court as to Scott Matthew Yotka (1) count(s) 1−2, 3. (AEP) (Additional attachment(s) added on 9/30/2021: # 1 Restricted Unredacted Indictment) (AEP). (Entered: 09/30/2021) |
| 09/29/2021 | 15 | **STANDING ORDER as to Scott Matthew Yotka: Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and orders the United States to do so. Failing to do so in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, and sanctions. Signed by Judge Timothy J. Corrigan on 12/01/2020. (AEP)** (Entered: 09/30/2021) |
| 09/30/2021 | 16 | NOTICE OF HEARING as to Scott Matthew Yotka: Arraignment set for 9/30/2021 at 02:00 PM in Jacksonville Courtroom 5 A before Magistrate Judge Joel B. Toomey. (TSP) (Entered: 09/30/2021) |
| 09/30/2021 | 17 | Minute Entry for In Person proceedings held before Magistrate Judge Joel B. Toomey: ARRAIGNMENT as to Scott Matthew Yotka (1) Count 1−2, 3 held on 9/30/2021 Defendant(s) pled not guilty. (Digital) (TSP) (Entered: 09/30/2021) |
| 09/30/2021 | 18 | NOTICE of acceptance of general discovery by USA as to Scott Matthew Yotka (Filed in Open Court) (TSP) (Entered: 09/30/2021) |
| 09/30/2021 | 19 | **SCHEDULING ORDER as to Scott Matthew Yotka: Status Conference set for 10/18/2021 at 03:00 PM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Jury Trial set for trial term commencing on 11/1/2021 at 09:30 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Discovery motions due by 10/21/2021. Dispositive motions due by 10/21/2021. Signed by Deputy Clerk on 9/30/2021. (TSP)** (Entered: 09/30/2021) |
| 10/08/2021 | 20 | NOTICE OF ATTORNEY APPEARANCE Mai Tran appearing for USA. (Tran, Mai) (Entered: 10/08/2021) |
| 10/13/2021 | 21 | NOTICE: The status conference set for October 18, 2021, at 3:00 p.m. will be held telephonically. The Courtroom Deputy Clerk will separately provide counsel with the call−in information. (JW) (Entered: 10/13/2021) |
| 10/18/2021 | 22 | ORAL MOTION to Continue Trial by Scott Matthew Yotka. (JW) (Entered: 10/19/2021) |
| 10/18/2021 | 23 | Minute Entry for Telephonic proceedings held before Judge Marcia Morales Howard: STATUS Conference as to Scott Matthew Yotka held on 10/18/2021; granting 22 Oral |

| | | |
|---|---|---|
| | | Motion to Continue as to Scott Matthew Yotka (1). Status Conference set for 12/20/2021 at 03:00 PM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Jury Trial set for trial term commencing on 1/3/2022 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Court Reporter: Cindy Packevicz Jarriel (JW) (Entered: 10/19/2021) |
| 10/19/2021 | | Set/Reset Deadlines as to Scott Matthew Yotka: Plea Agreement due by 12/27/2021. (RH) (Entered: 10/20/2021) |
| 12/14/2021 | 24 | NOTICE: The status conference set for December 20, 2021, at 3:00 p.m. will be held telephonically. The Courtroom Deputy Clerk will separately provide counsel with the call–in information for the hearing. (JW) (Entered: 12/14/2021) |
| 12/20/2021 | 25 | ORAL MOTION to Continue Trial by Scott Matthew Yotka. (JW) (Entered: 12/21/2021) |
| 12/20/2021 | 26 | Minute Entry for Telephonic proceedings held before Judge Marcia Morales Howard: STATUS Conference as to Scott Matthew Yotka held on 12/20/2021; granting 25 Oral Motion to Continue as to Scott Matthew Yotka (1). Status Conference set for 1/24/2022 at 03:00 PM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Jury Trial set for trial term commencing on 2/7/2022 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Court Reporter: Georgia/Rodriguez/Cornerstone (JW) (Entered: 12/21/2021) |
| 12/21/2021 | | Set/Reset Deadlines as to Scott Matthew Yotka: Plea Agreement due by 1/31/2022. (BGR) (Entered: 12/21/2021) |
| 01/19/2022 | 27 | NOTICE: The status conference set for January 24, 2022, at 3:00 p.m. will be held telephonically. The Courtroom Deputy Clerk will separately provide counsel with the call–in information for the hearing. (JW) (Entered: 01/19/2022) |
| 01/24/2022 | 28 | ORAL MOTION to Continue Trial by Scott Matthew Yotka. (JW) (Entered: 01/25/2022) |
| 01/24/2022 | 29 | Minute Entry for Telephonic proceedings held before Judge Marcia Morales Howard: STATUS Conference as to Scott Matthew Yotka held on 1/24/2022; granting 28 Oral Motion to Continue as to Scott Matthew Yotka (1). Status Conference set for 3/21/2022 at 03:00 PM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Jury Trial set for trial term commencing on 4/4/2022 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Court Reporter: Kathy Healey (JW) (Entered: 01/25/2022) |
| 01/25/2022 | | Set/Reset Deadlines as to Scott Matthew Yotka: Plea Agreement due by 3/28/2022. (BGR) (Entered: 01/25/2022) |
| 03/21/2022 | 30 | ORAL MOTION to Continue Trial by Scott Matthew Yotka. (JW) (Entered: 03/22/2022) |
| 03/21/2022 | 31 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: STATUS Conference as to Scott Matthew Yotka held on 3/21/2022; granting 30 Oral Motion to Continue as to Scott Matthew Yotka (1). Status Conference set for 4/18/2022 at 03:00 PM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Jury Trial set for trial term commencing on 5/2/2022 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Court Reporter: Katharine Healey (JW) (Entered: 03/22/2022) |
| 03/24/2022 | | Set/Reset Deadlines as to Scott Matthew Yotka: Plea Agreement due by 4/25/2022. (RH) (Entered: 03/24/2022) |
| 04/18/2022 | 32 | ORAL MOTION to Continue Trial by Scott Matthew Yotka. (JW) (Entered: 04/18/2022) |
| 04/18/2022 | 33 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: STATUS Conference as to Scott Matthew Yotka held on 4/18/2022; granting 32 Oral Motion to Continue as to Scott Matthew Yotka (1). Status Conference set for 5/23/2022 at 03:00 PM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Jury Trial set for trial term commencing on 6/6/2022 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Court Reporter: |

| | | |
|---|---|---|
| | | Katharine Healey (JW) (Entered: 04/18/2022) |
| 04/20/2022 | | Set/Reset Deadlines as to Scott Matthew Yotka: Plea Agreement due by 5/31/2022. (RH) (Entered: 04/20/2022) |
| 05/09/2022 | 34 | NOTICE OF HEARING as to Scott Matthew Yotka: Change of Plea Hearing set for 5/13/2022 at 03:00 PM in Jacksonville Courtroom 5 A before Magistrate Judge Joel B. Toomey. (TSP) (Entered: 05/09/2022) |
| 05/13/2022 | 35 | Minute Entry for In Person proceedings held before Magistrate Judge Joel B. Toomey: Change of Plea Hearing as to Scott Matthew Yotka held on 5/13/2022. (Digital) (TSP) (Entered: 05/13/2022) |
| 05/13/2022 | 36 | CONSENT regarding entry of a plea of guilty as to Scott Matthew Yotka (Filed in Open Court) (TSP) (Entered: 05/13/2022) |
| 05/13/2022 | 37 | PLEA AGREEMENT re: count(s) One and Two of the Indictment as to Scott Matthew Yotka (Filed in Open Court) (Original Plea Agreement returned to AUSA) (TSP) (Entered: 05/13/2022) |
| 05/13/2022 | 38 | **REPORT AND RECOMMENDATIONS Concerning Plea of Guilty re: count(s) One and Two of the Indictment as to Scott Matthew Yotka. Signed by Magistrate Judge Joel B. Toomey on 5/13/2022. (TSP)** (Entered: 05/13/2022) |
| 06/01/2022 | 40 | ACCEPTANCE OF PLEA of guilty and adjudication of guilt re: Counts One and Two of the Indictment as to Scott Matthew Yotka. Sentencing set for 8/15/2022 at 09:30AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Signed by Judge Marcia Morales Howard on 6/1/2022. (JW) (Entered: 06/01/2022) |
| 06/01/2022 | 41 | MOTION for Entry of a Preliminary Order of Forfeiture by USA as to Scott Matthew Yotka. (Tran, Mai) (Modified on 6/2/2022, to edit text) (BGR). (Entered: 06/01/2022) |
| 06/17/2022 | 42 | **PRELIMINARY ORDER OF FORFEITURE (granting 41 Motion for Forfeiture of Property as to Scott Matthew Yotka (1)). Signed by Judge Marcia Morales Howard on 6/17/2022. (JW)** (Entered: 06/17/2022) |
| 06/27/2022 | 43 | NOTICE *to the Court Regarding Forfeiture* by USA as to Scott Matthew Yotka re 42 Order on Motion for Forfeiture of Property. (Tran, Mai) (Entered: 06/27/2022) |
| 08/02/2022 | 45 | Unopposed MOTION to Continue Sentencing by Scott Matthew Yotka. (Grant, Maurice) (Entered: 08/02/2022) |
| 08/03/2022 | 46 | **ORDER granting 45 Motion to Continue as to Scott Matthew Yotka (1). The sentencing is continued to October 13, 2022, at 1:30 p.m. Signed by Judge Marcia Morales Howard on 8/3/2022. (JW)** (Entered: 08/03/2022) |
| 10/07/2022 | 49 | SECOND UPPOSED MOTION to Continue Sentencing by Scott Matthew Yotka. (Grant, Maurice) Modified on 10/7/2022 to edit text (AET). (Entered: 10/07/2022) |
| 10/07/2022 | 50 | **ORDER granting 49 Motion to Continue as to Scott Matthew Yotka (1). Sentencing continued to November 21, 2022, at 1:00 p.m. Signed by Judge Marcia Morales Howard on 10/7/2022. (JW)** (Entered: 10/07/2022) |
| 11/21/2022 | 51 | JOINT ORAL MOTION to Continue Sentencing by USA, Scott Matthew Yotka as to Scott Matthew Yotka. (JW) (Entered: 11/22/2022) |
| 11/21/2022 | 52 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: SENTENCING held on 11/21/2022; granting 51 Joint Oral Motion to Continue Sentencing as to Scott Matthew Yotka (1). Court Reporter: Katharine Healey (JW) (Entered: 11/22/2022) |
| 11/22/2022 | 53 | NOTICE OF HEARING as to Scott Matthew Yotka: Sentencing set for 12/21/2022 at 9:30 a.m. in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. (JW) (Entered: 11/22/2022) |
| 12/21/2022 | 54 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: SENTENCING held on 12/21/2022 for Scott Matthew Yotka (1), Count(s) 1, 2, Imprisonment: 720 months, consisting of 360 months as to each Count One and Count Two to run consecutively; Supervised Release: LIFE, consisting of LIFE as to each |

| | | |
|---|---|---|
| | | Count One and Count Two to run concurrently; Special Assessment: $200; Count(s) 3, Dismissed on the motion of the Assistant U.S. Attorney and pursuant to the Plea Agreement. Defendant is remanded to the custody of the U.S. Marshal. Court Reporter: Katharine Healey (BGR) (Entered: 12/22/2022) |
| 12/21/2022 | 55 | **JUDGMENT as to Scott Matthew Yotka (1), Count(s) 1, 2, Imprisonment: 720 months, consisting of 360 months as to each Count One and Count Two to run consecutively; Supervised Release: LIFE, consisting of LIFE as to each Count One and Count Two to run concurrently; Special Assessment: $200; Count(s) 3, Dismissed on the motion of the Assistant U.S. Attorney and pursuant to the Plea Agreement. Signed by Judge Marcia Morales Howard on 12/21/2022. (BGR)** (Entered: 12/22/2022) |
| 01/03/2023 | 57 | NOTICE OF APPEAL by Scott Matthew Yotka re 55 Judgment,. Filing fee not paid (Grant, Maurice) (Entered: 01/03/2023) |
| 01/04/2023 | 58 | TRANSMITTAL of initial appeal package as to Scott Matthew Yotka to USCA consisting of copies of notice of appeal, order/judgment being appealed, and motion, if applicable to USCA re 57 Notice of Appeal. Eleventh Circuit Transcript information form available to counsel at www.flmd.uscourts.gov under Forms and Publications/General. (Attachments: # 1 Notice of appeal, # 2 Judgment)(SJW) (Entered: 01/04/2023) |
| 01/05/2023 | | USCA Case Number as to Scott Matthew Yotka. USCA Number: 23–10031–A for 57 Notice of Appeal filed by Scott Matthew Yotka. (SJW) (Entered: 01/09/2023) |
| 01/06/2023 | 59 | NOTICE OF ATTORNEY APPEARANCE: Shehnoor Kaur Grewal appearing for Scott Matthew Yotka (Grewal, Shehnoor) (Entered: 01/06/2023) |
| 01/19/2023 | 60 | TRANSCRIPT information form filed by Scott Matthew Yotka for proceedings held on 12/20/2021 before Judge Marcia Morales Howard re 57 Notice of Appeal. USCA number: 23–10031. (Grewal, Shehnoor) (Entered: 01/19/2023) |
| 01/19/2023 | 61 | TRANSCRIPT information form filed by Scott Matthew Yotka for proceedings held on 10/18/2021 before Judge Marcia Morales Howard re 57 Notice of Appeal. USCA number: 23–10031. (Grewal, Shehnoor) (Entered: 01/19/2023) |
| 01/19/2023 | 62 | TRANSCRIPT information form filed by Scott Matthew Yotka for proceedings held on 9/17/2021,9/22/2021,1/24/2022,3/21/2022, 4/18/2022, 5/13/2022, 11/21/2022 & 12/21/2022 before Judge Marcia Morales Howard & Joel B. Toomey re 57 Notice of Appeal. USCA number: 23–10031. (Grewal, Shehnoor) (Entered: 01/19/2023) |
| 01/20/2023 | 63 | COURT REPORTER ACKNOWLEDGMENT by Katharine M. Healey, RMR, CRR, FPR–C re 57 Notice of Appeal as to Scott Matthew Yotka. Estimated transcript filing date: 01/26/2023. USCA number: 23–10031. (KMH) (Entered: 01/20/2023) |
| 01/20/2023 | 64 | COURT REPORTER ACKNOWLEDGMENT by Cindy Packevicz Jarriel re 57 Notice of Appeal as to Scott Matthew Yotka. Estimated transcript filing date: 2/18/23. USCA number: 23–10031. (SMK) (Entered: 01/20/2023) |
| 01/25/2023 | 65 | TRANSCRIPT information form filed by Scott Matthew Yotka for proceedings held on 12/20/2021 before Judge Marcia Morales Howard re 57 Notice of Appeal. USCA number: 23–10031. (Grewal, Shehnoor) (Entered: 01/25/2023) |
| 01/26/2023 | 66 | COURT REPORTER ACKNOWLEDGMENT by Georgia Rodriguez (Cornerstone) re 57 Notice of Appeal as to Scott Matthew Yotka. Estimated transcript filing date: 2/18/23. USCA number: 23–10031. (SJW) (Entered: 01/26/2023) |
| 02/01/2023 | 67 | NOTICE *Regarding Restitution* by USA as to Scott Matthew Yotka (Brown, David) (Entered: 02/01/2023) |
| 02/03/2023 | 68 | **AMENDED JUDGMENT as to Scott Matthew Yotka (1), Count(s) 1, 2, Imprisonment: 720 months, consisting of 360 months as to each Count One and Count Two to run consecutively; Supervised Release: LIFE, consisting of LIFE as to each Count One and Count Two to run concurrently; Special Assessment: $200.; Count(s) 3, Dismissed on the motion of the Assistant U.S. Attorney and pursuant to the Plea Agreement. Signed by Judge Marcia Morales Howard on 2/2/2023. (BD)** (Entered: 02/03/2023) |

| 02/07/2023 | <u>69</u> | TRANSCRIPT of Sentencing Hearing for dates of 11/21/2022 held before Judge Marcia Morales Howard, re: <u>57</u> Notice of Appeal as to Scott Matthew Yotka. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: 904–301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 2/28/2023. Redacted Transcript Deadline set for 3/10/2023. Release of Transcript Restriction set for 5/8/2023. (KMH) (Entered: 02/07/2023) |
| 02/07/2023 | <u>70</u> | TRANSCRIPT of Sentencing Hearing for dates of 12/21/2022 held before Judge Marcia Morales Howard, re: <u>57</u> Notice of Appeal as to Scott Matthew Yotka. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: 904–301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 2/28/2023. Redacted Transcript Deadline set for 3/10/2023. Release of Transcript Restriction set for 5/8/2023. (KMH) (Entered: 02/07/2023) |
| 02/07/2023 | <u>71</u> | TRANSCRIPT of Digitally Recorded Change of Plea hearing for dates of 5/13/2022 held before Judge Joel B. Toomey, re: <u>57</u> Notice of Appeal as to Scott Matthew Yotka. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: 904–301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 2/28/2023. Redacted Transcript Deadline set for 3/10/2023. Release of Transcript Restriction set for 5/8/2023. (KMH) Modified text on 2/10/2023 (BD). (Entered: 02/07/2023) |
| 02/07/2023 | <u>72</u> | TRANSCRIPT of Digitally Recorded Initial Appearance for dates of 09/17/2021 held before Judge Joel B. Toomey, re: <u>57</u> Notice of Appeal as to Scott Matthew Yotka. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: 904–301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 2/28/2023. Redacted Transcript Deadline set for 3/10/2023. Release of Transcript Restriction set for 5/8/2023. (KMH) Modified text on 2/10/2023 (BD). (Entered: 02/07/2023) |
| 02/07/2023 | <u>73</u> | TRANSCRIPT of Digitally Recorded Detention Hearing for dates of 09/22/2021 held before Judge Joel B. Toomey, re: <u>57</u> Notice of Appeal as to Scott Matthew Yotka. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: 904–301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with |

| | | |
|---|---|---|
| | | the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 2/28/2023. Redacted Transcript Deadline set for 3/10/2023. Release of Transcript Restriction set for 5/8/2023. (KMH) (Entered: 02/07/2023) |
| 02/07/2023 | <u>74</u> | TRANSCRIPT of Telephonic Criminal Status Conference for dates of 01/24/2022 held before Judge Marcia Morales Howard, re: <u>57</u> Notice of Appeal as to Scott Matthew Yotka. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: 904–301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 2/28/2023. Redacted Transcript Deadline set for 3/10/2023. Release of Transcript Restriction set for 5/8/2023. (KMH) (Entered: 02/07/2023) |
| 02/07/2023 | <u>75</u> | TRANSCRIPT of Criminal Status Conference for dates of 03/21/2022 held before Judge Marcia Morales Howard, re: <u>57</u> Notice of Appeal as to Scott Matthew Yotka. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: 904–301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 2/28/2023. Redacted Transcript Deadline set for 3/10/2023. Release of Transcript Restriction set for 5/8/2023. (KMH) (Entered: 02/07/2023) |
| 02/07/2023 | <u>76</u> | TRANSCRIPT of Criminal Status Conference for dates of 04/18/2022 held before Judge Marcia Morales Howard, re: <u>57</u> Notice of Appeal as to Scott Matthew Yotka. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: 904–301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 2/28/2023. Redacted Transcript Deadline set for 3/10/2023. Release of Transcript Restriction set for 5/8/2023. (KMH) (Entered: 02/07/2023) |
| 02/07/2023 | <u>77</u> | NOTIFICATION that transcript has been filed by Katharine M. Healey, RMR, CRR, FPR–C re: <u>57</u> Notice of Appeal as to Scott Matthew Yotka. USCA number: 23–10031. (KMH) (Entered: 02/07/2023) |
| 02/15/2023 | <u>78</u> | TRANSCRIPT of TELEPHONIC CRIMINAL STATUS CONFERENCE for dates of December 20, 2021 held before Judge Marcia Morales Howard, re: <u>57</u> Notice of Appeal as to Scott Matthew Yotka. Court Reporter/Transcriber: Georgeanne Rodriguez. Telephone number: (904) 647–4723.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction |

| | | |
|---|---|---|
| | | after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 3/8/2023. Redacted Transcript Deadline set for 3/20/2023. Release of Transcript Restriction set for 5/16/2023. (SJW) (Entered: 02/17/2023) |
| 02/15/2023 | 79 | NOTIFICATION that transcript has been filed by Georgia Rodriguez re: 57 Notice of Appeal as to Scott Matthew Yotka. USCA number: 23−10031. (SJW) (Entered: 02/17/2023) |
| 02/17/2023 | 80 | TRANSCRIPT of Criminal Status Conference for dates of 10/18/21 held before Judge Howard, re: 57 Notice of Appeal as to Scott Matthew Yotka. Court Reporter/Transcriber: Cindy Packevicz Jarriel. Email address: cindyrprfcrr@gmail.com. Telephone number: 904.651.8997. <br><br> NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 3/10/2023. Redacted Transcript Deadline set for 3/20/2023. Release of Transcript Restriction set for 5/18/2023. (SMK) (Entered: 02/17/2023) |
| 02/17/2023 | 81 | NOTIFICATION that transcript has been filed by Cindy Packevicz Jarriel re: 57 Notice of Appeal as to Scott Matthew Yotka. USCA number: 23−10031. (SMK) (Entered: 02/17/2023) |

# Doc. 13

FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

2021 SEP 29  PM 4: 02

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA

v.

SCOTT MATTHEW YOTKA
a/k/a "Scottnjax44"

Case No. 3:21-cr- 106 - MMH - JBT
18 U.S.C. § 2251(a)
18 U.S.C. § 2252(a)(2)

### **INDICTMENT**

The Grand Jury charges:

### **COUNT ONE**

On or about September 3, 2021, in the Middle District of Florida, the

defendant,

### SCOTT MATTHEW YOTKA,
### a/k/a "Scottnjax44",

did employ, use, persuade, induce, entice and coerce a minor, Minor 1, to engage in

any sexually explicit conduct for the purpose of producing visual depictions of such

conduct, which visual depictions were produced using materials that have been

mailed, shipped, and transported in and affecting interstate and foreign commerce by

any means.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT TWO

On or about September 3, 2021, in the Middle District of Florida, the

defendant,

### SCOTT MATTHEW YOTKA,
a/k/a "Scottnjax44",

did employ, use, persuade, induce, entice and coerce a minor, Minor 2, to engage in

any sexually explicit conduct for the purpose of producing visual depictions of such

conduct, which visual depictions were produced using materials that have been

mailed, shipped, and transported in and affecting interstate and foreign commerce by

any means.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE

On or about September 15, 2021, in the Middle District of Florida, the

defendant,

### SCOTT MATTHEW YOTKA,
a/k/a "Scottnjax44",

did knowingly distribute visual depictions using a facility of interstate commerce,

that is, by cellular telephone via the internet, when the production of the visual

depictions involved the use of minors engaging in sexually explicit conduct, and the

visual depictions were of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

2

## **FORFEITURE**

1.      The allegations contained in Counts One, Two, and Three of this

Indictment are hereby realleged and incorporated by reference for the purpose

of alleging forfeitures pursuant to the provision of 18 U.S.C. § 2253.

2.      Upon conviction of a violation of 18 U.S.C. § 2251(a) and/or

2252(a)(2), the defendant, SCOTT MATTHEW YOTKA, a/k/a "Scottnjax44",

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 2253, any visual

depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260 of

Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film,

videotape, or other matter which contains any such visual depiction, which was

produced, transported, mailed, shipped, or received in violation of Chapter 110; any

property, real or personal, constituting or traceable to gross profits or other proceeds

obtained from such offense; and any property, real or personal, used or intended to

be used to commit or to promote the commission of such offense.

4.      If any of the property described above, as a result of any act or omission

of the defendant:

         a.      cannot be located upon the exercise of due diligence;

         b.      has been transferred or sold to, or deposited with, a third party;

         c.      has been placed beyond the jurisdiction of the court;

         d.      has been substantially diminished in value; or

         e.      has been commingled with other property which cannot be

                 divided without difficulty,

3

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

_____

Foreperson

KARIN HOPPMANN
Acting United States Attorney

By: _____

D. RODNEY BROWN
Assistant United States Attorney
Senior Litigation Counsel

By: _____

KELLY S. KARASE
Assistant United States Attorney
Deputy Chief, Jacksonville Division

4

FORM OBD-34
9/28/21 Revised                                    No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

SCOTT MATTHEW YOTKA
a/k/a "Scottnjax44"

INDICTMENT

Violations: 18 U.S.C. § 2251(a)
18 U.S.C. § 2252(a)(2)

A true bill,

_____
Foreperson

Filed in open court this _29th_ day

of September, 2021.

_Inau S. Persotti_____
Clerk

Bail  $_____

GPO 863 525

# Doc. 72

```
 1              UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
 2                JACKSONVILLE DIVISION

 3   UNITED STATES OF AMERICA,     Case No. 3:21-cr-00106-MMH-JBT

 4        Plaintiff,               September 17, 2021

 5   v.                           2:40 p.m. - 2:53 p.m.

 6   SCOTT MATTHEW YOTKA,          (Digitally Recorded)

 7        Defendant.
     _____

 8

 9
              DIGITALLY RECORDED INITIAL APPEARANCE
10
            BEFORE THE HONORABLE JOEL B. TOOMEY
11            UNITED STATES MAGISTRATE JUDGE

12                 A P P E A R A N C E S

13
     COUNSEL FOR PLAINTIFF:
14   D. RODNEY BROWN, Esquire
       United States Attorney's Office
15     300 North Hogan Street, Suite 700
       Jacksonville, FL 32202
16

17   COUNSEL FOR DEFENDANT:
     MAURICE C. GRANT, II, Esquire
18     Federal Public Defender - MDFL
       200 West Forsyth Street, Suite 1240
19     Jacksonville, FL 32202

20
     OFFICIAL COURT REPORTER:
21   Katharine M. Healey, RMR, CRR, FPR-C
       PO Box 56814
22     Jacksonville, FL 32241
       Telephone: (904) 301-6843
23     KatharineHealey@bellsouth.net

24
                 (Proceedings recorded by electronic sound recording;
25                       transcript produced by computer.)
```

Case 3:21-cr-00106-MMH-JBT   Document 72   Filed 02/07/23   Page 2 of 13 PageID 324
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 22 of 200

2

1                    P R O C E E D I N G S

2    September 17, 2021                               2:40 p.m.

3                            - - -

4         COURT SECURITY OFFICER:  All rise.  The United States

5    District Court in and for the Middle District of Florida is now

6    in session.  The Honorable Joel B. Toomey presiding.

7         Please be seated.

8         THE COURT:  Madame Clerk, if you could swear in the

9    interpreter.

10   (Interpreter sworn.)

11        THE COURT:  All right.  We're here in two unrelated

12   cases, United States vs. Noe Vicente-Barrera.  It's

13   Case No. 3:21-mj-1433.

14        And the defendant's present.  And Mr. Grant is here

15   on that case.  And Mr. Corsmeier is here for the government on

16   that case.  And we're here for a detention hearing in that

17   case.

18        And then United States vs. Scott Matthew Yotka,

19   Case No. 3:21-mj-1443.

20        And the defendant's present in that case.  And

21   Mr. Grant's here for possible appointment.  And Mr. Brown is

22   here for the government.

23        So first of all, on Mr. Vicente-Barrera's case, are

24   the parties ready to proceed with the detention hearing?

25        (Defendant Vicente-Barrera's case heard; proceedings not

Case 3:21-cr-00106-MMH-JBT   Document 72   Filed 02/07/23   Page 3 of 13 PageID 325
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 23 of 200

3

1    transcribed.)

2                        *    *    *    *    *

3              THE COURT:  All right.  So we're now here on

4    Mr. Yotka's case.

5              Mr. Yotka, I need to ask you some background

6    questions.  You can keep your seat there.

7              What is your full name?

8              THE DEFENDANT:  Scott Matthew Yotka.

9              THE COURT:  And what's your date of birth?

10             THE DEFENDANT:  May 20th, 1974.

11             THE COURT:  And what's your current home address?

12             THE DEFENDANT:  10158 Bradley Road Jacksonville,

13   Florida, 32246.

14             THE COURT:  And how long have you lived there?

15             THE DEFENDANT:  Since January of last year.

16             THE COURT:  And are you a U.S. citizen?

17             THE DEFENDANT:  Yes.

18             THE COURT:  How much schooling or education have you

19   completed?

20             THE DEFENDANT:  I have an AA degree.

21             THE COURT:  And so can you read, write, and

22   understand English?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Are you currently under the influence of

25   any drugs, alcohol, or other intoxicants?

Case 3:21-cr-00106-MMH-JBT   Document 72   Filed 02/07/23   Page 4 of 13 PageID 326
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 24 of 200

4

1            THE DEFENDANT:  No.

2            THE COURT:  Are you currently under the influence of

3    any medications?

4            THE DEFENDANT:  Blood pressure medicine.

5            THE COURT:  Does that medication have any impact on

6    your ability to understand these proceedings?

7            THE DEFENDANT:  No.

8            THE COURT:  And are you currently under the care of a

9    physician or psychiatrist?

10            THE DEFENDANT:  A specialist for blood pressure, yes.

11            THE COURT:  Okay.  Any other type of treatment?

12            THE DEFENDANT:  No.

13            THE COURT:  Have you ever been treated for any mental

14    illness?

15            THE DEFENDANT:  No.

16            THE COURT:  To your knowledge, do you now suffer from

17    any mental or emotional disability?

18        (Pause in proceedings.)

19            THE COURT:  Are you thinking or . . .

20            Well, while you're thinking about that --

21            THE DEFENDANT:  I am -- I do --

22            THE COURT:  Sorry, go ahead.

23            THE DEFENDANT:  I do feel like I suffer from

24    depression sometimes, but that's about it.

25            THE COURT:  Have you ever been treated for

Case 3:21-cr-00106-MMH-JBT   Document 72   Filed 02/07/23   Page 5 of 13 PageID 327
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 25 of 200

5

1   depression?

2           THE DEFENDANT:  Negative.

3           THE COURT:  And right now do you clearly understand

4   where you are, what you're doing, and the importance of this

5   proceeding?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Is the agent here to . . .

8       (Pause in proceedings.)

9           THE COURT:  A criminal complaint has been filed

10  against you.  Have you received a copy of this complaint?

11          THE DEFENDANT:  Yes.

12          THE COURT:  I'm going to ask the government to advise

13  you of the charge contained in the complaint as well as the

14  maximum and any minimum penalties.

15          MR. BROWN:  Mr. Yotka, you've been charged in a

16  one-count criminal complaint.  This particular complaint

17  charges you with the knowing distribution of child pornography,

18  and specifically in the affidavit it lays out the full breadth

19  of the charge.

20          It alleges that on or about September 15, 2021, in

21  the Middle District of Florida, that you, also known as

22  "ScottnJax44," did knowingly distribute visual depictions using

23  facilities of interstate commerce, that is, by cellular

24  telephone via the internet, the -- when the production of the

25  visual depictions involved the use of minors engaging in

Case 3:21-cr-00106-MMH-JBT  Document 72  Filed 02/07/23  Page 6 of 13 PageID 328
USCA11 Case: 23-10031  Document: 22  Date Filed: 03/29/2023  Page: 26 of 200

6

1    sexually explicit conduct and the visual depictions were of

2    such conduct.  And that's alleged to be in violation of Title

3    18, United States Code, Section 2252(a)(2) and (b)(1).

4            Now, sir, if you were to be found guilty of the

5    charge which is set forth in the criminal complaint and the

6    district court were to sentence you under the maximum penalties

7    under the law, you'd face the following:

8            A term of imprisonment of not less than five years,

9    that is, a minimum mandatory five years, up to 20 years in

10   prison, $250,000 in fines, or both the fine and the term of

11   imprisonment.  There's a special assessment of $100 which is

12   akin to a court cost and another special assessment of $5,000

13   under the Justice for Victims of Trafficking Act if you're

14   found to be non-indigent.

15           Additionally, you'd be subject to a term of

16   supervised release of not less than five years and potentially

17   up to life term of supervised release.  And if you were to

18   violate the terms and conditions of your supervised release by

19   committing one of the listed felonies which are set forth in

20   Title 18, United States Code, Section 3583(k), which are

21   essentially federal criminal sexual offenses or kidnapping, and

22   you were to commit that crime having had registered as a sex

23   offender, which if you're convicted in this case you would be

24   one, then you would be subject to revocation of your supervised

25   release and the judge would have no choice but to sentence you

Case 3:21-cr-00106-MMH-JBT  Document 72  Filed 02/07/23  Page 7 of 13 PageID 329
USCA11 Case: 23-10031  Document: 22  Date Filed: 03/29/2023  Page: 27 of 200

7

1  to a term of imprisonment of not less than five years,

2  potentially up to life.  However, if you were to violate the

3  terms and conditions in some other manner, you could be sent

4  back to prison for potentially up to two additional years.

5        Moreover, there is a statute under -- which requires

6  payment of at least $3,000 per victim of each of the victims

7  which were affected by your conduct.

8        And then lastly there's a 35- --

9  not-more-than-$35,000 assessment under Section 2259A because

10  you committed a trafficking of child pornography offense.

11        THE COURT:  Do you understand the charge in the

12  complaint?

13        THE DEFENDANT:  Yes.

14        THE COURT:  Do you understand the minimum and maximum

15  penalties you face?

16        THE DEFENDANT:  Yes.

17        THE COURT:  The purpose of this hearing is to advise

18  you of the charge, the rights that you have, the proceedings

19  that will follow, and to consider the issue of bail.

20        You'll not be called upon to enter a plea to the

21  charge at this time.

22        You have a constitutional right to remain silent.

23  You do not have to make a statement.  You do not have to give a

24  statement at any time to any law enforcement officer or

25  government agent.

Case 3:21-cr-00106-MMH-JBT   Document 72   Filed 02/07/23   Page 8 of 13 PageID 330
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 28 of 200

8

1          If you do make a statement, anything you say can and

2     will be used against you in court, including at a subsequent

3     hearing or proceeding in this case.

4          If you made a statement already in the past, you need

5     not make any further statement in the future.

6          Do you understand your right to remain silent?

7          THE DEFENDANT:  Yes.

8          THE COURT:  You have the right to be represented by

9     an attorney in all proceedings in this case.

10         If you cannot afford to retain an attorney and wish

11    to be represented by one, the Court will appoint an attorney to

12    represent you at no cost or obligation to yourself.

13         I'll have you placed under oath and ask you questions

14    about your financial condition to see if you qualify for

15    court-appointed counsel.

16         You also have the constitutional right to represent

17    yourself without an attorney if that's what you wish to do.

18         Do you understand your right to an attorney?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Are you now represented by an attorney?

21         THE DEFENDANT:  No.

22         THE COURT:  Do you want to be represented by an

23    attorney?

24         THE DEFENDANT:  I can't afford one.

25         THE COURT:  You want to have the Court inquire to see

Case 3:21-cr-00106-MMH-JBT   Document 72   Filed 02/07/23   Page 9 of 13 PageID 331
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 29 of 200

9

 1    if you qualify for court-appointed counsel?

 2            THE DEFENDANT:  Yes, please.

 3            THE COURT:  Madam Clerk.

 4            COURTROOM DEPUTY:  Do you solemnly swear or affirm

 5    the answers you will give during these proceedings will be the

 6    truth, the whole truth, and nothing but the truth?

 7            THE DEFENDANT:  I do.

 8            COURTROOM DEPUTY:  And please state your name for the

 9    record.

10            THE DEFENDANT:  Scott Matthew Yotka.

11            THE COURT:  You've just taken an oath to tell the

12    truth.  If you do not -- if you knowingly and intentionally

13    make a material false statement or omission, your answers to my

14    questions can subject you to prosecution for perjury, which is

15    a felony.

16            In addition, if you make any false statements about

17    your financial condition and are ultimately convicted in this

18    case, those false statements could you used against you under

19    the sentencing guidelines to enhance the sentence to be

20    imposed.

21            Do you understand that?

22            THE DEFENDANT:  Yes.

23            THE COURT:  And prior to court today did you answer

24    some questions about your financial circumstances?

25            THE DEFENDANT:  Yes, sir.

Case 3:21-cr-00106-MMH-JBT   Document 72   Filed 02/07/23   Page 10 of 13 PageID 332
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 30 of 200

10

1          THE COURT:  And were the answers you gave true and

2     correct?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Have you had a chance to look at this?

5          MR. BROWN:  I have, Your Honor.  I have no additional

6     inquiry of the Court.

7          THE COURT:  Based upon the information provided, I

8     find that you are financially unable to obtain counsel and I

9     will appoint the Federal Defender's Office to represent you.

10          As required by Rule 5(f), the United States is

11     ordered to produce all exculpatory evidence to the defendant

12     pursuant to Brady v. Maryland and its progeny.  Not doing so in

13     a timely manner may result in sanctions, including the

14     exclusion of evidence, adverse jury instructions, dismissal of

15     charges, and contempt proceedings.

16          Is the government seeking detention?

17          MR. BROWN:  Yes, Your Honor.  And we would ask the

18     Court to continue the detention hearing until sometime on

19     Wednesday, September 22nd.  I discussed that matter with

20     counsel.

21          THE COURT:  How about 2:30?

22          MR. BROWN:  Fine.  Fine, Your Honor.

23          THE COURT:  I'll enter an order of temporary

24     detention, grant the government's motion for a continuance of

25     the detention hearing, and set the case for a detention hearing

Case 3:21-cr-00106-MMH-JBT   Document 72   Filed 02/07/23   Page 11 of 13 PageID 333
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 31 of 200

11

1   for Wednesday, September 22nd at 2:30.

2          Also, Mr. Yotka, since this case right now has been

3   brought by way of a complaint rather than an indictment, you

4   have the right to a preliminary hearing.

5          At a preliminary hearing the government must present

6   sufficient evidence to convince the Court that there's probable

7   cause to believe that a federal offense has been committed and

8   that you committed it.

9          If the Court's so convinced, you'd be held to await

10  further grand jury proceedings.  If the Court's not so

11  convinced, the complaint would be dismissed and you'd be

12  discharged.

13         If you're released on bond, this hearing must be held

14  within 21 days from today.  If you remain in custody, this

15  hearing must be held within 14 days from today.

16         Now, if the grand jury returns an indictment between

17  now and the day of the preliminary hearing, then you would have

18  no more right to a preliminary hearing and that hearing would

19  be canceled.

20         You could also waive, or give up, this right to a

21  preliminary hearing if you want, and you'll be able to speak

22  with your attorney about that.

23         So do you understand your right to a preliminary

24  hearing?

25         THE DEFENDANT:  Yes, sir.

1          THE COURT:  Is there anything further to take up?

2          MR. BROWN:  No, Your Honor.

3          MR. GRANT:  No, Your Honor.

4          THE COURT:  Court will be in recess.

5          COURT SECURITY OFFICER:  All rise.

6      (Proceedings concluded at 2:53 p.m.)

7                              -    -    -

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case 3:21-cr-00106-MMH-JBT   Document 72   Filed 02/07/23   Page 13 of 13 PageID 335
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 33 of 200

13

1            CERTIFICATE OF OFFICIAL COURT REPORTER

2    UNITED STATES DISTRICT COURT)

3    MIDDLE DISTRICT OF FLORIDA )

4

5         I, court approved transcriber, certify that the

6    foregoing is a correct transcript from the official electronic

7    sound recording of the proceedings in the above-entitled

8    matter.

9

10        DATED this 20th day of January 2023.

11

12                          /s/ Katharine M. Healey
                            Katharine M. Healey, RMR, CRR, FPR-C
13                          Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25

# Doc. 73

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,          Jacksonville, Florida

        Plaintiff,                 Case No. 3:21-cr-00106-MMH-JBT

-vs-                               September 22, 2021

SCOT MATTHEW YOTKA,                2:34 p.m. - 2:38 p.m.

        Defendant.                 (Digitally Recorded)

_____

**DIGITALLY RECORDED DETENTION HEARING**

BEFORE THE HONORABLE JOEL B. TOOMEY
UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S

COUNSEL FOR PLAINTIFF:
**D. RODNEY BROWN, Esquire**
  United States Attorney's Office
  300 North Hogan Street, Suite 700
  Jacksonville, FL 32202


COUNSEL FOR DEFENDANT:
**MAURICE C. GRANT, II, Esquire**
  Federal Public Defender - MDFL
  200 West Forsyth Street, Suite 1240
  Jacksonville, FL 32202


OFFICIAL COURT REPORTER:
Katharine M. Healey, RMR, CRR, FPR-C
  PO Box 56814
  Jacksonville, FL 32241
  Telephone: (904) 301-6843
  KatharineHealey@bellsouth.net


                    (Proceedings recorded by electronic sound recording;
                              transcript produced by computer.)

Case 3:21-cr-00106-MMH-JBT   Document 73   Filed 02/07/23   Page 2 of 6 PageID 337
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 36 of 200

2

P R O C E E D I N G S

September 21, 2021                                    2:34 p.m.

                          -   -   -

1       COURT SECURITY OFFICER:  -- court is now in session.
The Honorable Joel B. Toomey presiding.

        THE COURT:  We're here on the case United States vs.
Scott Matthew Yotka, Case Number 3:21-mj-1443.

        And the defendant's present along with his attorney,
Mr. Grant.  And Mr. Brown is here for the government.

        And we're here for a detention hearing.  Are the
parties ready to proceed on that?

        MR. GRANT:  Your Honor, it's my understanding the
government still intends to seek detention.

        I've communicated with Mr. Yotka.  We are in a
position where he is going to waive the detention hearing,
reserving the right to reopen in the event that we are able to
find a suitable third-party custodian.

        THE COURT:  Madam Clerk, if you can swear in
Mr. Yotka.

        COURTROOM DEPUTY:  Do you solemnly swear or affirm
the answers you will give in these proceedings will be the
truth, the whole truth, and nothing but the truth?

        THE DEFENDANT:  I do.

        COURTROOM DEPUTY:  And please state your name for the
record.

Case 3:21-cr-00106-MMH-JBT   Document 73   Filed 02/07/23   Page 3 of 6 PageID 338
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 37 of 200

3

1              THE DEFENDANT:  Scott Matthew Yotka.

2              THE COURT:  Mr. Yotka, let me ask you a couple of

3       background questions again.

4              What was your date of birth?

5              THE DEFENDANT:  May 20th, 1974.

6              THE COURT:  And are you currently under the influence

7       of any drugs, alcohol, medication, or intoxicants?

8              THE DEFENDANT:  Just blood pressure medicine.

9              THE COURT:  And is that a prescribed medication?

10             THE DEFENDANT:  It is.

11             THE COURT:  And does that interfere with your ability

12      to understand the proceedings in any way?

13             THE DEFENDANT:  Negative.

14             THE COURT:  And do you clearly understand where you

15      are, what you're doing, and the importance of this proceeding?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  So your attorney has indicated that

18      you're willing to waive your right to a detention hearing at

19      this time, reserving the right to reopen it should you be able

20      to present a potential third-party custodian.

21             Is that what you want to do?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  And have you spoken with your attorney

24      about this?

25             THE DEFENDANT:  Yes, sir.

Case 3:21-cr-00106-MMH-JBT   Document 73   Filed 02/07/23   Page 4 of 6 PageID 339
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 38 of 200

4

1          THE COURT:  And you understand you will be held in

2    custody at least until this charge is determined or such a

3    hearing is held and you're placed on bond?

4          THE DEFENDANT:  Yes, sir.  I've got nowhere else to

5    go.

6          THE COURT:  And do you make this waiver freely and

7    voluntarily?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  All right.  I find the defendant has made

10   a knowing and voluntary waiver of his right to a detention

11   hearing, reserving the right to have it should a potentially

12   suitable third-party custodian be found.  So I will enter an

13   order of detention.

14         And we still have the matter of a potential

15   preliminary hearing.  What did you want to do?

16         MR. BROWN:  Yes, Your Honor.  If the Court could

17   please set that for September 30th, anytime on Thursday,

18   September 30th.  I spoke with defense counsel about that.  We

19   expect grand jury presentment on September 29th.  And that

20   would be -- by my count, the 30th would be the 13th day.

21         THE COURT:  Is two o'clock . . .

22         MR. GRANT:  Two o'clock is fine, Your Honor.

23         MR. BROWN:  That's fine, Your Honor.

24         THE COURT:  Set this case for preliminary hearing for

25   September 30th at two o'clock.

Case 3:21-cr-00106-MMH-JBT   Document 73   Filed 02/07/23   Page 5 of 6 PageID 340
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 39 of 200

5

```
 1            Is there anything further?
 2            THE DEFENDANT:  Your Honor, can I just say one thing?
 3            THE COURT:  Sure.  You better -- you might want to
 4  talk to your attorney first, but it's okay.
 5            MR. GRANT:  Just a moment, Your Honor.
 6       (Pause in proceedings.)
 7            MR. GRANT:  You can proceed, Your Honor.
 8            THE COURT:  Mr. Yotka, did you want to say something?
 9            THE DEFENDANT:  No, sir, I'm good.
10            THE COURT:  All right.  Court will be in recess.
11  Thank you.
12            COURT SECURITY OFFICER:  All rise.
13       (Proceedings concluded at 2:38 p.m.)
14                          -    -    -
15
16
17
18
19
20
21
22
23
24
25
```

Case 3:21-cr-00106-MMH-JBT   Document 73   Filed 02/07/23   Page 6 of 6 PageID 341
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 40 of 200

6

1                    CERTIFICATE OF OFFICIAL COURT REPORTER

2      UNITED STATES DISTRICT COURT)

3      MIDDLE DISTRICT OF FLORIDA )

4

5           I, court approved transcriber, certify that the

6      foregoing is a correct transcript from the official electronic

7      sound recording of the proceedings in the above-entitled

8      matter.

9

10          DATED this 20th day of January 2023.

11

12                              /s/ Katharine M. Healey
                                Katharine M. Healey, RMR, CRR, FPR-C
13                              Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25

# DOC. 80

Case 3:21-cr-00106-MMH-JBT   Document 80   Filed 02/17/23   Page 1 of 4 PageID 367
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 42 of 200

1

```
 1                 IN THE UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
 2                      JACKSONVILLE DIVISION

 3                 Case No:  3:21-cr-106-MMH-JBT

 4    UNITED STATES OF AMERICA          Jacksonville, Florida

 5         -vs-                         Date: October 18, 2021

 6    SCOTT MATTHEW YOTKA,              Time: 3:00 p.m.

 7         Defendant.                   Courtroom  10B
      _____

 8
                   TELEPHONIC CRIMINAL STATUS CONFERENCE
 9            BEFORE THE HONORABLE MARCIA MORALES HOWARD
                     UNITED STATES DISTRICT JUDGE
10

11    APPEARANCES:

12    FOR THE GOVERNMENT:

13    RODNEY BROWN, ESQ.
      U.S. Attorney's Office
14    Suite 700
      300 N. Hogan Street
15    Jacksonville, FL  32202

16
      FOR THE DEFENDANT:
17
      MAURICE GRANT, ESQ.
18    Office of the Public Defender
      407 N. Laura Street
19    Jacksonville, FL 32202

20
      COURT REPORTER:
21
      Cindy Packevicz Jarriel, RPR, FCRR
22    115 Davis Street
      Neptune Beach, FL  32266
23    Telephone:  904.651-8997
      e-mail:  cindyrprfcrr@gmail.com
24        (Proceedings reported by stenography; transcript
      produced by computer.)
25
```

Case 3:21-cr-00106-MMH-JBT   Document 80   Filed 02/17/23   Page 2 of 4 PageID 368
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 43 of 200

2

P R O C E E D I N G S

October 18, 2021                                3:00 p.m.

                          -   -   -

1           THE COURT:  Last up is 3:21-cr-106-MMH-JBT,
2     United States of America versus Scott Matthew
3     Yotka.
4           Mr. Brown, are you here for the United
5     States?
6           MR. BROWN:  Yes, Your Honor.  Good afternoon.
7           THE COURT:  Good afternoon.
8           And Mr. Grant is here on behalf of Mr. Yotka.
9           Mr. Grant, can you tell me your thoughts
10     about this case?
11           MR. GRANT:  I can, Your Honor.  We've been
12     calling him Yotka.  I have never asked him
13     specifically.  He responds to Yotka when I say it.
14           THE COURT:  Okay.
15           MR. GRANT:  But I did speak with him.  This
16     is a brand-new case.  I would be asking for a
17     60-day continuance so that I can review all of the
18     discovery, speak with Mr. Yotka fully.  There are
19     some possible issues regarding uncharged State
20     offenses because he was picked straight up and
21     brought over to federal court, but the allegations
22     are ones that have dual jurisdiction issues, so

Case 3:21-cr-00106-MMH-JBT   Document 80   Filed 02/17/23   Page 3 of 4 PageID 369
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 44 of 200

3

1     I'm going to have to try to speak with somebody

2     over there to see what I can do to protect

3     Mr. Yotka over there.  So I'd be asking for 60

4     days.

5          THE COURT:  Mr. Brown, any objection to a

6     60-day continuance in order to allow Mr. Grant to

7     address those issues?

8          MR. BROWN:  No, Your Honor.

9          THE COURT:  All right.  Then the Court will

10    grant the motion and will continue the matter to

11    the January 3, 2022, trial term.

12          The status will be December 20th.  The plea

13    deadline will be December 27.

14          In light of the recent filing of the case and

15    the need for Mr. Grant to thoroughly review the

16    discovery as well as to attempt to address on

17    behalf of Mr. Yotka the potential State charges,

18    the Court will find that the ends of justice

19    served by granting the continuance outweigh the

20    best interests of the public and the defendant in

21    a speedy trial.

22          All time from now until the end of the

23    January trial term will be excludable time.

24                    *   *   *   *   *

25

```
1                    C E R T I F I C A T E

2

3   UNITED STATES DISTRICT COURT)

4
    MIDDLE DISTRICT OF FLORIDA  )
5

6        I hereby certify that the foregoing transcript is a true

7   and correct computer-aided transcription of my stenotype notes

8   taken at the time and place indicated herein.

9

10

11            Dated this 17th day of February 2023.

12

13

14

15                    /s/Cindy Packevicz Jarriel

16                  Cindy Packevicz Jarriel, RPR, FCRR

17

18

19

20

21

22

23

24

25
```

# Doc. 78



Cornerstone Litigation Services, LLC
301 West Bay St., Suite 1400
Jacksonville, FL 32202
Phone: (904) 647-4723
www.clsjax.com

```
 1                 UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
 2                    JACKSONVILLE DIVISION

 3
      UNITED STATES OF AMERICA,    Jacksonville, Florida
 4
                   Plaintiff,      Case No. 3:21-cr-106-MMH-JBT
 5
      vs.                          December 20, 2021
 6
      SCOTT MATTHEW YOTKA,         3:21 p.m. to 3:24 p.m.
 7
                   Defendant.      Courtroom No. 10B
 8    _____

 9           TELEPHONIC CRIMINAL STATUS CONFERENCE
          BEFORE THE HONORABLE MARCIA MORALES HOWARD
10                UNITED STATES DISTRICT JUDGE

11

12    GOVERNMENT COUNSEL:

13            RODNEY BROWN, ESQ. (VIA TELEPHONE)
              U.S. Attorney's Office - FLM
14            300 North Hogan Street, Suite 700
              Jacksonville, Florida  32202
15
      DEFENSE COUNSEL:
16
              MAURICE C. GRANT, II, ESQ. (VIA TELEPHONE)
17            200 West Forsyth Street, Suite 1240
              Jacksonville, Florida  32202
18
      COURT REPORTER:
19
              Georgeanne Rodriguez, RPR
20            Cornerstone Litigation Services, LLC
              301 West Bay Street, Suite 1420
21            Jacksonville, Florida  32202

22

23

24            (Proceedings recorded by mechanical
      stenography; transcript produced by computer.)
25
```

UNITED STATES OF AMERICA vs SCOTT MATTHEW YOTKA
Hearing, Status Conference on 12/20/2021

| 1 | P R O C E E D I N G S |
|---|---|

2    December 20, 2021                              3:21 p.m.

3              THE COURT:  3:21-cr-106-MMH-JBT, United States

4         of America versus Scott Matthew Yotka.

5              Mr. Brown, are you here for the United States?

6              MR. BROWN:  Yes, Your Honor.  Good afternoon.

7              THE COURT:  Good afternoon.

8              Mr. Grant, you're still with me?

9              MR. GRANT:  I am, Your Honor.

10             THE COURT:  All right.  Do you want to let me

11        know what's going on with Mr. Yatka?

12             MR. GRANT:  Yes, Your Honor.  I have to

13        apologize, this one kind of got away from me.  I

14        was going out to the jail of late talking to

15        various individuals and also Hispanic clients, and

16        Mr. Yotka -- for some reason, I wasn't registering

17        that he was there.

18             This is a case where it's not likely to be a

19        trial.  I'm trying to figure out what his exposure

20        is in the state court and trying to avoid that

21        exposure, so I need an additional 30 days.  And,

22        again, I apologize.

23             THE COURT:  Is this 30 days going to be enough

24        time to deal with the state charges?

25             MR. GRANT:  What it will do is it will give me

UNITED STATES OF AMERICA vs SCOTT MATTHEW YOTKA
Hearing, Status Conference on 12/20/2021

 1 | enough time to know where we are.  That's really

 2 | what it's about, trying to stay on top of it, and

 3 | that's why I apologize for that.  I dropped it this

 4 | time.

 5 | But the object is to try to be able to

 6 | position myself where I understand what his

 7 | exposure is, if any, and then be able to

 8 | communicate that to him.

 9 | THE COURT:  All right.  Mr. Brown, any

10 | objection to a 30-day continuance?

11 | MR. BROWN:  Your Honor, I have no objection to

12 | whatever continuance Mr. Grant needs.  I do -- I

13 | will say, however, you know, in -- if there was

14 | going to be a trial, Mr. Grant, of course, would

15 | need to meet with me and arrange some viewing of

16 | discovery.  So I'm happy with 30 days, but I also

17 | have no objection if he needs more time than that.

18 | THE COURT:  I think what I'm understanding

19 | from Mr. Grant is he'd prefer a shorter deadline to

20 | make sure that the next time we get together we

21 | have a better idea of what's happening in the case.

22 | Is that right, Mr. Grant?

23 | MR. GRANT:  Correct, Your Honor.

24 | THE COURT:  Okay.

25 | MR. BROWN:  That's fine, Your Honor.

UNITED STATES OF AMERICA vs SCOTT MATTHEW YOTKA
Hearing, Status Conference on 12/20/2021

1          THE COURT:  All right.  So I'm going to grant

2      the motion, and we'll continue the matter for 30

3      days to the February 7th trial term.  We'll have

4      statuses on January 24th and a plea deadline on

5      January 31st.

6          And the Court will find that the need for

7      Mr. Grant to investigate the state charges and the

8      defendant's exposure on those charges, as well as

9      on this charge before him -- before -- against him

10      before this Court outweighs the best interest of

11      the public and the defendant in a speedy trial, so

12      all time from now until the end of the February

13      trial term will be excludable time.

14          (Whereupon, at 3:24 p.m. the status conference

15  was concluded.)

16

17

18

19

20

21

22

23

24

25

UNITED STATES OF AMERICA vs SCOTT MATTHEW YOTKA
Hearing, Status Conference on 12/20/2021

1                        CERTIFICATE

2

3    UNITED STATES DISTRICT COURT      )
                                       )
4    MIDDLE DISTRICT OF FLORIDA        )

5

6

7         I hereby certify that the foregoing

8    transcript is a true and correct computer-aided

9    transcription of my stenotype notes taken at the time

10   and place indicated herein.

11

12        DATED this 15th day of February 2023.

13

14

15

16

17

18

19

20                        _____

21

22                        Georgeanne Rodriguez, RPR

23

24

25

UNITED STATES OF AMERICA vs SCOTT MATTHEW YOTKA
Hearing, Status Conference on 12/20/2021

# Doc. 74

```
 1                    UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
 2                      JACKSONVILLE DIVISION

 3   UNITED STATES OF AMERICA,        Case No. 3:21-cr-00106-MMH-JBT

 4          Plaintiff,                January 24, 2022

 5   v.                               3:41 p.m. - 3:45 p.m.

 6   SCOTT MATTHEW YOTKA,             Courtroom 10B

 7          Defendant.
     _____

 8
                  TELEPHONIC CRIMINAL STATUS CONFERENCE
 9
             BEFORE THE HONORABLE MARCIA MORALES HOWARD
10                 UNITED STATES DISTRICT JUDGE

11                     A P P E A R A N C E S

12   COUNSEL FOR PLAINTIFF:
     D. RODNEY BROWN, Esquire
13     United States Attorney's Office
       300 North Hogan Street, Suite 700
14     Jacksonville, FL 32202

15
     COUNSEL FOR DEFENDANT:
16   MAURICE C. GRANT, II, Esquire
       Federal Public Defender - MDFL
17     200 West Forsyth Street, Suite 1240
       Jacksonville, FL 32202

18

19   OFFICIAL COURT REPORTER:
     Katharine M. Healey, RMR, CRR, FPR-C
20     PO Box 56814
       Jacksonville, FL 32241
21     Telephone: (904) 301-6843
       KatharineHealey@bellsouth.net

22
                            (Proceedings reported by stenography;
23                           transcript produced by computer.)

24

25
```

Case 3:21-cr-00106-MMH-JBT   Document 74   Filed 02/07/23   Page 2 of 5 PageID 343
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 57 of 200

2

1                    P R O C E E D I N G S

2    January 24, 2022                               3:41 p.m.

3         THE COURT:  Next is Case No. 3:21-cr-106-MMH-JBT,

4    United States of America vs. Scott Matthew Yotka.

5         Mr. Brown, are you here for Mr. Yotka -- for the

6    United States as to Mr. Yotka?

7         MR. BROWN:  Yes, Your Honor.

8         THE COURT:  And Mr. Grant?

9         MR. GRANT:  I'm still here, Your Honor.

10        THE COURT:  Okay.  Mr. Grant, where are you?  Last

11   time you were -- you hadn't had a chance to meet with the

12   client, so have we gotten beyond that?

13        MR. GRANT:  Well, I've met with the client a couple

14   of times.  I'm still waiting for the State prosecutor to get

15   back to me.

16        But in any event, when I spoke to Mr. Yotka and

17   advised him that I still hadn't received word back from the

18   State prosecutor, he indicated to me that he wanted to start

19   moving on with his case.

20        And I communicated to Mr. Brown that Mr. Yotka is

21   wanting to revolve his case.  And we communicated an offer to

22   the Government, but we probably won't physically get into court

23   until I can get word back from the State prosecutor.  But we

24   are asking to start the process here in all earnestness.

25        THE COURT:  So how much time do you think you're

Case 3:21-cr-00106-MMH-JBT   Document 74   Filed 02/07/23   Page 3 of 5 PageID 344
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 58 of 200

3

1   going to need, Mr. Grant?

2          MR. GRANT:  I would think 30 days, because I mean, I

3   hoping -- I'm hoping, you know, that I'll hear back from the

4   prosecutor in State Court before that.

5          And Mr. Brown, I'm also hoping that he'll accept our

6   offer, in which case I can get a plea agreement and go talk to

7   Mr. Yotka.

8          THE COURT:  Mr. Brown?

9          MR. BROWN:  No objection to whatever continuance

10  Mr. Grant needs.

11         THE COURT:  I guess, Mr. Brown, is 30 days, in your

12  mind, going to be sufficient to get all those pieces together?

13         MR. BROWN:  Your Honor, you know, I would defer to my

14  colleague, but 30 days seems a little tight when you're dealing

15  with two different sovereigns, Your Honor.  And I guess I

16  represent the second sovereign in line, so I think 60 is

17  probably more realistic.

18         THE COURT:  Mr. Grant, would you like to take that as

19  a friendly amendment, or do you want to keep it at 30 days just

20  to make sure it's moving?

21         MR. GRANT:  I will take it as a friendly amendment.

22  And primarily because Mr. Yotka's exposure is so great, 60 days

23  won't make a difference.

24         THE COURT:  Okay.  All right.  So that's Mr. Yotka's

25  motion for a 60-day continuance in order to allow Mr. Grant to

Case 3:21-cr-00106-MMH-JBT   Document 74   Filed 02/07/23   Page 4 of 5 PageID 345
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 59 of 200

4

1   continue his efforts to confer with the State Court prosecutor

2   and also to continue plea negotiations with the United States.

3            The United States has no objection to the 60-day

4   continuance, and the Court will grant that continuance and

5   would also find that the ends of justice served by giving the

6   defendant the opportunity -- or the additional time to complete

7   those matters outweighs the best interests of the public and

8   the defendant in a speedy trial.

9            We'll put the case on the Court's April 2022 trial

10  term.  That trial term begins April 4th.  Statuses will be

11  March 21st and the plea deadline will be March 28th.

12           Because the Court has found that the ends of justice

13  served by granting the continuance outweigh the best interests

14  of the public and the defendant in a speedy trial, all-time

15  from now until the end of the April trial term will be

16  excludable time.

17       (Proceedings concluded at 3:45 p.m.)

18                         -    -    -

Case 3:21-cr-00106-MMH-JBT   Document 74   Filed 02/07/23   Page 5 of 5 PageID 346
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 60 of 200

5

```
1              CERTIFICATE OF OFFICIAL COURT REPORTER

2

3   UNITED STATES DISTRICT COURT)

4   MIDDLE DISTRICT OF FLORIDA )

5

6        I hereby certify that the foregoing transcript is a true

7   and correct computer-aided transcription of my stenotype notes

8   taken at the time and place indicated herein.

9

10        DATED this 20th day of January 2023.

11

12                        /s/ Katharine M. Healey
                          Katharine M. Healey, RMR, CRR, FPR-C
13                        Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25
```

# Doc. 75

Case 3:21-cr-00106-MMH-JBT   Document 75   Filed 02/07/23   Page 1 of 4 PageID 347
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 62 of 200

1

```
 1                    UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
 2                      JACKSONVILLE DIVISION

 3   UNITED STATES OF AMERICA,      Case No. 3:21-cr-00106-MMH-JBT

 4        Plaintiff,                March 21, 2022

 5   v.                             3:06 p.m. - 3:09 p.m.

 6   SCOTT MATTHEW YOTKA,           Courtroom 10B

 7        Defendant.
     _____

 8
                        CRIMINAL STATUS CONFERENCE
 9
              BEFORE THE HONORABLE MARCIA MORALES HOWARD
10                    UNITED STATES DISTRICT JUDGE

11                    A P P E A R A N C E S

12   COUNSEL FOR PLAINTIFF:
     D. RODNEY BROWN, Esquire
13     United States Attorney's Office
       300 North Hogan Street, Suite 700
14     Jacksonville, FL 32202

15
     COUNSEL FOR DEFENDANT:
16   MAURICE C. GRANT, II, Esquire
       Federal Public Defender - MDFL
17     200 West Forsyth Street, Suite 1240
       Jacksonville, FL 32202

18

19   OFFICIAL COURT REPORTER:
     Katharine M. Healey, RMR, CRR, FPR-C
20     PO Box 56814
       Jacksonville, FL 32241
21     Telephone: (904) 301-6843
       KatharineHealey@bellsouth.net

22
                        (Proceedings reported by stenography;
23                       transcript produced by computer.)

24

25
```

Case 3:21-cr-00106-MMH-JBT   Document 75   Filed 02/07/23   Page 2 of 4 PageID 348
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 63 of 200

2

1                    P R O C E E D I N G S

2    March 21, 2022                              3:06 p.m.

3             THE COURT:  We are here for the status conferences

4    for the Court's April 2022 trial term.

5             First up is Case No. 3:21-cr-106-MMH-JBT, United

6    States of America vs. Scott Matthew Yotka.

7             Mr. Brown is here for the United States.  Mr. Grant

8    is here for Mr. Yotka.

9             Mr. Grant.

10            MR. GRANT:  I would say it's nice to be back after

11   two years of actually not having in-person statuses, but we

12   have been seeing each other, so . . .

13            But in any event, with respect to Mr. Yotka, we have

14   extended an offer to the government.  Mr. Brown has indicated

15   that he was giving me a counter proposal, and then I had

16   indicated to him a suggestion regarding the counter proposal.

17   And I hope he's still taking that under advisement.

18            MR. BROWN:  That's right, Your Honor.  Mr. Grant and

19   I have been speaking over the last few weeks or so, maybe even

20   longer than that, with regard to plea negotiations.  And we

21   don't really have anything that we care to discuss with the

22   Court at this point, but I think a continuance would be

23   justified.

24            MR. GRANT:  Correct.  I would say one month, Your

25   Honor.

Case 3:21-cr-00106-MMH-JBT   Document 75   Filed 02/07/23   Page 3 of 4 PageID 349
USCA11 Case: 23-10031    Document: 22    Date Filed: 03/29/2023    Page: 64 of 200

3

1          THE COURT:  All right.  So that's Mr. Yotka's motion

2     to continue the matter for a month in order to allow counsel to

3     continue plea negotiations on his behalf.

4          And I understand from Mr. Brown's comments that

5     there's no objection by the United States?

6          MR. BROWN:  That's correct, Your Honor.

7          THE COURT:  And so on that basis the Court will grant

8     the motion and will continue the matter to the May trial term.

9     The May trial term begins May the 2nd.  Statuses will be

10    April 18th.  Plea deadline is April 25th.

11         The Court will find that the ends of justice served

12    by permitting the defendant additional time to pursue plea

13    negotiations outweighs the best interests of the public and the

14    defendant in a speedy trial, so all time from now until the end

15    of the May trial term will be excludable time.

16    (Proceedings concluded at 3:09 p.m.)

17                          -    -    -

Case 3:21-cr-00106-MMH-JBT   Document 75   Filed 02/07/23   Page 4 of 4 PageID 350
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 65 of 200

4

```
1              CERTIFICATE OF OFFICIAL COURT REPORTER

2

3   UNITED STATES DISTRICT COURT)

4   MIDDLE DISTRICT OF FLORIDA )

5

6         I hereby certify that the foregoing transcript is a true

7   and correct computer-aided transcription of my stenotype notes

8   taken at the time and place indicated herein.

9

10        DATED this 20th day of January 2023.

11

12                         /s/ Katharine M. Healey
                           Katharine M. Healey, RMR, CRR, FPR-C
13                         Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25
```

# DOC. 76

Case 3:21-cr-00106-MMH-JBT   Document 76   Filed 02/07/23   Page 1 of 4 PageID 351
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 67 of 200

1

```
 1                    UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
 2                      JACKSONVILLE DIVISION

 3   UNITED STATES OF AMERICA,        Case No. 3:21-cr-00106-MMH-JBT

 4        Plaintiff,                  April 18, 2022

 5   v.                               3:14 p.m. - 3:16 p.m.

 6   SCOTT MATTHEW YOTKA,             Courtroom 10B

 7        Defendant.
     _____

 8
                       CRIMINAL STATUS CONFERENCE
 9
              BEFORE THE HONORABLE MARCIA MORALES HOWARD
10                   UNITED STATES DISTRICT JUDGE

11                    A P P E A R A N C E S

12   COUNSEL FOR PLAINTIFF:
     D. RODNEY BROWN, Esquire
13     United States Attorney's Office
       300 North Hogan Street, Suite 700
14     Jacksonville, FL 32202

15
     COUNSEL FOR DEFENDANT:
16   MAURICE C. GRANT, II, Esquire
       Federal Public Defender - MDFL
17     200 West Forsyth Street, Suite 1240
       Jacksonville, FL 32202

18

19   OFFICIAL COURT REPORTER:
     Katharine M. Healey, RMR, CRR, FPR-C
20     PO Box 56814
       Jacksonville, FL 32241
21     Telephone: (904) 301-6843
       KatharineHealey@bellsouth.net

22
                         (Proceedings reported by stenography;
23                        transcript produced by computer.)

24

25
```

Case 3:21-cr-00106-MMH-JBT   Document 76   Filed 02/07/23   Page 2 of 4 PageID 352
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 68 of 200

2

1                    P R O C E E D I N G S

2  April 18, 2022                              3:14 p.m.

3          THE COURT:  Case No. 3:21-cr-106-MMH-JBT, United

4  States of America vs. Scott Matthew Yotka.

5          Mr. Brown for the United States.  Mr. Grant for

6  Mr. Yotka.

7          We continued it for a month for plea negotiations.

8  Where does that stand?

9          MR. GRANT:  Your Honor, we are still in the midst of

10  those same negotiations.  I spoke to Mr. Brown, I believe it

11  was Thursday of last week, and he indicated that it was still

12  under consideration.

13          THE COURT:  All right.  So where does that leave us

14  today?

15          MR. GRANT:  I ask for 30 days.

16          MR. BROWN:  No objection, Your Honor.

17          THE COURT:  All right.  So that is Mr. Yotka's motion

18  for an additional 30 days in order to continue plea

19  negotiations with the United States.  The United States has no

20  objection.  And the Court will grant that motion, finding that

21  the ends of justice served by granting the continuance in order

22  to allow Mr. Yotka to exhaust his plea discussions outweighs

23  the best interests of the public and the defendant in a speedy

24  trial.

25          We'll move the matter to the June 2022 trial term,

```
 1   which begins June 6th.  Statuses will be May 23rd and plea
 2   deadline will be May 31st.
 3            MR. GRANT:  Thank you.
 4            MR. BROWN:  Thank you, Your Honor.
 5       (Proceedings concluded at 3:16 p.m.)
 6                          -     -     -
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Case 3:21-cr-00106-MMH-JBT   Document 76   Filed 02/07/23   Page 4 of 4 PageID 354
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 70 of 200

4

1        CERTIFICATE OF OFFICIAL COURT REPORTER

2

3   UNITED STATES DISTRICT COURT)

4   MIDDLE DISTRICT OF FLORIDA )

5

6        I hereby certify that the foregoing transcript is a true

7   and correct computer-aided transcription of my stenotype notes

8   taken at the time and place indicated herein.

9

10       DATED this 20th day of January 2023.

11

12                          /s/ Katharine M. Healey
                            Katharine M. Healey, RMR, CRR, FPR-C
13                          Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25

DOC. 37

**FILED IN OPEN COURT**

5-13-2022

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO. 3:21-cr-106-MMH-JBT

SCOTT MATTHEW YOTKA

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, SCOTT MATTHEW YOTKA, and the attorney for the defendant, Maurice C. Grant, II, mutually agree as follows:

**A.    Particularized Terms**

1.    **Counts Pleading To**

The defendant shall enter a plea of guilty to Counts One and Two of the Indictment. Counts One and Two charge the defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e).

2.    **Minimum and Maximum Penalties**

Counts One and Two of the Indictment are each punishable by a mandatory minimum term of imprisonment of not less than 15 years and not more than 30 years, a fine of $250,000, or both, a term of supervised release of any term of years not less than 5, or life, and a special assessment of $100, said special

Defendant's Initials _____                          AF Approval _____

assessment to be due on the date of sentencing. If the Court sentenced the defendant on each count consecutively, the aggregate minimum and maximum penalties would be a minimum mandatory term of imprisonment of not less than 30 years and not more than 60 years, fines totaling $500,000, or both, a term of supervised release of any term of years not less than 5 years, or life, and special assessments totaling $200. Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life per count. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 3 years per count. With respect to these offenses and pursuant to Title 18, United States Code, Sections 2259, 3663, 3663A and 3664, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community.  Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

Pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of not more than $50,000 per count on any defendant convicted of an offense in violation of 18 U.S.C. § 2251.

Defendant's Initials _____   2

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment per count on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3. **Elements of the Offenses**

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Counts One and Two of the Indictment are:

First: That an actual minor, that is, a real person who was less than 18 years old, was depicted in certain visual depictions;

Second: That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing these visual depictions of the conduct; and

Third: That such visual depictions were actually transported and transmitted using a facility of interstate commerce, that is, by cellular telephone via the internet.

4. **Count Dismissed**

At the time of sentencing, the remaining count against the defendant, Count Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials _____   3

5.   **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.   **Restitution to Any Minor Victims of Offenses Committed by Defendant, Whether Charged or Uncharged**

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Defendant's Initials _Evny_        4

7. **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

Defendant's Initials                 5

pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a OnePlus 8T+ 5G Model KB2007 cellular telephone, IMEI 9900170914719, serial number 979EEA1D; which asset contained visual depictions of minors engaged in sexually explicit conduct and which was used to produce, receive, distribute, and possess such visual depictions.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

Defendant's Initials _____        6

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

Defendant's Initials _____        7

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the

Defendant's Initials _Jmy_                    8

abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

9.   **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Defendant's Initials _____        9

**B.**   **Standard Terms and Conditions**

1.   **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

2.   **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from

Defendant's Initials _Smy_              10

imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.  **Immigration Consequences of Pleading Guilty**

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.  **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.  **Financial Disclosures**

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in

Defendant's Initials _____     11

which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court,

Defendant's Initials _____   12

with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   **Defendant's Waiver of Right to Appeal the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials                 13

8. **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. **Filing of Agreement**

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that

Defendant's Initials _____   14

defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no

Defendant's Initials _____                    15

other promises, agreements, or representations exist or have been made to the

defendant or defendant's attorney with regard to such guilty plea.

13.   **Certification**

   The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

   DATED this __11__ day of May, 2022.

ROGER B. HANDBERG
United States Attorney

_____
SCOTT MATTHEW YOTKA
Defendant

_____
D. RODNEY BROWN
Assistant United States Attorney

_____
MAURICE C. GRANT, II
Attorney for Defendant

_____
KELLY S. KARASE
Assistant United States Attorney
Deputy Chief, Jacksonville Division

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:21-cr-106-MMH-JBT

SCOTT MATTHEW YOTKA

## PERSONALIZATION OF ELEMENTS

**As to Count One**

1.     Do you admit that an actual minor, that is, a real person who was less than 18 years old, referred to as Minor 1 in the indictment, was depicted in certain visual depictions that you took with your smart phone, a OnePlus 8T model KB2007 cellular telephone, on or about September 3, 2021?

2.     On or about September 3, 2021, in the Middle District of Florida, did you employ, use, persuade, induce, entice and coerce Minor 1 to engage in sexually explicit conduct, that is, the lascivious exhibition of the child's genitalia and the penetration of the child's anus with a foreign object, for the purpose of producing visual depictions of such conduct?

3.     Do you admit that you actually transported and transmitted these visual depictions using facilities of interstate commerce, that is, you distributed them using your cellular telephone via the internet using an online social messaging application to an undercover FBI Task Force Officer on September 15, 2021?

Defendant's Initials _____

**As to Count Two**

1.    Do you admit that an actual minor, that is, a real person who was less than 18 years old, referred to as Minor 2 in the indictment, was depicted in certain visual depictions that you took with your smart phone, a OnePlus 8T model KB2007 cellular telephone, on or about September 3, 2021?

2.    On or about September 3, 2021, in the Middle District of Florida, did you employ, use, persuade, induce, entice and coerce Minor 2 to engage in sexually explicit conduct, that is, the lascivious exhibition of the child's genitalia, the penetration of the child's anus with a foreign object, and oral to genital sexual intercourse (placing your erect penis in Minor 2's mouth), for the purpose of producing visual depictions of such conduct?

3.    Do you admit that you actually transported and transmitted these visual depictions using facilities of interstate commerce, that is, you distributed them using your cellular telephone via the internet using an online social messaging application to an undercover FBI Task Force Officer on September 15, 2021?

Defendant's Initials _____      2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:21-cr-106-MMH-JBT

SCOTT MATTHEW YOTKA

### FACTUAL BASIS

On September 15, 2021, an undercover FBI Task Force Officer in
Washington, D.C. (the "UC"), engaged in a private message conversation on a
particular social media application (the "App") with user "Scottnjax44," who was
subsequently identified as defendant, Scott Matthew Yotka. During this online
conversation, the UC and Yotka engaged in graphic conversation regarding the
sexual exploitation of children. Yotka advised that he had access to three minor
children, and further that he was sexually active with two of them, referred to herein
as Minor 1 and Minor 2. Regarding these two children, Yotka stated, "Love to f-ck
their little holes and piss inside them and get them to swallow." Yotka sent the UC at
least seven images and one video that depicted Minor 1 and Minor 2 engaged in
sexually explicit conduct with Yotka. Yotka told the UC that he was employed as an
"emergency dispatcher" and works "12 hour shifts." Responsive documents resulting
from emergency disclosure requests to the App company and an internet service
provider showed internet protocol (IP) login activity to the "Scottnjax44" account
resolved, in part, to a particular residence located in Jacksonville, Florida, and also

Defendant's Initials _____

showed that the subscriber listed on that account was "Scott Yotka." Documents

obtained from the App company showed that the display name for user

"Scottnjax44" was "Scott Yotka."

On September 16, 2021, further investigation revealed that Yotka was

employed by the Jacksonville Sheriff's Office as a dispatcher and was scheduled to

work a 12-hour shift beginning on the late afternoon of September 16, 2021 and

concluding on the early  morning of September 17, 2021. Responsive documents

resulting from the emergency disclosure request to the App company listed frequent

IP login activity from a particular IP address to the "Scottnjax44" user account, and

this IP address resolved to the City of Jacksonville office in the Ed Ball Building in

downtown Jacksonville.

On the evening of September 16, 2021, a federal search warrant was issued for

Yotka's residence in Jacksonville. On the morning of September 17, 2021, FBI

agents and other personnel executed this search warrant at Yotka's residence. Yotka

was at the residence and was advised that a search warrant was being executed at his

residence. After the residence was secured, FBI agents approached Yotka for a

possible interview. Yotka agreed to speak with two FBI agents inside an FBI vehicle

that was parked outside the residence. This interview was recorded on audio.

FBI Special Agent (SA) D. Moxley informed Yotka that he was not under

arrest and speaking to the agents was completely voluntary. Yotka confirmed his

name and his date of birth. After being advised of his constitutional rights, Yotka

Defendant's Initials _____        2

acknowledged and waived those rights and agreed to speak with the agents. During

an interview, Yotka stated in substance, and among other things, the following:

Yotka has lived at the residence for approximately a year and a half.

There is internet service at the residence which is password protected. Yotka has a

OnePlus Android cellular phone that does not require a password to access and

Yotka uses this cellular phone to access the wireless network. Yotka uses his cellular

phone mostly to text and call others, but also has an account on the App as well as

several other online social media accounts.

Yotka's user name on the App is "scottnjax44" and Yotka initially

stated he has not accessed his App account in over three years, but later admitted

accessing his App account as recently as that morning. Yotka initially stated he used

the App account for "nothing really," later admitted he used it to participate in "local

groups," such as "singles" chat rooms, and ultimately admitted to being a member

and administrator of a public chat room on the App titled "N____".  He explained

that his role as an administrator of the "N____" chat room was primarily to verify

the legitimacy of other users, but sometimes Yotka would engage in private chat

conversations with other members of the group after he verified them. Yotka stated

the "N____" chat room consisted of users who are interested in "incest fetishes, little

kid things, animal things." A rule of the "N____" chat room does not allow users to

post images or videos into the public chat room until after they had been a member

for at least 12 hours, so users would send Yotka images and videos, including images

Defendant's Initials _____   3

and videos of child pornography, via private message, that he would then distribute to the members of the "N____" chat room.

Yotka recalled a private message conversation he recently had with an App user who was a member of the "N____" chat room.  Yotka was shown an image of the user profile used by the UC on the App, which he acknowledged was the user that he (Yotka) communicated with from the "N____" public chat room but again stated he could not remember the details of the conversation.

There was a break in the interview and Yotka exited the FBI vehicle. Later, Yotka then approached FBI SA L. Jackson and advised her that he wanted to speak further with the agents and SA Jackson told Yotka that he must make it clear to the agents that he wished to speak with them again. Yotka confirmed with SA Jackson that he did want to speak with the agents, but wanted to do so in a location out of view of the residence. SA Moxley advised Yotka that in order to speak with the agents, he needed to make it clear that he wished to do so and was doing it voluntarily, which Yotka confirmed was accurate. SA Moxley asked Yotka if it was suitable to continue the interview in the FBI vehicle again, but move it towards the other end of the street, out of view of the residence, which Yotka confirmed would be acceptable. Yotka then got in the passenger seat of the same FBI vehicle and the agent drove the vehicle from the residence to the end of the street, approximately 200 yards from the residence.

After the vehicle was moved to the new location just down the street, SA Moxley again advised Yotka that if he continued to speak with us, he needed to

Defendant's Initials _____   4

make it clear about his decision to do so, which he confirmed. After being advised of his constitutional rights again, Yotka acknowledged and waived those rights and agreed to speak with the agents, stating in substance, and among other things, the following:

Yotka acknowledged sending pornographic pictures of children to whom he had access to the App user (the UC), which included sending pictures that depicted a foreign object being inserted into the anuses of both Minor 2 and Minor 1. Yotka stated that he took those pictures and ejaculated on Minor 1, and that he also took a picture of this incident and sent it to the App user (the UC) but has not sent it to anyone else. Yotka acknowledged that he inserted the object and took the pornographic photos of Minor 1 and Minor 2. Yotka stated that he was "trying to fit in" with other members of the group, which he acknowledged meant fitting in with other members of the group by distributing child pornography. Yotka agreed that the pictures he took of the children constituted child pornography.

SA Moxley showed Yotka the images and one video that "Scottnjax44" distributed to the UC over the internet using the App. Yotka confirmed that he took each of the pictures and the video "a couple weeks ago" and described each as depicting either Minor 1 or Minor 2. Yotka was at home when he took the pictures and they were all "taken at the same time, did it in one shot." Yotka acknowledged that he masturbated and ejaculated to the images. Yotka stated that he did not send the images and video to other members of the group on the App and "this was a one-time incident."

Defendant's Initials _____   5

Yotka showed the agents using a similar object how he penetrated the anuses of Minor 1 and Minor 2. Yotka does not store child pornography on his cellular phone and "probably already deleted" the images and video he took of Minor 1 and Minor 2. Yotka then gave the agents verbal and written consent to search the contents of his OnePlus 8T model KB2007 cellular phone. Yotka acknowledged the cellular phone he is referring to is the cellular phone that was on his person earlier in the morning when the FBI arrived at his residence. Yotka also gave the agents verbal consent to access his App account and provided the password.

When asked if he believed what he had done was harmful to children, Yotka responded "yes" and acknowledged that he has harmed Minor 1 and Minor 2 physically and emotionally. Yotka stated "I know what I did" and "I'm not proud of what I did." Yotka stated what he did, referring to taking sexually explicit images and videos of children, is a "criminal offense" and a "felony offense," and that he "is pretty much screwed for the rest of [his] life."

Forensic review of Yotka's OnePlus 8T model KB2007 cellular telephone revealed that at least seven sexually explicit photos and one video of Minors 1 and 2 were contained thereon on the phone. Metadata embedded on these files indicate that each was produced using this phone, and that Yotka produced these visual depictions on September 3, 2021 between 1:30 p.m. and 2:21 p.m. For example, on September 3, 2021 at 1:40 p.m., Yotka produced a photo that depicted Yotka using an object to penetrate the anus of Minor 1, and this photo also showed the lascivious exhibition of Minor 1's genitalia (a basis of Count One of the indictment). Also, on

Defendant's Initials _____       6

September 3, 2021 at 1:42 p.m., Yotka produced a photo that depicted Yotka forcing his erect penis into Minor 2's mouth (a basis of Count Two of the indictment). There were also additional images depicting children being sexually abused that were found on Yotka's OnePlus 8T model KB2007 cellular phone that Yotka downloaded from the internet.

Yotka acknowledges that his OnePlus 8T model KB2007 cellular telephone and the internet are both facilities of interstate commerce. Yotka also acknowledges that there exists a sufficient nexus for purposes of forfeiture between the items specified herein and the criminal conduct set forth above.

Defendant's Initials _____   7

# Doc. 71

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 1 of 30 PageID 293
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 98 of 200

1

```
 1                    UNITED STATES DISTRICT COURT
                        MIDDLE DISTRICT OF FLORIDA
 2                        JACKSONVILLE DIVISION

 3   UNITED STATES OF AMERICA,        Case No. 3:21-cr-00106-MMH-JBT

 4         Plaintiff,                 May 13, 2022

 5   v.                               3:03 p.m. - 3:32 p.m.

 6   SCOTT MATTHEW YOTKA,             (Digitally Recorded)

 7         Defendant.
     _____

 8

 9                 DIGITALLY RECORDED CHANGE OF PLEA

10
                   BEFORE THE HONORABLE JOEL B. TOOMEY
11                   UNITED STATES MAGISTRATE JUDGE

12                     A P P E A R A N C E S

13
     COUNSEL FOR PLAINTIFF:
14   D. RODNEY BROWN, Esquire
       United States Attorney's Office
15     300 North Hogan Street, Suite 700
       Jacksonville, FL 32202
16

17   COUNSEL FOR DEFENDANT:
     MAURICE C. GRANT, II, Esquire
18     Federal Public Defender - MDFL
       200 West Forsyth Street, Suite 1240
19     Jacksonville, FL 32202

20
     OFFICIAL COURT REPORTER:
21   Katharine M. Healey, RMR, CRR, FPR-C
       PO Box 56814
22     Jacksonville, FL 32241
       Telephone: (904) 301-6843
23     KatharineHealey@bellsouth.net

24
                (Proceedings recorded by electronic sound recording;
25                          transcript produced by computer.)
```

Case 3:21-cr-00106-MMH-JBT  Document 71  Filed 02/07/23  Page 2 of 30 PageID 294
USCA11 Case: 23-10031  Document: 22  Date Filed: 03/29/2023  Page: 99 of 200

2

1                    P R O C E E D I N G S

2    May 13, 2022                              3:03 p.m.

3                          -  -  -

4         COURT SECURITY OFFICER:  All rise.  The United States

5    District Court in and for the Middle District of Florida is now

6    in session.  The Honorable Joel B. Toomey is presiding.

7         You may be seated.

8         THE COURT:  We're here in the case United States vs.

9    Scott Matthew Yotka, Case No. 3:21-cr-106.

10        And the defendant's present along with his attorney,

11   Mr. Grant.

12        And Mr. Brown is here for the government.

13        And I've been provided with a written plea agreement.

14   Is it the defendant's intention to enter a guilty plea pursuant

15   to this agreement?

16        MR. GRANT:  Yes, Your Honor.

17        THE COURT:  Madam Clerk, if you can swear in

18   defendant.

19        COURTROOM DEPUTY:  Please stand and raise your right

20   hand.  Do you solemnly or affirm the answers you will give

21   during these proceedings will be the truth, the whole truth,

22   and nothing but the truth?

23        THE DEFENDANT:  (Inaudible.)

24        COURTROOM DEPUTY:  And please state your name for the

25   record.

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 3 of 30 PageID 295
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 100 of 200

3

1          THE DEFENDANT:  (Inaudible.)

2          COURTROOM DEPUTY:  Thank you.

3          THE COURT:  Okay.  You can have a seat.

4          Now, you've just taken an oath to tell the truth.  If

5    you do not tell the truth, or if you omit or leave anything

6    important out, your testimony can form the basis of a

7    prosecution for perjury or making a false statement, which are

8    felonies.

9          In addition, your testimony can be used against you

10   in any proceeding if you challenge the taking of the plea, the

11   judgment, the conviction, or the sentence.

12         So do you understand what I've explained and the

13   importance of having been placed under oath?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  And are you a U.S. citizen?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  It is you're right to plead guilty.

18   However, before the Court may accept a plea of guilty, it's

19   necessary that the Court find that your plea is made freely and

20   voluntarily and that there's a factual basis for your plea.

21   It's therefore necessary for me to ask questions about the

22   offenses to which you plead.

23         If you don't understand the questions or the words

24   that I use, feel free to ask that they be explained.

25         You may consult with your lawyer about any matter

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 4 of 30 PageID 296
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 101 of 200

4

1   during the questioning.  If necessary, I will recess the

2   proceedings and allow you as much time as you need to meet

3   privately with your lawyer.

4            Do you understand that?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  Has the government complied with the

7   Crime Victims Rights statute?

8            MR. BROWN:  Yes, Your Honor.

9            THE COURT:  Now, first of all, I'm a magistrate

10  judge, and your case is also assigned to a district judge.  You

11  have the right to have your guilty plea taken by a district

12  judge, or you could consent to have it taken by a magistrate

13  judge, such as myself.

14           Even if you consent to allowing me, the magistrate

15  judge, to take your plea, the district judge will still decide

16  whether to accept your plea.  And if it is accepted, the

17  district judge will be the one who imposes sentence.

18           So if you consent to allowing me, the magistrate

19  judge, to take your plea, you're also waiving, or giving up,

20  your right to have the district judge take your plea.

21           So do you understand your right to have the district

22  judge take your plea?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  And do you want to waive that right and

25  allow me, the magistrate judge, to take your plea?

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 5 of 30 PageID 297
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 102 of 200

5

```
 1                THE DEFENDANT:  Yes, sir.
 2                THE COURT:  And did you sign a consent form allowing
 3   me to do that?
 4                THE DEFENDANT:  Yes, sir.
 5                THE COURT:  And Mr. Grant, did you sign it as well
 6   and explain it to your client?
 7                MR. GRANT:  I did, Your Honor.
 8                THE COURT:  And do you make this waiver freely and
 9   voluntarily?
10                THE DEFENDANT:  Yes, sir.
11                THE COURT:  I need to go over some background
12   questions with you.  What was your date of birth?
13                THE DEFENDANT:  May 20th, 1974.
14                THE COURT:  And how far did you go in school?
15                THE DEFENDANT:  I have an AA degree.
16                THE COURT:  So you can read, write, and understand
17   English?
18                THE DEFENDANT:  Yes, sir.
19                THE COURT:  And are you currently under the influence
20   of any drugs, alcohol, or other intoxicants?
21                THE DEFENDANT:  Negative.
22                THE COURT:  Are you currently under the influence of
23   any medications?
24                THE DEFENDANT:  Just the prescribed ones, but no.
25                THE COURT:  What prescription drugs have you had?
```

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 6 of 30 PageID 298
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 103 of 200

6

1      THE DEFENDANT:  I take two for blood pressure and I
2  have one for reflux.
3      THE COURT:  And did you have these medications in the
4  prescribed dosages within the last 48 hours?
5      THE DEFENDANT:  Yes.
6      THE COURT:  And do any of these medications interfere
7  with your ability to understand these proceedings?
8      THE DEFENDANT:  No.
9      THE COURT:  And so other than what you just
10  mentioned, are you currently in need of or receiving any
11  medical or mental healthcare?
12      THE DEFENDANT:  Medical.
13      THE COURT:  For -- and what is that for?
14      THE DEFENDANT:  Heart.
15      THE COURT:  Okay.  And what -- what type of heart
16  issue?
17      THE DEFENDANT:  I keep showing signs of strokes.
18      THE COURT:  Signs of what?
19      THE DEFENDANT:  Stroke.
20      THE COURT:  Stroke?  And did you say you're taking
21  your medication for that?
22      THE DEFENDANT:  Yes.
23      THE COURT:  And what was that again?
24      THE DEFENDANT:  I take two for blood pressure and I
25  take another one for a reflux.  And that's all they have me on

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 7 of 30 PageID 299
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 104 of 200

7

1    right now.

2           THE COURT:  All right.  Have you ever been treated

3    for or suffered from any mental or emotional illness?

4           THE DEFENDANT:  No.

5           THE COURT:  And to your knowledge, are you now

6    suffering from any mental or emotional disease or illness?

7           THE DEFENDANT:  No.

8           THE COURT:  And do you clearly understand where you

9    are, what you're doing, and the importance of this proceeding?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Mr. Grant, do you have any concern

12   regarding the defendant's competency to enter a plea at this

13   time?

14          MR. GRANT:  I do not, Your Honor.

15          THE COURT:  Any other questions you'd like me to ask?

16          MR. BROWN:  No, Your Honor.

17          THE COURT:  You have the right to plead not guilty,

18   as you've previously done, and to persist in that plea.

19          If you maintain your plea of not guilty you have the

20   following rights under the Constitution and laws of the United

21   States:

22          You have the right to a speedy and public trial and

23   to be tried by a jury of 12 people, or by the judge if you

24   waive a jury trial.  If you're tried by a jury, all 12 of the

25   jurors must unanimously agree on your guilt before you could be

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 8 of 30 PageID 300
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 105 of 200

8

1    convicted.

2          You're presumed innocent.  Before you could be found

3    guilty, the burden of proof is on government to prove your

4    guilt by competent and sufficient evidence beyond a reasonable

5    doubt.  You do not have to prove that you're innocent.

6          You have the right to have the assistance of an

7    attorney at the trial and at every stage of these criminal

8    proceedings.

9          At your trial the witnesses for the government have

10   to come into court and testify in your presence.  You have the

11   right to confront these witnesses against you, meaning to see,

12   hear, question, and cross-examine the witnesses.

13         Your attorney could object to evidence offered by the

14   government and offer evidence on your behalf.

15         At trial you may present witnesses in your own

16   defense.  And if they will not appear voluntarily, I can issue

17   orders to make them come to the trial.

18         You need not make any statement about the charges,

19   and you may not be compelled to incriminate yourself or testify

20   at trial.  Other the other hand, if you wanted to testify at

21   your trial you could do so.  The choice is entirely up to you.

22         Now, if you plead guilty there will be no trial of

23   any kind and on your plea the Court will find you guilty and

24   will convict you.

25         A plea of guilty admits the truth of the charge but a

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 9 of 30 PageID 301
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 106 of 200

9

1   plea of not guilty denies the charge.

2           Has this been explained to you by your lawyer.

3           THE DEFENDANT:   (Inaudible.)

4           THE COURT:   If you choose to plead guilty you must

5   give up the right not to incriminate yourself because I have to

6   ask you questions about the crime to which you plead guilty to

7   satisfy myself that there's a factual basis for your plea.

8           By pleading guilty you also waive and give up your

9   right to trial, to confrontation and cross-examination of

10  government witnesses, and to compulsory process for attendance

11  of defense witnesses at trial.  So there'll be no trial and the

12  next stepping would be sentencing.

13          Now, you may have defenses to the charge, but if you

14  plead guilty, you waive and give up your right to assert any

15  possible defenses.

16          Has your lawyer discussed with you any defenses that

17  may be available to you?

18          THE DEFENDANT:   Yes, sir.

19          THE COURT:   By pleading guilty you also waive and

20  give up your right to challenge the way the government obtained

21  any evidence, statement, or confession.

22          In addition, by pleading guilty you may lose the

23  right to challenge on appeal any rulings which the Court has

24  made in your case.

25          By pleading guilty to this felony you may lose

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 10 of 30 PageID 302
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 107 of 200

10

1    certain civil rights, such as your right to vote, to hold

2    public office, to serve on juries, and to own and possess

3    firearms and ammunition.  A felony conviction may also prevent

4    you from obtaining or keeping certain occupational licenses.

5           So do you fully understand all the rights that you

6    have and the rights that you waive and give up by pleading

7    guilty?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  Now, the Federal Sentencing Guidelines

10   apply to your case.  Have you discussed the sentencing

11   guidelines with your attorney?

12          THE DEFENDANT:  Yes.

13          THE COURT:  I won't go into too much detail about the

14   guidelines since you discussed them with your lawyer, but I do

15   have to make sure you understand certain things about how the

16   sentencing process works.

17          The Court will not be able to determine your

18   guidelines until after the presentence report has been

19   completed by the probation office.

20          After it's been determined what guidelines apply to

21   your case, the district judge still has the authority to impose

22   a sentence that is more severe or less severe than the sentence

23   called for by the guidelines.

24          In determining a sentence, the district judge is

25   obligated to apply any minimum mandatory sentence that's set

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 11 of 30 PageID 303
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 108 of 200

11

1  out by statute, and subject to that, calculate the applicable

2  guideline range, consider that range, also consider possible

3  departures from the guidelines and other sentencing factors

4  that are listed in the statute, which is 18, United States

5  Code, Section 3553(a).

6          So the guidelines are only advisory and the judge is

7  not bound by them and can impose any sentence up to and

8  including the maximum permitted by law.

9          Also, under some circumstances the government may

10  have the right to appeal any sentence that the district judge

11  imposes and ask a higher court to impose a more severe

12  sentence.

13          Parole's been abolished, and if you're sentenced to

14  prison you'll not be released on parole.

15          So as we sit here today the sentence -- as we sit

16  here today, nobody can tell you what your sentence will be.

17  The sentence imposed could be different than any estimated

18  sentence your attorney or anyone else has given you.  It could

19  be more severe than you expect.  But even if that happens

20  you'll still be bound by your guilty plea and will not have a

21  right to withdraw it.

22          Do you understand that?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  And do you understand all the things I

25  just explained about sentencing?

Case 3:21-cr-00106-MMH-JBT  Document 71  Filed 02/07/23  Page 12 of 30 PageID 304
USCA11 Case: 23-10031  Document: 22  Date Filed: 03/29/2023  Page: 109 of 200

12

1        THE DEFENDANT:  Yes, sir.

2        THE COURT:  And did you receive a copy of the

3   indictment against you in this case?

4        THE DEFENDANT:  Yes, sir.

5        THE COURT:  And have the charges been read and

6   explained to you by your attorney?

7        THE DEFENDANT:  Yes, sir.

8        THE COURT:  And have you discussed the charges and

9   the case in general with your attorney?

10       THE DEFENDANT:  Yes, sir.

11       THE COURT:  Now, the charges against you in Counts

12  One and Two of the indictment, they each charge you with

13  production of child pornography, in violation of 18, U.S.

14  Code, Section 2251(a) and (e).  Do you fully understand the

15  charges contained in the indictment?

16       THE DEFENDANT:  Yes, sir.

17       THE COURT:  Do you have any questions about these

18  charges?

19       THE DEFENDANT:  No, sir.

20       THE COURT:  Now, the necessary elements the

21  government must prove beyond a reasonable doubt in order for

22  you to be convicted of this crime are as follows.  And they're

23  listed in your plea agreement on page three.

24       First, that an actual minor, that is, a real person

25  who is less than 18 years old, was depicted in certain visual

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 13 of 30 PageID 305
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 110 of 200

13

1   depictions.

2           Second, that you employed, used, persuaded, induced,

3   enticed, or coerced a minor to engage in sexually explicit

4   conduct for the purpose of producing these visual depictions of

5   the conduct.

6           And third, that such visual depictions were actually

7   transported and transmitted using a facility of interstate

8   commerce, that is, by cellular telephone via the internet.

9           So do you understand the elements of the charge which

10  the government would have to prove beyond a reasonable doubt

11  for you to be convicted?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Do you have any questions about the

14  elements?

15          THE DEFENDANT:  No, sir.

16          THE COURT:  Now, this crime is punishable by the

17  following minimum and maximum penalties, which are also listed

18  in your plea agreement on pages 1 and 2 and 3.

19          So each count is punishable by a mandatory minimum

20  term of imprisonment of not less than 15 years and not more

21  than 30 years, a fine of $250,000, or both the imprisonment and

22  the fine, a term of supervised release after prison of not less

23  than five years and up to life.  There's a special assessment

24  of $100 for each count.

25          So if the Court were to sentence you consecutively,

Case 3:21-cr-00106-MMH-JBT  Document 71  Filed 02/07/23  Page 14 of 30 PageID 306
USCA11 Case: 23-10031  Document: 22  Date Filed: 03/29/2023  Page: 111 of 200

14

1  the aggregate minimum and maximum penalties would be a

2  mandatory minimum term of imprisonment of not less than

3  30 years and not more than 60 years, fines totaling $500,000,

4  or both the imprisonment and the fine, a term of supervised

5  release after prison of, again, five years up to life -- not

6  less than five years up to life, special assessments totaling

7  $200.

8        If you're required to register under the Sex Offender

9  Registration and Notification Act, which you will be, and you

10  violate your supervised release by committing certain felony

11  offenses that are listed there in your plea agreement, then the

12  Court must revoke your term of supervised release and require

13  you to serve an additional term of imprisonment of not less

14  than five years and up to life, again on each count.

15       If you were to violate your supervised release in

16  some other way, you could be sentenced to an additional three

17  years in prison on each count.

18       Also, the Court shall order you to make restitution

19  to any victims of the offense -- offenses in the mandatory

20  minimum amount of not less than $3,000 per victim.  There's

21  also a special assessment of not more than $50,000 per count.

22  There's also an additional $5,000 special assessment per count

23  as to any non-indigent defendant.

24       Have I accurately stated the minimum and maximum

25  penalties?

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 15 of 30 PageID 307
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 112 of 200

15

```
 1              MR. BROWN:  Yes, Your Honor.
 2              THE COURT:  And the Court may also require you to
 3    forfeit certain property to the government and provide notice
 4    of the conviction to any victims.
 5              Mr. Grant, have I accurately stated the minimum and
 6    maximum penalties?
 7              MR. GRANT:  Yes, Your Honor.
 8              THE COURT:  So do you understand the minimum and
 9    maximum penalties you face on each charge?
10              THE DEFENDANT:  Yes, sir.
11              THE COURT:  And do you understand the total
12    cumulative minimum and maximum penalties?
13              THE DEFENDANT:  Yes, sir.
14              THE COURT:  Do you understand that the maximum
15    penalties are a possible consequence of your guilty plea?
16              THE DEFENDANT:  Yes, sir.
17              THE COURT:  And do you have any questions about
18    anything I've explained thus far?
19              THE DEFENDANT:  No, sir.
20              THE COURT:  And have you fully discussed all these
21    matters with your lawyer?
22              THE DEFENDANT:  Yes, sir.
23              THE COURT:  And do you understand that there have
24    been discussions between the attorney for the government and
25    your attorney which have resulted in a written plea agreement?
```

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 16 of 30 PageID 308
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 113 of 200

16

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Madam Clerk.

3          And is that your original plea agreement?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  And let me get you to look at page 16,

6    the signature page.  Is that your signature on that page?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And then on the bottom left-hand corner

9    of every page are those your initials?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  And Mr. Grant, if you can verify your

12   signature as well.

13         MR. GRANT:  Yes, Your Honor.  This is the plea

14   agreement that I received from Mr. Brown.  I witnessed

15   Mr. Yotka sign and initial each page of the document.  It's

16   dated on May 11th.  I myself signed it at the same time.

17         MR. BROWN:  Your Honor, I have the original plea

18   agreement that was negotiated between the parties through

19   counsel in this case.  On page 16 there are four signatures.

20   Two on the right-hand side of the page belong to

21   representatives of the United States.  One is mine, as the

22   responsible prosecutor, and the other belongs to Kelly Karase,

23   who is a supervisor in our office.

24         And last, but not least, on the first page in the

25   lower right-hand corner, I recognize the initials of our Asset

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 17 of 30 PageID 309
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 114 of 200

17

1   Forfeiture Specialist, Mai Tran.

2          THE COURT:  And did you read the entire plea

3   agreement before signing it?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  And did you go over it with your

6   attorney?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And did you understand your entire plea

9   agreement?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  And do you have any questions about your

12   plea agreement?

13          THE DEFENDANT:  No, sir.

14          THE COURT:  Okay.  Even though you don't have any

15   questions about your plea agreement, I'm still going to go over

16   some of the provisions of the plea agreement, but I'm not going

17   to go over all of them.  But, of course, you are bound by the

18   entire plea agreement.

19          Do you understand that?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Now, your plea agreement provides that at

22   the time of sentencing, the remaining count against you, Count

23   Three, will be dismissed.  And then also the government is

24   agreeing not to charge you with any other federal criminal

25   offenses known to them at the time of the execution of this

1    agreement.

2         The district judge can only accept a plea agreement

3    that involves dismissal of some charges or an agreement not to

4    pursue other charges if the district judge finds that the

5    remaining charges that you plead guilty to adequately reflect

6    the seriousness of your actual offense behavior and that

7    accepting the agreement will not undermine the statutory

8    purpose of sentencing.

9         Also, if charges are to be dismissed pursuant to a

10   plea agreement, you may still be held accountable under the

11   sentencing guidelines for that conduct even though the charge

12   has been dismissed.

13        Do you understand that?

14        THE DEFENDANT:  Yes, sir.

15        THE COURT:  Also, on page 4, you're agreeing to make

16   full restitution to all minor victims of your offenses as to

17   all counts charged whether or not you enter a guilty plea to

18   such count.

19        Do you understand that?

20        THE DEFENDANT:  Yes, sir.

21        THE COURT:  I'm sorry?

22        THE DEFENDANT:  Yes, sir.

23        THE COURT:  And then the government is agreeing to

24   make certain recommendations about your sentence in the event

25   no adverse information is received.  But as your plea agreement

1   states, the government's recommendations are not binding on the

2   district judge.  If the judge does not accept the government's

3   sentencing recommendations in your plea agreement, you'll still

4   be bound by your guilty plea and will not have a right to

5   withdraw it.

6             Do you understand that?

7             THE DEFENDANT:  Yes, sir.

8             THE COURT:  Also, you're agreeing to forfeit assets

9   to the government, including the ones that are listed there on

10  page 6, such as the cellular telephone.

11            Do you understand that?

12            THE DEFENDANT:  Yes, sir.

13            THE COURT:  Also, you're agreeing that you'll have to

14  comply with the Sex Offender Registration and Notification Act.

15            Do you understand that?

16            THE DEFENDANT:  Yes, sir.

17            THE COURT:  Then on page 13 there's a provision in

18  which you're waiving your right to appeal your sentence except

19  in the circumstances that are listed there.

20            So normally you have a right to appeal your sentence

21  on any ground that you think's appropriate, including an

22  incorrect application of the sentencing guidelines.  Under this

23  plea agreement, however, you're waiving, or giving up, your

24  right to appeal your sentence except in the circumstances that

25  are listed.

1          So you could still appeal your sentence on the

2    following grounds:

3          First, that your sentence exceeds your applicable

4    guideline range as that range is determined by the Court; or

5    second, that your sentence exceeds the statutory maximum

6    penalty; or third, that your sentence violates the Eighth

7    Amendment to the Constitution prohibiting cruel and unusual

8    punishment; or fourth, if the government appeals your sentence,

9    then you can appeal it as well.

10          But other than in those circumstances, you're waiving

11   your right to appeal your sentence.

12          So do you understand what you're waiving and giving

13   up in this portion of the plea agreement?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Do you make this waiver freely and

16   voluntarily?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Are there any other provisions of the

19   plea agreement you'd like me to discuss, Mr. Brown?

20          MR. BROWN:  No, Your Honor.

21          THE COURT:  Mr. Grant?

22          MR. GRANT:  No, Your Honor.

23          THE COURT:  Mr. Yotka, are there any other provisions

24   of the plea agreement you'd like me to discuss with you?

25          THE DEFENDANT:  No, sir.

1          THE COURT:  And do you understand all of the

2    provisions of the plea agreement?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Are you willing to be bound by the

5    provisions of the plea agreement?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Have any promises or assurances been made

8    to you by anyone that are not reflected in the plea agreement?

9          THE DEFENDANT:  No, sir.

10          THE COURT:  And do you fully understand all the

11    matters we've covered up to this point in the hearing?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  And how do you plead, guilty or not

14    guilty, to Counts One and Two of the indictment?

15          THE DEFENDANT:  Guilty.

16          THE COURT:  Are you pleading guilty because you are

17    guilty?

18          THE DEFENDANT:  (Inaudible.)

19          THE COURT:  Do you now admit that you committed the

20    acts sets forth in those charges?

21          THE DEFENDANT:  (Inaudible.)

22          THE COURT:  Do you understand that a plea of guilty

23    admits the truth of the charges against you?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  And is your plea entered with an

1    understanding of what you're doing here today?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  And part of your plea agreement --

4    there's a factual basis at the end of your plea agreement.  And

5    did you read the factual basis as well?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  And is that what you did?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  I'm sorry?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  And do you admit the truth of the factual

12   basis and that all of the elements thereof are true and correct

13   as they pertain to you?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  I'm going to ask you the personalization

16   of elements, which is also part of your plea agreement.

17           As to Count One, do you admit that an actual minor,

18   that is, a real person who is less than 18 years old, referred

19   to as Minor 1 in the indictment, was depicted in certain visual

20   depictions that you took with your smart phone, a OnePlus 8T

21   model KB 2007 cellular telephone, on or about September 3rd,

22   2021?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  On or about September 3rd, 2021, in the

25   Middle District of Florida, did you employ, use, persuade,

1   induce, entice, and coerce Minor 1 to engage in sexually

2   explicit conduct, that is, lascivious exhibition of the child's

3   genitalia and the penetration of the child's anus with a

4   foreign object, for the purpose of producing visual depictions

5   of such conduct?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Do you admit that you actually

8   transported and transmitted these visual depictions using

9   facilities of interstate commerce; that is, you distributed

10  them using your cellular telephone via the internet using an

11  online social messaging application to an undercover FBI task

12  force officer on September 15th, 2021?

13         THE DEFENDANT:  Yes, sir.  Yes, sir.

14         THE COURT:  As to Count Two, do you admit that an

15  actual minor, that is, a real person who is less than 18 years

16  old, referred to as Minor 2 in the indictment, was depicted in

17  certain visual depictions that you took with your smart phone,

18  a OnePlus 8T model KB 200 (sic) cellular telephone, on or about

19  September 3rd, 2021?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  On or about September 3rd, 2021, in the

22  Middle District of Florida, did you employ, use, persuade,

23  induce, entice, and coerce Minor 2 to engage in sexually

24  explicit conduct, that is, the lascivious exhibition of the

25  child's genitalia, the penetration of the child's anus with a

1  foreign object, and oral-to-genital sexual intercourse, that

2  is, placing your erect penis in Minor 2's mouth, for the

3  purpose of producing visual depictions of such conduct?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you admit that you actually

6  transported and transmitted these visual depictions using

7  facilities of interstate commerce; that is, you distributed

8  them using your cellular telephone via the internet using an

9  online social messaging application to an undercover FBI task

10  force officer on September 15th, 2021?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  I find a factual basis for the plea.

13         Is your plea free and voluntary?

14         Is your plea free and voluntary?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Is your plea of guilty your own

17  independent decision?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Has anyone threatened you, forced you,

20  coerced you or intimidated you in any way regarding your

21  decision to plead guilty?

22         THE DEFENDANT:  No, sir.

23         THE COURT:  Has anyone made any promises or

24  assurances to you of any kind to induce you to plead guilty

25  other than what's stated in your plea agreement?

1          THE DEFENDANT:  No, sir.

2          THE COURT:  Are you relying on any other agreement or

3    promise about what sentence you'll get if you plead guilty

4    other than what's stated in your plea agreement?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  At this time do you know what sentence

7    you will receive?

8          THE DEFENDANT:  No, sir.

9          THE COURT:  And has anyone promised that you will

10   receive a light sentence or be otherwise rewarded by pleading

11   guilty other than what's stated in your plea agreement?

12         THE DEFENDANT:  No, sir.

13         THE COURT:  Let me ask each attorney:  Do you assure

14   the Court that as far as you know, no assurances, promises, or

15   understandings have been given the defendant as the disposition

16   of his case which are different or contrary to what's in the

17   plea agreement?

18         MR. BROWN:  I can assure the Court of that.

19         MR. GRANT:  I do, Your Honor.

20         THE COURT:  Now, you've been represented by

21   Mr. Grant.  Have you discussed your case fully and explained

22   everything you know about it to him?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  And have you had enough time to talk with

25   your lawyer or anyone else you care to about your case?

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 26 of 30 PageID 318
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 123 of 200

26

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And are you satisfied with your lawyer

3   and the way he's represented you in this case?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you have any complaints about the way

6   he's represented you?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  Do you have any complaints about the way

9   you've been treated by the Court or anyone else which is

10  causing you to plead guilty?

11         THE DEFENDANT:  No, sir.

12         THE COURT:  Has anyone coached you or suggested that

13  you answer untruthfully any of the questions asked of you by

14  the Court today?

15         THE DEFENDANT:  No, sir.

16         THE COURT:  And have you told the truth today?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  And do you fully understand all the

19  rights and procedures that you waive and give up by pleading

20  guilty?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Having heard everything I've said, is it

23  your final desire to plead guilty to Counts One and Two of the

24  indictment pursuant to the terms of your plea agreement?

25         THE DEFENDANT:  Yes, sir.

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 27 of 30 PageID 319
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 124 of 200

27

1      THE COURT:  Now's your last chance to speak up or ask
2   questions before I recommend to the district judge that she
3   accept your plea.  Do you have any questions or anything you
4   want to say at this point?
5      THE DEFENDANT:  No, sir.
6      THE COURT:  Is the government satisfied with the
7   colloquy?
8      MR. BROWN:  Yes, Your Honor.
9      THE COURT:  Is the defense satisfied?
10     MR. GRANT:  Yes, Your Honor.
11     THE COURT:  Mr. Grant, are you satisfied that your
12  client knows what he's charged with and that you've had
13  sufficient time to counsel with him and that he is pleading
14  guilty freely and voluntarily, with full knowledge of the
15  consequences of his plea?
16     MR. GRANT:  Yes as to each of those matters.
17     THE COURT:  Okay.  I'm going to make certain findings
18  that pertain to you and then ask if you agree with them,
19  Mr. Yotka, so if you can listen carefully.
20     I find that you are now alert and intelligent, that
21  you understand the nature of the charges against you and the
22  possible penalties, and you appreciate the consequences of
23  pleading guilty.
24     I also find the facts which the government is
25  prepared to prove and which by your plea of guilty you admit

Case 3:21-cr-00106-MMH-JBT   Document 71   Filed 02/07/23   Page 28 of 30 PageID 320
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 125 of 200

28

1   state all the essential elements of the crime to which you have

2   pleaded guilty.

3          I further find that your decision to plead guilty is

4   freely, voluntarily, knowingly, and intelligently made and that

5   you've had the advice and counsel of a competent lawyer with

6   whom you say you are satisfied.

7          Do you agree with these findings?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  I will make a written report to the

10  district judge recommending that she accept your plea.  Each

11  side has 14 days to object to that or that can be waived.

12          MR. BROWN:  The United States will waive, Your Honor.

13          MR. GRANT:  The defense will waive that 14-day period

14  as well, Your Honor.

15          THE COURT:  The presentence report will be prepared

16  by the probation office to assist the district judge in

17  sentencing you.  You'll be required to furnish information for

18  this report.  Your attorney will represent you in the

19  preparation of this report and at sentencing.

20          You and your attorney will be given an opportunity to

21  speak on your behalf at the sentencing hearing.

22          You and your attorney will be permitted to read the

23  presentence report before the sentencing hearing and to make

24  objections to it if you have objections.

25          Is there anything further to take up?

```
 1              MR. BROWN:  No, Your Honor.

 2              THE COURT:  Mr. Grant?

 3              MR. GRANT:  No, Your Honor.

 4              THE COURT:  Okay.  Court will be in recess.

 5              COURT SECURITY OFFICER:  All rise.

 6         (Proceedings concluded at 3:32 p.m.)

 7                              -      -      -

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              CERTIFICATE OF OFFICIAL COURT REPORTER

 2   UNITED STATES DISTRICT COURT)

 3   MIDDLE DISTRICT OF FLORIDA )

 4

 5        I, court approved transcriber, certify that the

 6   foregoing is a correct transcript from the official electronic

 7   sound recording of the proceedings in the above-entitled

 8   matter.

 9

10        DATED this 20th day of January 2023.

11

12                        /s/ Katharine M. Healey
                          Katharine M. Healey, RMR, CRR, FPR-C
13                        Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25
```

# DOC. 69

Case 3:21-cr-00106-MMH-JBT   Document 69   Filed 02/07/23   Page 1 of 9 PageID 248
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 129 of 200

1

1          UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
2               JACKSONVILLE DIVISION

3   UNITED STATES OF AMERICA,        Case No. 3:21-cr-00106-MMH-JBT

4         Plaintiff,                 November 21, 2022

5   v.                              1:02 p.m. - 1:12 p.m.
                                     3:32 p.m. - 3:26 p.m.
6   SCOTT MATTHEW YOTKA,
                                     Courtroom 10B
7         Defendant.
    _____

8
                              SENTENCING
9
              BEFORE THE HONORABLE MARCIA MORALES HOWARD
10                 UNITED STATES DISTRICT JUDGE

11                   A P P E A R A N C E S

12
    COUNSEL FOR PLAINTIFF:
13  **D. RODNEY BROWN, Esquire**
      United States Attorney's Office
14    300 North Hogan Street, Suite 700
      Jacksonville, FL 32202
15

16  COUNSEL FOR DEFENDANT:
    **MAURICE C. GRANT, II, Esquire**
17    Federal Public Defender - MDFL
      200 West Forsyth Street, Suite 1240
18    Jacksonville, FL 32202

19
    OFFICIAL COURT REPORTER:
20  Katharine M. Healey, RMR, CRR, FPR-C
      PO Box 56814
21    Jacksonville, FL 32241
      Telephone: (904) 301-6843
22    KatharineHealey@bellsouth.net

23                      (Proceedings reported by stenography;
                         transcript produced by computer.)
24

25

Case 3:21-cr-00106-MMH-JBT   Document 69   Filed 02/07/23   Page 2 of 9 PageID 249
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 130 of 200

2

1                          P R O C E E D I N G S

2    November 21, 2022                                    1:02 p.m.

3              COURT SECURITY OFFICER:  All rise.  The United States

4    District Court in and for the Middle District of Florida is now

5    in session.  The Honorable Marcia Morales Howard presiding.

6              Please be seated.

7              THE COURT:  This is Case No. 3:21-cr-106-MMH-JBT,

8    United States of America vs. Scott Matthew Yotka.

9              Mr. Brown is here on behalf of the United States.

10   And Mr. Brown, if you could please introduce the case agent.

11             MR. BROWN:  Good afternoon, Your Honor.  This is

12   Special Agent Daniel Moxley with the FBI.

13             THE COURT:  And Mr. Grant is here on behalf of

14   Mr. Yotka.

15             And you are Scott Matthew Yotka?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  All right.  I would ordinarily ask if

18   you-all are prepared to proceed, but Madam Deputy advised me

19   shortly before the hearing that she had been given to

20   understand that you-all might not be prepared to proceed.

21             Who wants to address that?

22             MR. BROWN:  I will, Your Honor, because it's my

23   fault.

24             Your Honor, a little over an hour ago, I guess, I

25   discovered that I had inadvertently not disclosed some

Case 3:21-cr-00106-MMH-JBT   Document 69   Filed 02/07/23   Page 3 of 9 PageID 250
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 131 of 200

3

1  information to Mr. Grant that he needed to have for his --

2      (Unidentified people enter the courtroom.)

3          THE COURT:  Mr. Brown, do you want to confer with

4  them?  Is that --

5          MR. BROWN:  Yes, Your Honor.

6          THE COURT:  Do you want to confer with them for a

7  moment before --

8          MR. BROWN:  Yes, Your Honor.  Thank you.

9          THE COURT:  Go ahead.

10      (Pause in proceedings.)

11          THE COURT:  All right.  Go ahead.

12          MR. BROWN:  In any event, Your Honor, information

13  that may be useful or helpful or whatever to Mr. Grant's

14  sentencing presentation.  So I immediately called him, I got

15  together with him and met with him and provided him with that

16  information.  And based upon that, he would like to have

17  additional time, Your Honor.

18          Again, I apologize, I know it's the 11th hour.  This

19  is not the way it's supposed to happen, but it is what it is.

20          And so I'm now, I think, joining in him -- with him

21  to move to continue the sentencing to allow him time to digest

22  and look at that further.

23          THE COURT:  All right.  I guess is this information

24  that would have been impacted the plea?  I'm a little --

25          MR. BROWN:  No, Your Honor.  This is sentencing type

Case 3:21-cr-00106-MMH-JBT   Document 69   Filed 02/07/23   Page 4 of 9 PageID 251
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 132 of 200

4

 1  information.

 2          THE COURT:  Okay.

 3          Mr. Grant.

 4          MR. GRANT:  Yes, Your Honor.  When Mr. Brown advised

 5  me -- I was just about ready to talk to Mr. Yotka outside the

 6  marshal's lockup and Mr. Brown walked up to me.

 7          Based on what he communicated to me, I spoke to

 8  Mr. Yotka and I didn't feel comfortable going forward.  That's

 9  how it is.  And I advised Mr. Yotka that I needed to review the

10  material that the government was alluding to.  And so for that

11  reason I am asking for a continuance.

12          I understand, having been here this morning, the

13  Court's calendar.  And on top of that, you and I are in trial

14  the week of the 12th.  I communicated to Madam Deputy, I think

15  that that particular trial will be over -- at least the

16  evidentiary part of it will be over no later than Thursday.

17  And so if you're available that Friday, the 16th, I think that

18  would be a good day, if you're available.

19          THE COURT:  I think I was planning to be with you.

20  Can you-all give me an idea of what sort of information -- this

21  is a little unusual.  I guess I just want to --

22          MR. BROWN:  I can, Your Honor.  Could we do it at

23  sidebar?

24      (Proceedings at sidebar:)

25          THE COURT:  Go ahead, Mr. Brown.

1           MR. BROWN:  Your Honor, and again, I apologize.  I'm

2   so sorry about this.  But in any event, in addition to the

3   charged conduct, there is additional information about the

4   victims in this case that the defendant had produced images of

5   them that were detected in a cyber tip to the authorities in

6   Gainesville about a week -- actually, that were produced --

7   would have been produced and uploaded about -- on August 24th

8   of 2021.  That production predates the production in this case.

9   So essentially it's the same -- the same children he produced

10  images of in August, on August 24th, that came through Kik as

11  well.

12          It's not the charged conduct, but to the extent that

13  a defense strategy might be to suggest that, you know, this is

14  the only time this has ever happened, I didn't want Mr. Grant

15  to walk into that buzz saw.

16          I didn't want the Court to be compromised without

17  having the information.  You know, I just -- I don't know what

18  else to do other than stop the proceeding here and ask for a

19  continuance to allow Mr. Grant to view the images.  And again,

20  it's not a -- it's not complex, it's just basically on

21  August 24th, this is what happened.

22          THE COURT:  Okay.  That's fine.  I -- we -- the way

23  you described it sounded different, and I was -- I guess I was

24  trying to understand why it -- why the defense would need

25  additional time.  Now that you've explained it, I can certainly

Case 3:21-cr-00106-MMH-JBT   Document 69   Filed 02/07/23   Page 6 of 9 PageID 253
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 134 of 200

6

1    see why Mr. Grant would want to be able to discuss it with

2    Mr. Yotka and that it could affect how he intended to proceed

3    at the sentencing today.

4              MR. GRANT:  Correct.

5              THE COURT:  So -- okay.  Thank you.

6              MR. GRANT:  Thank you.

7         (Proceedings in open court:)

8              THE COURT:  All right.  Having conferred with counsel

9    and been given additional information, I'm convinced that a

10   continuance is certainly warranted in order to allow counsel to

11   consider and discuss the additional information received today

12   with his client and determine the effect it may or may not have

13   on the sentencing presentation.  So for that reason, the Court

14   will grant the motion and will continue the matter.

15             So you're confident, Mr. Grant, that if we start --

16   I'm trying to think how.  We're planning -- Judge Barksdale's

17   picking the jury on the Monday, and were we going to start that

18   afternoon or that --

19             MR. GRANT:  You hadn't told us.  But now that she's

20   shaking her head, I'm happy to hear that, or see that.

21             But if we picked the jury on the 12th and then start

22   the trial on the 13th, I'm fairly confident that the

23   evidentiary portion will be concluded by the fif- -- by the

24   14th, more than likely, but the 15th at the outset.

25             I don't see us going beyond -- into the 16th as far

Case 3:21-cr-00106-MMH-JBT   Document 69   Filed 02/07/23   Page 7 of 9 PageID 254
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 135 of 200

7

1    as the evidentiary portion of it.

2            THE COURT:  And including having instructed the jury?

3            MR. GRANT:  Yes.  I think we can instruct the jury no

4    later than the 15th is what I'm saying.

5            THE COURT:  Okay.  So if we move this, just in an

6    abundance of caution, to the afternoon of the 16th at 1:30 --

7    I'm not looking at a calendar.

8            Madam -- Ms. Wiles, is that --

9            COURTROOM DEPUTY:  That is open, Your Honor.

10           THE COURT:  Mr. Grant.

11           MR. GRANT:  Yes, Your Honor.

12           MR. BROWN:  At what time, Your Honor?

13           THE COURT:  1:30.

14           MR. BROWN:  That would be fine, thank you.

15           THE COURT:  And I also -- I think that Ms. Wiles told

16   me that there was no longer an anticipation that we would have

17   any witnesses --

18           MR. GRANT:  Correct.

19           THE COURT:  -- or expert witnesses?

20           MR. GRANT:  Correct.

21           THE COURT:  Okay.  All right.  So I'll grant the

22   motion and we'll continue the sentencing to December -- Friday,

23   December 16th, at 1:30 in the afternoon.

24           And I know that a representative of the family of the

25   victims is present.  I apologize for the inconvenience, but

Case 3:21-cr-00106-MMH-JBT   Document 69   Filed 02/07/23   Page 8 of 9 PageID 255
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 136 of 200

8

```
 1   hopefully you'll be able to come back on December the 16th.

 2            Is that date okay with you?

 3            UNIDENTIFIED SPEAKER FROM AUDIENCE:  That's fine.

 4            THE COURT:  Okay.  All right.  Then anything further

 5   we need to address at this time, Mr. Brown?

 6            MR. BROWN:  No, Your Honor.

 7            THE COURT:  Mr. Grant?

 8            MR. GRANT:  No, Your Honor.

 9            THE COURT:  All right.  Well, you-all have a happy

10   Thanksgiving.  We'll be in recess.

11            MR. GRANT:  You as well.

12            COURT SECURITY OFFICER:  All rise.

13       (Proceedings concluded at 1:12 p.m.)

14                         -     -     -

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              CERTIFICATE OF OFFICIAL COURT REPORTER

 2

 3   UNITED STATES DISTRICT COURT)

 4   MIDDLE DISTRICT OF FLORIDA )

 5

 6        I hereby certify that the foregoing transcript is a true

 7   and correct computer-aided transcription of my stenotype notes

 8   taken at the time and place indicated herein.

 9

10        DATED this 20th day of January 2023.

11

12                        /s/ Katharine M. Healey
                          Katharine M. Healey, RMR, CRR, FPR-C
13                        Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25
```

# DOC. 70

```
 1                  UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
 2                    JACKSONVILLE DIVISION

 3   UNITED STATES OF AMERICA,      Case No. 3:21-cr-00106-MMH-JBT

 4         Plaintiff,               December 21, 2022

 5   v.                             9:47 a.m. - 10:56 a.m.

 6   SCOTT MATTHEW YOTKA,           Courtroom 10B

 7         Defendant.
     _____

 8
                              SENTENCING
 9
             BEFORE THE HONORABLE MARCIA MORALES HOWARD
10                  UNITED STATES DISTRICT JUDGE

11                     A P P E A R A N C E S

12
     COUNSEL FOR PLAINTIFF:
13   D. RODNEY BROWN, Esquire
       United States Attorney's Office
14     300 North Hogan Street, Suite 700
       Jacksonville, FL 32202
15

16   COUNSEL FOR DEFENDANT:
     MAURICE C. GRANT, II, Esquire
17     Federal Public Defender - MDFL
       200 West Forsyth Street, Suite 1240
18     Jacksonville, FL 32202

19
     OFFICIAL COURT REPORTER:
20   Katharine M. Healey, RMR, CRR, FPR-C
       PO Box 56814
21     Jacksonville, FL 32241
       Telephone: (904) 301-6843
22     KatharineHealey@bellsouth.net

23                       (Proceedings reported by stenography;
                          transcript produced by computer.)
24

25
```

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 2 of 36 PageID 258
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 140 of 200

2

1                          I N D E X

2                                                        PAGE

3   GOVERNMENT'S PROFFER................................ 6

4   DEFENDANT'S PROFFER................................ 17

5   STATEMENT BY DEFENDANT............................. 22

6   COURT'S IMPOSITION OF SENTENCE.................... 26

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 3 of 36 PageID 259
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 141 of 200

3

1                         P R O C E E D I N G S

2    December 21, 2022                                    9:47 a.m.

3              COURT SECURITY OFFICER:  All rise.  The United States

4    District Court in and for the Middle District of Florida is now

5    in session.  The Honorable Marcia Morales Howard presiding.

6              Please be seated.

7              THE COURT:  This is Case No. 3:21-cr-106-MMH-JBT,

8    United States of America vs. Scott Matthew Yotka.

9              Mr. Brown is here on behalf of the United States.

10             Mr. Brown, could you please introduce the case agent.

11             MR. BROWN:  Yes, Your Honor.  Good morning.  This is

12   Special Agent Daniel Moxley with the FBI.

13             THE COURT:  Mr. Grant is here on behalf of Mr. Yotka

14   and Mr. Yotka is in the courtroom.  We're scheduled for a

15   sentencing.

16             Is the United States prepared to proceed?

17             MR. BROWN:  Yes, Your Honor.

18             THE COURT:  And you, Mr. Grant?

19             MR. GRANT:  Yes, Your Honor.

20             THE COURT:  All right.  Mr. Yotka, on May 13th of

21   2022 you entered a plea of guilty to Counts One and Two of the

22   indictment, which each charged you with production of child

23   pornography, in violation of Title 18, United States Code,

24   Sections 2251(a) and 2251(e).

25             The Court has accepted your guilty pleas, and so

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 4 of 36 PageID 260
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 142 of 200

4

1  we're at the stage of the proceedings where it's necessary for

2  the Court to determine the appropriate sentence.

3          There is a process that the Court must follow for

4  sentencing.  It begins with the preparation of a presentence

5  report, and the next thing that's supposed to happen is that

6  you're supposed to review that presentence report with your

7  attorney.

8          Did you have an opportunity to do that?

9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  Did Mr. Grant answer all of the questions

11  you may have had about that presentence report?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  Mr. Grant, did you have sufficient

14  opportunity to review the PSR with this gentleman?

15          MR. GRANT:  I did, Your Honor.

16          THE COURT:  Does he have any outstanding objections

17  to the factual statements or the guideline calculations?

18          MR. GRANT:  What I will say is none that we were able

19  to substantiate.

20          THE COURT:  Okay.  Thank you, Mr. Grant.

21          Mr. Brown, any objections by the United States?

22          MR. BROWN:  No, Your Honor.

23          THE COURT:  All right.  There being no objections to

24  the factual statements and the guideline calculations set forth

25  in the presentence report, the Court accepts those as its

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 5 of 36 PageID 261
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 143 of 200

5

1  findings and determines that the guidelines applicable to

2  Mr. Yotka are as follows:  Total offense level is 43.  It's

3  actually calculated higher than 43, but because that's the

4  maximum, it's offense level 43.  Criminal History Category is

5  I, which yields a guideline term of imprisonment of basically

6  the statutory maximum of 720 months, with a term of supervised

7  release of at least five years and up to life, restitution to

8  be determined, fines ranging from $50,000 to $250,000, two

9  special assessments of $100 each, a potential special

10  assessment under the JVTA of $5,000, and then under the AVAA of

11  $50,000.

12         Mr. Grant, is that consistent with your

13  understanding, sir?

14         MR. GRANT:  Yes, Your Honor.

15         THE COURT:  And yours, Mr. Brown?

16         MR. BROWN:  Yes, Your Honor.

17         THE COURT:  All right.  Then at this time I'll hear

18  from Mr. Brown with his recommendation.

19         And then, Mr. Grant, I'll hear from you on behalf of

20  Mr. Yotka.

21         And Mr. Yotka, I'll give you an opportunity to speak

22  if you want to speak.  You don't have to, but it is certainly

23  your right to do so, okay?

24         THE DEFENDANT:  Yes, ma'am.

25         THE COURT:  Mr. Brown.

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 6 of 36 PageID 262
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 144 of 200

6

1    MR. BROWN:  May it please the Court.  Your Honor is

2    advised by a very thorough presentence investigative report in

3    this case.

4         As the Court correctly knows, the defendant pled

5    guilty to two counts of production of child pornography.  I'm

6    just going to highlight some of the facts and talk about some

7    of the factors that the Court -- we suggest that the Court

8    consider, and then, of course, specifically some of the factors

9    under Section 3553(a) which the Court, of course, is obligated

10   to consider.

11        The Court is aware that this began as an undercover

12   investigation, and it really unfolded very quickly.  And one of

13   the reasons why it unfolded quickly was because the FBI came to

14   understand that real children were involved and that they were

15   potentially in a situation where they were being on- -- in an

16   ongoing state of molestation; that is, by the defendant.

17        So this undercover operation began on September 15th,

18   2021.  And essentially an undercover officer up in Washington

19   engaged in online conversation, messaging, on a public -- or a

20   social messaging app called Kik and made contact with

21   "Scottnjax44," who was the defendant.  It turns out that

22   Mr. Yotka was the administrator of this particular chat room.

23        And after the initial entrée by the undercover to the

24   chat room, Mr. Yotka responded, quote -- with a message that

25   said, quote, "All you new people that came in and have not

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 7 of 36 PageID 263
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 145 of 200

7

1   verified, please do so now."

2          This is a verification process with regard to certain

3   chat rooms in certain applications.  And the administrator

4   there, that is, the defendant, was simply suggesting that they

5   comply with the rules, which may have been providing a

6   photograph or other types of minimum requirements.

7          The conversation then went right to it.  Mr. Yotka

8   responded to the undercover, or began talking with the

9   undercover, and said, quote, "You acted with anyone?"

10          This information is set forth in -- it's not set

11   forth in detail in the presentence investigation, but it is in

12   the Criminal Complaint that was filed in this case as docket

13   number 1.

14          Mr. Yotka indicated that the children that he had

15   access to were 6G, 4B, and 1B; that is, a six-year-old girl, a

16   four-year-old boy, and a one-year-old boy.

17          He, upon questioning by the undercover which children

18   he was active with, indicated that he was active with the boys

19   "cuz," quote, "girl won't play."

20          And he goes on to say subsequently that this

21   particular girl -- who is a real -- was at the time six years

22   old and was a real person and was in the residence -- indicated

23   that -- in the chats to the undercover Mr. Yotka indicated,

24   quote, that he "wanted that with the girl" -- talking about

25   sexually explicit conduct -- "but, like I said, she won't play

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 8 of 36 PageID 264
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 146 of 200

8

1   nicely," essentially meaning that she is not interested or

2   rejects those type of advances.

3           Mr. Yotka and the undercover go on to continue to

4   discuss sexual conduct that they both had performed involving

5   children.  Of course, the undercover's conduct is all imaginary

6   and fake.

7           Mr. Yotka responded, talking about how he engaged in

8   sexually explicit conduct with the four-year-old and the

9   one-year-old, and he noted, quote, "They squirm, LOL."

10          Quote, "And they look" -- "and have that look like,

11  let's just get this over with," closed quote, during the time

12  that he was engaging in sexual activity with them.

13          He also noted that, quote, "Little one is starting to

14  bite, so gotta be careful with him."

15          When asked what he was trying to do, Mr. Yotka

16  responded, quote, "Eventually, everything."

17          And then there's that line, "Love to f-u-c-k their

18  little holes," et cetera, which is set forth in the PSR that

19  follows.

20          The undercover asked if his wife knew and Mr. Yotka

21  responded, "Nope.  Have to go around her," closed quote.

22          And in this case the two -- the charged images were

23  produced by Mr. Yotka on September 3rd, which FBI verified that

24  the mother of the victim children worked that day, had a job

25  and worked that day.  Or was at work that day, I should say.

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 9 of 36 PageID 265
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 147 of 200

9

1    There was additional conversation where Mr. Yotka

2 indicated, "Swap boys?"  Meaning perhaps they could each engage

3 in each other's -- in sexual activity with each other's

4 children.

5    And then unsolicited there were a series of images

6 and a video that were provided to the undercover and -- after

7 discussion about some of the specifics of that, because the

8 undercover said, quote, "How do I know you're a good dad too,"

9 closed quote.

10    And then Mr. Yotka sent a number of images which are

11 described in the presentence investigative report.  They

12 involve the lascivious exhibition of genitalia and anal

13 penetration of the children and also oral-to-genital

14 intercourse with him; that is, Mr. Yotka.

15    So this case involves a person who's an administrator

16 of a Kik chat room that specifically is tailored to taboo

17 conduct with children.  The case involves anal penetration of

18 two very young children.  The case involves the distribution of

19 images and videos as well, and arguably unsolicited

20 distribution.

21    The presentence investigative report also talks about

22 the preliminary conduct, that is, the offense conduct in this

23 case, and I've already mentioned that.  It also speaks to the

24 specific statements that Mr. Yotka made when he was contacted

25 when the FBI executed a search warrant at his residence on

Case 3:21-cr-00106-MMH-JBT  Document 70  Filed 02/07/23  Page 10 of 36 PageID 266
USCA11 Case: 23-10031  Document: 22  Date Filed: 03/29/2023  Page: 148 of 200

10

1    September 17th.

2         And just so the Court understands how this unfolded,

3    on September 15 these conversations happen with the undercover.

4    The FBI makes contacts, they do some geolocation, and they find

5    out that this IP address -- the IP addresses that were used by

6    "Scottnjax44" resolve to Jacksonville, to two locations:  one,

7    the residence of the defendant; and two, the Ed Ball Building,

8    which is right across the street, because at the time Mr. Yotka

9    worked as an emergency dispatcher for JSO, as a public

10   emergency operator, if you will.  And so what that means is

11   that he was engaging in Kik conversations from the Ed Ball

12   Building while he was either on the way to work, on the way

13   home from work, or at work.

14        JSO cooperated with the investigation.  And the FBI

15   moved quickly to obtain a search warrant, going to the home of

16   the magistrate judge in the evening of September 16th, 2021,

17   during a -- as I recall, a rain storm.

18        They learned, with coordination with JSO, that the

19   defendant was working the night shift, and so that gave -- at

20   least the FBI knew at that time that the children were not at

21   risk and they had time to get a search warrant and not use

22   other exigency type of techniques.  And they were able to

23   execute the search warrant as he rolled up, having gotten off

24   of his shift in the early morning hours of September 17th.

25        The presentence investigative report lays out in

Case 3:21-cr-00106-MMH-JBT  Document 70  Filed 02/07/23  Page 11 of 36 PageID 267
USCA11 Case: 23-10031  Document: 22  Date Filed: 03/29/2023  Page: 149 of 200

11

 1  substantial detail some of the statements that he made.  I

 2  wanted to point out just a few of them.

 3         He admitted, eventually, sending pornographic

 4  pictures of the children that he had access to.  He admitted

 5  inserting a foreign object and described how he did that.  He

 6  admitted that he ejaculated on at least one of the children.

 7         He indicated that he did this and took these pictures

 8  because he was, quote, "trying to fit in," closed quote, with

 9  other members of the group.

10         He was shown several of the images and video, and he

11  acknowledged that he took them a couple weeks ago.  And as I've

12  already indicated, metadata that was imbedded on the images and

13  the video indicated they were produced during a relatively

14  short time period on September 3rd.

15         He indicated that he did not send the images and

16  video to other members of the group, meaning other members

17  other than the undercover that he was talking to.  And he said

18  in paragraph 17 on page six of the PSR, quote, "This is a

19  one-time incident."

20         We learned that that was not true, because on

21  August 24th of 2021 there were images that were uploaded to the

22  Kik app by Mr. Yotka's IP address and sent to NCMEC, and the

23  FBI was alerted to those subsequently as well.  Those

24  happened -- that upload on August 24th happened approximately

25  ten -- ten days or so before the production on September 3rd.

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 12 of 36 PageID 268
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 150 of 200

12

1   They depicted the same children in similar type images.  And so

2   it was not actually a one-time incident.

3          He indicated that he does not store child pornography

4   on his cellular phone and probably, quote, "already deleted the

5   images" he took of the two minors.  And these were minors that

6   lived in the residence with him that he had not only access to,

7   but sometimes custody and control over, obviously.

8          He -- and that seems to be true, that there was not

9   child pornography, or at least large amounts of child

10  pornography, stored on the phone.  There were the images that

11  were produced by him that were charged, and that was largely

12  it.

13         There were -- in the cyber tip that I mentioned on

14  August 24th, there were another couple of images of other

15  minors, but not on his phone.

16         He indicated that he knew that what he did was

17  harmful to the children.  And, of course, we all know, common

18  sense tells us, that that was true.  Those children suffered

19  during these -- the incidents wherein they were forced to

20  engage in oral sex with the minor and pene- -- or, excuse me,

21  with the defendant and penetrated by the defendant.

22         We even know that through his own statements that he

23  made wherein he talked about them squirming and looking like

24  they -- hey, let's just get this over with.

25         He also, by his own admission, attempted to molest

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 13 of 36 PageID 269
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 151 of 200

13

1    the third child, the six-year-old child, that was in the

2    residence as well.  But we have no information that that ever

3    happened.  And he -- so there's no reason to doubt that she had

4    rejected his advances.

5           So here's an emergency dispatcher who is charged with

6    responding to emergencies who actually created one for the FBI,

7    and with potentially devastating results for the children.

8           So the good news is, is that the FBI was able to

9    rescue the two actual victims and the other children and to

10   remove the defendant from being able to get his hands on any of

11   them again anytime soon.

12          The defendant's 48 years old.  I would suggest to the

13   Court that -- well, I would assert to the Court that he has a

14   deep-seated sexual interest in children, as proven by the

15   conduct which I've just gone through.  He's not going to

16   change.  And the guidelines recommend a 60-month -- 60-year

17   sentence in this case, and that's the sentence that we

18   recommend to the Court as well.

19          The -- this Court has some experience in similar

20   types of cases in this courthouse and similar types of

21   potential sentences.  And I'll just mention a few of them.

22   This Court, of course, tried the case of Columbus -- excuse me,

23   Colin Moran.  I can't read my own writing.

24          THE COURT:  Colum Patrick Moran.

25          MR. BROWN:  That's correct, Your Honor.  About a year

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 14 of 36 PageID 270
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 152 of 200

14

1   and a half ago.  Mr. Grant was his lawyer.  In that case, the

2   Court sentenced the defendant to a below-guideline sentence.

3   It ended up being 64 years, a significance sentence.

4           Mr. Moran's case is a little different -- well, it's

5   a lot different in ways, but the sentence is similar.  Of

6   course, we -- the United States never was able to prove -- and

7   there was no evidence that Mr. Moran actually was hands-on with

8   children, but he also had a cache of child pornography that was

9   significant, which makes it different than this case.

10          There was the case of United States vs. Columbus

11  Jeffrey, which I think Mr. Grant was also the defense lawyer as

12  well.  That was before Judge Corrigan.  There was a plea to two

13  counts of child pornography in that case involving an actual

14  11-year-old boy.  And in that case the defendant was sentenced

15  to the statutory maximum, which in that case was the

16  recommended guideline sentence, similar to this one, of

17  60 years.  A difference in that case was that the defendant

18  also had a cache of child pornography other than the produced

19  images.  But in that case the defendant also distributed the

20  image or images of the child that was molested in that case.

21          And then lastly, Andrew Leslie, who pled guilty to

22  two counts of production of child pornography involving a

23  two-year-old and I think a six-month-old.  He received a

24  statutory maximum of 60 years after a guilty plea to two

25  counts.  The guidelines recommended that as well.  The conduct

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 15 of 36 PageID 271
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 153 of 200

15

1    is similar.  The difference is that Mr. Leslie was an

2    administrator of a child pornography server and was engaged in

3    activities with people through the internet, other pedophiles

4    through the internet, and there's no evidence of that level of

5    sophistication in this case.

6              So the United States recommends a 60-year sentence in

7    this case to -- and it would not be -- it would be sufficient

8    to protect the public from this type of behavior.  It would

9    essentially incapacitate the defendant and not allow him to be

10   around children again.

11             We'd also ask for a term of supervised release of

12   life.  Even if the defendant gets a 60-year sentence, as the

13   Court knows, he won't serve all of that.  He'll serve

14   86 percent at best.  And we don't know what the future will

15   hold.  We don't know if there's the possibility of commutation

16   somewhere down the line.  We don't know if there's the

17   possibility of other types of release, early release, based on

18   various statutes.  And so that would ensure ongoing supervision

19   for a person who has a very deep-seated sexual interest in

20   children that he is willing to act on.

21             There is no restitution in this case, Your Honor.

22   The victim's mother has been not only interviewed by the FBI,

23   I've spoken with her, our victim/witness specialist who is in

24   the court has spoken with her as well.

25             As the Court may remember, she was here three weeks

1   ago when we were -- when we were set for sentencing.  She was

2   made aware of the new sentencing date by our victim/witness

3   specialist, Ms. Daniels.

4        Ms. Daniels emailed me late last night and indicated

5   that she finally heard back from -- because we wanted to

6   confirm with her that she was going to be able to come and

7   assist her in making whatever presentation, or no presentation

8   at all if she wished, to the Court, but at least have the

9   opportunity to be heard.  And she declined and she said that

10  she had to work today, and so she is not -- she is not here.

11       THE COURT:  And she's not interested in any sort of

12  counseling for the children?

13       MR. BROWN:  That's right, Your Honor.  We made

14  available to her -- you know, asked her if there was any type

15  of restitution, if there was any type of harm that she could

16  seek compensation for, and she declined any of that.  Or all of

17  that, I should say.  And I will say that there's no evidence

18  that the children have received any of that type care;

19  professional care, I should say.

20       One last point, Your Honor -- or, actually, two last

21  points, and largely housekeeping.

22       Of course, the Court entered a preliminary order of

23  forfeiture in that case.  We would ask that the Court enter a

24  final order of forfeiture with regard to the OnePlus phone.  I

25  think that was docket 42.  And so we'll ask that the Court

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 17 of 36 PageID 273
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 155 of 200

17

 1   orally pronounce that and also put that in the judgment.

 2          And then I would be happy to move now to dismiss

 3   Count Three.

 4          THE COURT:  I didn't -- hold on.

 5          Mr. Brown, in document number 43 you gave notice that

 6   you would not seek to complete the criminal forfeiture of this

 7   cellular phone.

 8          MR. BROWN:  And that's because of an administrative

 9   forfeiture?

10          THE COURT:  Yes.

11          MR. BROWN:  I apologize, Your Honor.  It's been a

12   while since I looked at that.  I grabbed the preliminary order

13   of forfeiture, so I'll --

14          THE COURT:  I just knew I didn't have a final order

15   of forfeiture in the file, so that's why I was confused.

16          MR. BROWN:  And again, I apologize, Your Honor.  Lots

17   of different cases downstairs.

18          THE COURT:  Understood.

19          MR. BROWN:  Thank you.

20          THE COURT:  All right.  Let me hear from Mr. Grant.

21          MR. GRANT:  Good morning, Your Honor.

22          THE COURT:  Good morning, Mr. Grant.

23          MR. GRANT:  Your Honor, without saying, this is a

24   very difficult case for the Court and also for Mr. Yotka.

25          As Mr. Brown indicated, when Mr. Yotka was

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 18 of 36 PageID 274
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 156 of 200

18

1   interviewed by the FBI shortly after his encounter, he

2   acknowledged and admitted virtually all of the conduct which

3   has given rise to the charges for which he is facing today.

4           Prior to August of last year, July, June, Mr. Yotka

5   lived what would probably be described as an ordinary life.

6   And that is to say that he was born in 1974.  At the age of

7   four he was adopted.  He was raised by his adoptive parents.

8   He graduated from high school on time, in 1992.  He went to

9   work, just like most kids coming out of high school.

10          1997 he got married.  And then after getting married,

11   in order to support his family that was coming, he enlisted in

12   the Army.  And that was in March of 19- -- of 1997.

13          Unfortunately for him, he had physical incapacitation

14   which caused his discharge from the military.  I believe it was

15   in October of 1997.

16          So up until that time he was just like any other

17   child or young adult who is trying to establish a life for

18   himself, oftentimes going into the military, hoping to be able

19   to have a career in the military and be able to come out and

20   support your family.  That didn't happen for him.

21          So he comes out of the military, he comes back home,

22   he eventually starts working for his parents.  His parents, his

23   father, owned -- it was a family-owned HVAC company.  He ended

24   up getting his certification and he worked for them for about

25   16 years.

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 19 of 36 PageID 275
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 157 of 200

19

1        During that time his family life fell apart.  He and

2   his wife divorced.

3        I had stated earlier that Mr. Yotka did not have any

4   substantiated objections to the presentence investigation

5   report.  And what I meant by that, and I'll clarify, is that in

6   the presentence investigation report his wife makes the claim

7   that he forced her to have sex with other couples.  Mr. Yotka

8   vehemently denies that.  He says it was consensual.  And, in

9   fact, he said that his wife left him for one of the individuals

10  that they were engaged in sex with who was living with them at

11  the time.

12       We were not able to locate that individual to

13  substantiate Mr. Yotka's position, but that is what Mr. Yotka

14  has told us, that his wife left him for an individual who was

15  living with them who they were engaged in sexual activities

16  with.

17       Additionally, Mr. Yotka raised his oldest sons.  Now,

18  one of his sons claims that Mr. Yotka abused them.  Mr. Yotka

19  has indicated that he didn't -- he did not abuse his son.

20       We wanted to clarify to make sure that the abuse

21  wasn't sexual.  We contacted the son.  The son said that it was

22  not sexual, but he did describe what he said was abuse.

23       Mr. Yotka has indicated to us, and we don't have

24  reason to believe otherwise, that it was just general

25  parenting.  But nevertheless, as the Court may know, I mean,

1  what a parent might think is normal can be seen as being

2  abusive.

3          But in any event, from Mr. Yotka's perspective, he

4  raised his sons the best he could.  And therefore, that's one

5  of the other factors that we are talking about when we say we

6  cannot substantiate his objection.  But nevertheless, that is

7  what he's saying.

8          Mr. Yotka worked for his parents for a period of

9  about 16 years.  During that time, as he indicates, their

10  relationship deteriorated.  And I think that had a lot to do

11  with the fact that Mr. Yotka did not believe that he was being

12  appreciated by his parents for his dedication and work, staying

13  in the family business and trying to make it work.

14          His parents eventually closed the business or sold it

15  or just dissolved it.  In any event, Mr. Yotka then had to go

16  and seek other employment.  And as the presentence

17  investigation reports, he did.  He went from employment to

18  employment to employment.  Again, all the purpose being to

19  provide the funds necessary to provide for his kids, because he

20  did eventually have two other children from another individual.

21  And Mr. Yotka was trying his best to support his family.

22          He found himself most recently working at the

23  Jacksonville Sheriff's Office, as the government has indicated

24  and as the report does reflect.

25          Again, up until that time Mr. Yotka has just been

Case 3:21-cr-00106-MMH-JBT  Document 70  Filed 02/07/23  Page 21 of 36 PageID 277
USCA11 Case: 23-10031  Document: 22  Date Filed: 03/29/2023  Page: 159 of 200

21

1  doing what a normal individual would be doing in their life.

2  Mr. Yotka, prior to this incident, had never been arrested for

3  anything.  No traffic ticket, nothing.  Just an individual,

4  again, who's going about daily life just doing the best that he

5  can.

6         At some point in time he became involved in the

7  viewing of child pornography, and then that led to where we are

8  today.

9         I would suggest to the Court that -- and as Mr. Brown

10  was going through the number of individuals that this Court --

11  or that have been sentenced in this courthouse, referring to

12  two of the cases which I had, it's kind of difficult for me to

13  make comments about that.  But the only one I will comment

14  about is Colum Patrick Moran, which is currently on appeal and

15  is still -- an opinion has not been rendered by the Eleventh

16  Circuit, so I will point that out.

17         But I would suggest in this particular case that a

18  term of 40 years, that is, 20 years on each count consecutive,

19  is more than appropriate.

20         And I understand, you know, the actual conduct that

21  was engaged, both the physical contact and also the

22  distribution of the images.  But I just want to emphasize the

23  fact that Mr. Yotka, up until most recently -- there is no

24  indication that Mr. Yotka engaged in any type of conduct of

25  this nature prior to 2021.  And yes, it is fortunate that he

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 22 of 36 PageID 278
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 160 of 200

22

1   was apprehended, and he is now facing the consequences of it.

2   But again, as I indicated, when he first came into contact with

3   the FBI, he acknowledged all of his conduct as it related to

4   his engagement with these children.

5           And so I would suggest, again, like I said, a term of

6   20 years consecutive on each count would be appropriate.

7           Thank you.

8           THE COURT:  Thank you, Mr. Grant.

9           Mr. Yotka, as I said, you don't have to speak but it

10  is your right to do so.  Is there anything that you would like

11  to say at this time, sir?

12          THE DEFENDANT:  I would just like to say that, you

13  know, this has been the worst thing that I've ever gone

14  through.  And, you know, the fact that from here on out I don't

15  get to see my kids graduate high school or get their driver's

16  license, go to college, get married, have their family, that's

17  probably more painful than anything I've ever experienced in my

18  life.  And to honestly say that, you know, this just isn't

19  worth anything that should be done.  And I just -- you know, I

20  put myself at your mercy.  And that's it.

21          THE COURT:  All right, sir.  Thank you.

22      (Pause in proceedings.)

23          THE COURT:  Mr. Grant, is there any bar to

24  sentencing?

25          MR. GRANT:  No, Your Honor.

Case 3:21-cr-00106-MMH-JBT  Document 70  Filed 02/07/23  Page 23 of 36 PageID 279
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 161 of 200

23

1          THE COURT:  Mr. Brown?

2          MR. BROWN:  No, Your Honor.

3          THE COURT:  And the Court -- consistent with

4    Mr. Brown's representation, the Court simply makes note on the

5    record that there is no victim in the courtroom.

6               Mr. Yotka is before the Court having pled guilty to

7    two counts of production of child pornography.  His sentencing

8    guidelines would be life but for the statutory maximum.  His

9    guideline sentence is 60 years, which is the statutory maximum

10   for each count.

11              And so the Court, of course, begins by considering

12   the guidelines and then turns to the 3553 factors and looks at

13   the nature and circumstances of the offense and the history and

14   characteristics of the defendant and is charged with imposing a

15   sentence that is sufficient, but not greater than necessary, to

16   accomplish the statutory purposes of sentencing, which include

17   the need for the sentence to reflect the seriousness of the

18   offense; to promote respect for the law; to provide just

19   punishment; to afford adequate deterrence not just for

20   Mr. Yotka, but for those that might have similar interests; to

21   protect the public from further crimes of the defendant; and,

22   of course, always seeking to avoid any unwarranted sentencing

23   disparity.

24              The nature and circumstances of the offense are

25   horrible.  The Court sees many individuals charged with

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 24 of 36 PageID 280
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 162 of 200

24

1  possessing child pornography, charged with distributing child

2  pornography, but not so many of those that actually create the

3  child pornography.

4        Mr. Yotka actually created the child pornography.

5  And more than just creating this contraband imagery, Mr. Yotka

6  physically abused these two young children in the most horrible

7  way.  And he physically abused these two young children that

8  were in his care.

9        And not only was he willing to harm and destroy these

10  children, but he was willing to offer to share them with other

11  people so that they, too, could abuse these two young children.

12        And, of course, he was willing to share the imagery

13  that he created without any regard for the harm of the children

14  not only for his own abuse of them, but sharing it on the

15  internet, where, as we all know, it will never go away.  The --

16  so the offense conduct is horrible.  It's extraordinarily

17  serious.

18        And, indeed, the guidelines -- at level 43, the

19  guidelines are life.  Mr. Yotka's guidelines would actually be

20  level 48, but the sentencing table doesn't go that high.

21        And so the nature and the circumstances of the

22  offense -- simply -- simply creating the child pornography

23  would be bad enough, but the circumstances under which

24  Mr. Yotka engaged in that conduct with the children in his

25  care, and with the willingness to hand them off to another

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 25 of 36 PageID 281
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 163 of 200

25

1   person, just emphasizes his lack of any regard for the

2   well-being of those children.

3          And then when one looks at Mr. Yotka's history and

4   characteristics, his personal history, that's where one would

5   seek to find mitigation, seek to find some reason to understand

6   why Mr. Yotka would behave in this fashion.  And I struggle to

7   identify any mitigating factor in Mr. Yotka's background.

8          True, he has no criminal history, but the guidelines

9   take that into account because he has a Criminal History

10  Category of I.  There's nothing -- unlike many of the

11  individuals that the Court sees, there's nothing that can

12  explain why he would act in a manner that I have to describe as

13  depraved and be willing to victimize these two young boys, and

14  apparently desired to victimize the young girl.  That's part of

15  his history and characteristics.

16         The other parts of his history and characteristics,

17  in addition to not reflecting any significant mitigation, there

18  are aggravating factors.  Mr. Yotka's decision to administer a

19  chat room for individuals interested in incest fetishes and

20  little-kid things suggests a very deep-seated sexual deviance.

21  And by running a chat room like that, he's simply encouraging

22  others.  That is of concern.

23         And also I found it troubling that Mr. Yotka's

24  comments -- in his comments he expressed no remorse for the

25  children or the harm he inflicted on the children, only regret

Case 3:21-cr-00106-MMH-JBT  Document 70  Filed 02/07/23  Page 26 of 36 PageID 282
USCA11 Case: 23-10031  Document: 22  Date Filed: 03/29/2023  Page: 164 of 200

26

1    for the impact of his actions on his own life.

2          So in my view, the guideline sentence is the

3    necessary sentence, and I simply struggle to find any reason to

4    vary downward.  And in particular given -- given the reality

5    that, as I said, the guidelines would be -- would be much

6    higher but for the statutory maximum.  And they would be that

7    much higher because of Mr. Yotka's decisions and the gravity of

8    his offense conduct.

9          And so for all of those reasons it's the Court's

10   intention at this time to impose a guideline sentence because

11   that sentence is absolutely necessary to reflect the

12   seriousness of the offense, to promote respect for the law.

13   It's absolutely necessary to accomplish just punishment.  It's

14   necessary -- critical, I would say, for deterrence not just in

15   Mr. Yotka, but to anyone else that would sacrifice the

16   well-being of a child for their own sexual gratification.  And

17   in my view, it's also necessary to protect the public from

18   future acts of Mr. Yotka.  So for those reasons, I intend to

19   impose a guideline sentence at this time.

20         And I'll ask Mr. Grant and Mr. Yotka to come up to

21   the podium.

22         The Court has asked why judgment should not be

23   pronounced and has been given no cause.  I've heard from

24   counsel, I have reviewed the presentence report, and I have

25   heard from Mr. Yotka.  Pursuant to Title 18, United States

Case 3:21-cr-00106-MMH-JBT  Document 70  Filed 02/07/23  Page 27 of 36 PageID 283
USCA11 Case: 23-10031  Document: 22  Date Filed: 03/29/2023  Page: 165 of 200

27

1  Code, Sections 3551 and 3553, it is the judgment of the Court

2  that the defendant, Scott Matthew Yotka, is hereby committed to

3  the custody of the Bureau of Prisons to be imprisoned for a

4  term of 720 months.  That term of imprisonment consists of a

5  360-month term as to Count One and a 360-month as to Count Two,

6  with each such term of imprisonment to run consecutively.

7       Upon release from imprisonment Mr. Yotka will be

8  required to serve a term of supervised release of life.  That's

9  life as to each Count One and Count Two, to run concurrently.

10      While on supervised release Mr. Yotka will be

11  required to comply with the standard conditions of release

12  adopted in the Middle District of Florida as well as special

13  conditions.

14      Mr. Yotka will be required to participate in a mental

15  health treatment program specializing in sex offender treatment

16  and he'll have to submit to polygraph testing.

17      He's required to register as -- register with the

18  state sex offender registration agency in any state where he

19  resides, that he visits, where he's employed, or where he

20  carries on a vocation or is a student.  The probation officer

21  will provide state officials with all information required

22  under state and federal sex offender registration laws.  And

23  Mr. Yotka will be required to report to those agencies and

24  engage in any -- participate in any processing they require.

25      Mr. Yotka is prohibited from having direct contact

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 28 of 36 PageID 284
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 166 of 200

28

1  with minors without the written approval of the probation

2  officer and is ordered not to enter into any area where

3  children frequently congregate, including schools, daycare

4  centers, theme parks, playgrounds, et cetera.  He's prohibited

5  from possessing, subscribing to, or viewing images, videos,

6  magazines, literature, or other materials depicting children in

7  the nude or in sexually explicit condition.

8          Without the prior approval of the probation office,

9  Mr. Yotka is prohibited from possessing or using a computer,

10 including a phone or other computer device that is capable of

11 connecting to an online service or an internet service

12 provider.  That prohibition includes a computer at a public

13 library, internet cafe, place of employment, or educational

14 facility.

15         Mr. Yotka is also prohibited from possessing

16 electronic data storage media, including flash drives, compact

17 disks, floppy disks, or using any data encryption technique or

18 program.

19         If Mr. Yotka is permitted to possess any of those

20 devices by the probation office, he must permit routine

21 inspection of the devices by the probation office.  And the

22 probation office must conduct the inspection in a manner no

23 more intrusive than necessary to ensure compliance.

24         And if the condition impacts another individual with

25 whom Mr. Yotka shares the device, Mr. Yotka must advise them of

Case 3:21-cr-00106-MMH-JBT  Document 70  Filed 02/07/23  Page 29 of 36 PageID 285
USCA11 Case: 23-10031  Document: 22  Date Filed: 03/29/2023  Page: 167 of 200

29

1  this search party -- of the third -- of the search restriction.

2  And a refusal to permit the search would be a violation of the

3  terms of Mr. Yotka's supervise release.

4       Mr. Yotka is prohibited from having any contact,

5  directly or indirectly, with the minors who are the victims in

6  Counts One and Two of the indictment.

7       He is required to submit to a search of his person,

8  his residence, his place of business, any storage unit,

9  computer, or vehicle in his possession by the probation office

10  at a reasonable time and in a reason manner based upon

11  reasonable suspicion that there is contraband or evidence of a

12  violation of Mr. Yotka's supervised release.

13       Mr. Yotka is -- will be required to provide the

14  probation office with access to any financial information

15  requested as a means of monitoring his compliance with his

16  conditions of release.

17       Having been convicted of a qualifying felony offense,

18  Mr. Yotka is required to participate in the collection of DNA.

19       The Court waives the mandatory drug testing

20  requirements of the Violent Crime Control Act.

21       And Mr. Brown, as I understand it, you're not asking

22  me to defer restitution.  You're satisfied that that's simply

23  not something that's going to be sought in this case; is that

24  correct?

25       MR. BROWN:  Let me just confer, if I may.

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 30 of 36 PageID 286
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 168 of 200

30

1      (Pause in proceedings.)

2          MR. BROWN:  I conferred with our victim/witness

3   coordinator, Your Honor, Ms. Daniels.

4          And as I said before, she has been advised of the

5   opportunity for restitution.  She has not elected to take

6   advantage of that.

7          I would ask the Court to consider deferring for

8   60 days.  We'll make one more contact with her.  But I'll

9   notify the Court within -- as soon as we can get in touch with

10  her whether or not -- I'll file a notice that says she -- that

11  confirm she's not seeking restitution if that's, indeed, the

12  case.

13          THE COURT:  All right.  Mr. Grant, it would be the

14  Court's intention to allow that, just in an abundance of

15  caution, given the obligation of the Court to order restitution

16  if it is sought.  Any objection to me doing so?

17          MR. GRANT:  Inasmuch as the Court is required by

18  statute to do so, I do not object.

19          I was going to object to the condition regarding

20  finances, but now I'm going to hold back on that until the

21  restitution issue is dealt with.

22          THE COURT:  Okay.

23          MR. GRANT:  Because other than that, I don't see a

24  reason -- a basis by which the Court can use to restrict his

25  finances.

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 31 of 36 PageID 287
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 169 of 200

31

1          THE COURT:  Well, I didn't impose a restriction on

2     it, I just imposed the requirement that he supply financial

3     information.  So I didn't -- I didn't restrict him from

4     incurring credit charges or anything because I didn't --

5     because I didn't think I was ordering restitution, but I -- but

6     reviewing financial information is a mechanism that allows the

7     probation office to assure that they aren't engaging -- that

8     they aren't violating the online -- the other online

9     restrictions, and so that's why I imposed the one.

10          MR. GRANT:  I never heard it that way.  I'm going to

11     hold back still and I'll address it later.

12          THE COURT:  Okay.  So I am going to -- given

13     Mr. Brown's -- or given what we've just discussed I am going to

14     impose the restriction prohibiting him from incurring new

15     credit charges, opening lines of credit, obligating himself for

16     any major purpose without the approval of the probation

17     officer.

18          However, if it turns out that there is no restitution

19     ordered, Mr. Brown, at that point can I simply amend the

20     judgment by removing that restriction in light of the absence

21     of restitution?

22          MR. BROWN:  I would have no objection to that, Your

23     Honor.

24          THE COURT:  All right.  So -- and then, Mr. Grant, we

25     can talk about the other one at that time.

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 32 of 36 PageID 288
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 170 of 200

32

```
 1              MR. GRANT:  Yes, Your Honor.

 2              THE COURT:  All right.

 3              All right.  So I'm going to set a deadline of

 4    February 18th -- is that a weekend?

 5              COURTROOM DEPUTY:  It's a Saturday, Your Honor.

 6              THE COURT:  All right.  February 21st.  February 21st

 7    for a notice regarding restitution.  If restitution is sought,

 8    Mr. Brown, I'll ask you to confer with Mr. Grant and see if

 9    there's an agreement; and if not, we'll set a hearing.

10              MR. BROWN:  Yes, Your Honor.

11              THE COURT:  The Court waives the imposition of a

12    fine.

13              Mr. Brown previously advised that there was no need

14    for forfeiture.

15              There are $200 in special assessments which are

16    mandatory.

17              The special -- the JVTA and the AVAA assessments are

18    waived in light of Mr. Yotka's financial circumstances.

19              I have already explained the reasons for my sentence

20    and I won't repeat those reasons now.

21              The Court accepts Mr. Yotka's plea agreement because

22    it adequately reflects his offense conduct and its acceptance

23    does not undermine the statutory purposes of sentencing.

24              Mr. Brown has already moved to dismiss Count Three.

25    So Mr. Grant, is it appropriate for the Court to dismiss Count
```

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 33 of 36 PageID 289
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 171 of 200

33

```
 1   Three pursuant to the plea agreement at this time?
 2              MR. GRANT:  Yes, Your Honor.
 3              THE COURT:  Count Three is dismissed.
 4              Does Mr. Yotka have any requests with regard to
 5   designation?
 6              MR. GRANT:  He does, Your Honor.  We would ask the
 7   Court to recommend FCI Englewood.  It's in Littleton, Colorado.
 8              THE COURT:  I'm told that I have better luck if you
 9   tell me why.
10              MR. GRANT:  It is a -- it has a sex offender program
11   there at that facility, and that's the reason why.
12              And secondarily, we would ask the Court -- I don't
13   know if you did include, while he's incarcerated, education and
14   vocation.  I don't know if you did.  I tried to listen, but --
15              THE COURT:  I haven't.  So the Court recommends
16   designation to the facility in Littleton, Colorado.  Englewood?
17              MR. GRANT:  It's FCI Englewood.
18              THE COURT:  Okay.  The Court recommends designation
19   to FCI Englewood given the availability of sex offender
20   treatment at that location and the Court's firm observation
21   that Mr. Yotka is in need of such treatment.
22              The Court also recommends that he be permitted to
23   participate in any educational and vocational treatment
24   available at the facility of designation.
25              And Mr. Yotka will be remanded to the custody of the
```

Case 3:21-cr-00106-MMH-JBT   Document 70   Filed 02/07/23   Page 34 of 36 PageID 290
USCA11 Case: 23-10031   Document: 22   Date Filed: 03/29/2023   Page: 172 of 200

34

1    marshal to await such designation.

2         Mr. Yotka, your plea agreement somewhat limits your

3    appeal rights.  For purposes of this hearing what I need to do

4    is make sure you understand the process for appeal.

5         If you wish to pursue an appeal you have to file a

6    Notice of Appeal within 14 days.  The government also has the

7    right to appeal.  You are entitled to be represented by an

8    attorney in any appeal that's taken.  And if you can't afford

9    one, of course, the Court will appoint one to represent you at

10   no cost to you.  And if you wish to pursue an appeal but you

11   can't afford the filing fee, the Court will accept your notice

12   without prepayment.

13        Do you understand all these things, sir?

14        THE DEFENDANT:  Yes, ma'am.

15        THE COURT:  Do you have any questions about anything

16   we've done here today?

17        THE DEFENDANT:  No, ma'am.

18        THE COURT:  Mr. Grant, any objection to the sentence

19   or the manner in which it was imposed?

20        MR. GRANT:  Your Honor, as the Court is aware, I'm

21   reserving as it relates to those two matters.  But other than

22   that, I do not.

23        THE COURT:  Okay.  Mr. Brown, any objection to the

24   sentence or the manner in which it was imposed?

25        MR. BROWN:  No, Your Honor.

1          THE COURT:  All right.  Mr. Yotka, I won't see you

2    again, sir.  Good luck to you.

3          COURT SECURITY OFFICER:  All rise.

4      (Proceedings concluded at 10:56 a.m.)

5                              -      -      -

```
 1                CERTIFICATE OF OFFICIAL COURT REPORTER

 2

 3    UNITED STATES DISTRICT COURT)

 4    MIDDLE DISTRICT OF FLORIDA )

 5

 6         I hereby certify that the foregoing transcript is a true

 7    and correct computer-aided transcription of my stenotype notes

 8    taken at the time and place indicated herein.

 9

10         DATED this 20th day of January 2023.

11

12                              /s/ Katharine M. Healey
                                Katharine M. Healey, RMR, CRR, FPR-C
13                              Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25
```

# Doc. 55

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

SCOTT MATTHEW YOTKA
a/k/a "Scottnjax44"

Case Number: 3:21-cr-106-MMH-JBT

USM Number: 65398-509

Maurice C. Grant, II, FPD
200 W. Forsyth Street
Ste. 1240
Jacksonville, FL 32202

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Two of the Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) and 2251(e) | Production of Child Pornography | September 2021 | One |
| 18 U.S.C. §§ 2251(a) and 2251(e) | Production of Child Pornography | September 2021 | Two |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count Three of the Indictment is dismissed on the motion of the United States and pursuant to the Plea Agreement.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence:
December 21, 2022

*Marcia Morales Howard*

**MARCIA MORALES HOWARD**
**UNITED STATES DISTRICT JUDGE**

December 21, 2022

AO245B (Rev. 09/19) Judgment in a Criminal Case

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **SEVEN HUNDRED TWENTY (720) MONTHS, consisting of THREE HUNDRED SIXTY (360) MONTHS as to each Count One and Count Two to run consecutively**.

The Court makes the following recommendations to the Bureau of Prisons:
- Incarceration at FCI Englewood given the availability of sex offender treatment at that location and the Court's firm observation that Defendant is in need of such treatment.
- Defendant enroll in any educational and vocational programs available.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By: _____
Deputy United States Marshal

AO245B (Rev. 09/19) Judgment in a Criminal Case

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **LIFE, consisting of LIFE as to each Count One and Count Two to run concurrently**.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. You must cooperate in the collection of DNA as directed by the probation officer.
5. You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.
6. If restitution is ordered, you must make it in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____        Date:_____

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. You shall participate in a mental health program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes. You shall follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

2. You shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by the probation officer.

3. The probation officer shall provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

4. You shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, daycare centers, theme parks, playgrounds, etc.

5. You are prohibited from possessing, subscribing to, or viewing, any images, video, magazines, literature, or other materials depicting children in the nude and/or in sexually explicit positions.

6. Without prior written approval of the probation officer, you are prohibited from either possessing or using a computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or internet service provider. This prohibition includes a computer at a public library, an internet café, your place of employment, or an educational facility. Also, you are prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk) or using any data encryption technique or program. If approved to possess or use a device, you must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third party, including your employer, you must inform the third party of this restriction, including the computer inspection provision.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

7.  You shall submit to a search of your person, residence, place of business, any storage units under your control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

8.  You shall have no contact, direct or indirect, with the victims identified in Counts One and Two (Minor 1 and Minor 2).

9.  You shall provide the probation officer access to any requested financial information.

10. You shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer. If no restitution is ordered, the Court will enter an amended judgment removing this condition.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | AVAA Assessment[1] | JVTA Assessment[2] | Fine | Restitution |
|---|---|---|---|---|---|
| TOTALS | $200.00 | $0.00 | $0.00 | $0.00 | TBD |

The determination of restitution is deferred. No later than **February 21, 2023**, counsel for the United States shall file a notice advising the Court whether restitution will be requested. If so, the Court will set a restitution hearing. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$200.00** is due in full and immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO245B (Rev. 09/19) Judgment in a Criminal Case

# Doc. 57

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v.                                          Case No. 3:21-cr-106-MMH-JBT

**SCOTT MATTHEW YOTKA**

_____/

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Scott Matthew Yotka, Defendant above named, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Judgment in a Criminal Case entered in this action on December 22, 2022.

DATED this 3rd day of January, 2023.

A. FITZGERALD HALL, ESQ.
FEDERAL PUBLIC DEFENDER

/s/ Maurice C. Grant, II
_____
Maurice C. Grant, II, Esq.
Assistant Federal Defender
Florida Bar No. 0791806
200 West Forsyth Street, Suite 1240
Jacksonville, FL 32202
Telephone: (904) 232-3039
Fax: (904) 232-1937
maurice_grant@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Notice of Appeal has been furnished by electronic notification to David Rodney Brown, Assistant United States Attorney, 300 N. Hogan St, Suite 700 Jacksonville, Florida 32202, this 3rd day of January, 2023.

/s/ Maurice C. Grant, II

_____

Maurice C. Grant, II, Esq.
Assistant Federal Defender

Doc. 67

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:21-cr-106-MMH-JBT

SCOTT MATTHEW YOTKA

**UNITED STATES' NOTICE REGARDING RESTITUTION**

The United States of America, pursuant to this Court's Order on December 21, 2022, hereby notifies the Court and defendant through counsel of the following information regarding restitution:

1.      On December 21, 2022, the Court held a sentencing hearing in this case. *See* Doc. 54. Near the conclusion of the hearing, the Court indicated that it would allow the United States additional time to confer with the parent of the child victims regarding restitution. To that end, the Court directed the United States to file a notice no later than February 21, 2023 advising whether restitution would be requested.

2.      Subsequent to the sentencing hearing, the United States, through its Victim-Witness Specialist, communicated with the parent of the child victims and

was advised in summary that the parent has incurred "no out of pocket expenses"

and does not wish to pursue restitution.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:     *s/ D. Rodney Brown*
D. RODNEY BROWN
Assistant United States Attorney
Florida Bar No. 0906689
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-mail: rodney.brown@usdoj.gov

**U.S. v. Scott Matthew Yotka**                    **Case No. 3:21-cr-106-MMH-JBT**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2023, I electronically filed this document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Maurice C. Grant, II, Esq.
Assistant Federal Public Defender

*s/ D. Rodney Brown*
D. RODNEY BROWN
Assistant United States Attorney

# DOC. 68

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v.

**SCOTT MATTHEW YOTKA**
a/k/a "Scottnjax44"

**Case Number: 3:21-cr-106-MMH-JBT**

**USM Number: 65398-509**

Maurice C. Grant, II, FPD
200 W. Forsyth Street
Ste. 1240
Jacksonville, FL 32202

## AMENDED JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Two of the Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) and 2251(e) | Production of Child Pornography | September 2021 | One |
| 18 U.S.C. §§ 2251(a) and 2251(e) | Production of Child Pornography | September 2021 | Two |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count Three of the Indictment is dismissed on the motion of the United States and pursuant to the Plea Agreement.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence:
December 21, 2022
First Amended: February 2, 2023

**MARCIA MORALES HOWARD**
**UNITED STATES DISTRICT JUDGE**

February 2, 2023

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **SEVEN HUNDRED TWENTY (720) MONTHS, consisting of THREE HUNDRED SIXTY (360) MONTHS as to each Count One and Count Two to run consecutively**.

The Court makes the following recommendations to the Bureau of Prisons:
- Incarceration at FCI Englewood given the availability of sex offender treatment at that location and the Court's firm observation that Defendant is in need of such treatment.
- Defendant enroll in any educational and vocational programs available.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy United States Marshal

AO245C (Rev. 09/19) Amended Judgment in a Criminal Case

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **LIFE, consisting of LIFE as to each Count One and Count Two to run concurrently**.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    -   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4.  You must cooperate in the collection of DNA as directed by the probation officer.
5.  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.
6.  If restitution is ordered, you must make it in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO245C (Rev. 09/19) Amended Judgment in a Criminal Case

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

AO245C (Rev. 09/19) Amended Judgment in a Criminal Case

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO245C (Rev. 09/19) Amended Judgment in a Criminal Case

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.  You shall participate in a mental health program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes. You shall follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

2.  You shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by the probation officer.

3.  The probation officer shall provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

4.  You shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, daycare centers, theme parks, playgrounds, etc.

5.  You are prohibited from possessing, subscribing to, or viewing, any images, video, magazines, literature, or other materials depicting children in the nude and/or in sexually explicit positions.

6.  Without prior written approval of the probation officer, you are prohibited from either possessing or using a computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or internet service provider. This prohibition includes a computer at a public library, an internet café, your place of employment, or an educational facility. Also, you are prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk) or using any data encryption technique or program. If approved to possess or use a device, you must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third party, including your employer, you must inform the third party of this restriction, including the computer inspection provision.

AO245C (Rev. 09/19) Amended Judgment in a Criminal Case

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

7. You shall submit to a search of your person, residence, place of business, any storage units under your control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

8. You shall have no contact, direct or indirect, with the victims identified in Counts One and Two (Minor 1 and Minor 2).

9. You shall provide the probation officer access to any requested financial information.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | AVAA Assessment[1] | JVTA Assessment[2] | Fine | Restitution |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | $0.00 | $0.00 | $0.00 | $0.00 |

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO245C (Rev. 09/19) Amended Judgment in a Criminal Case

Scott Matthew Yotka
3:21-cr-106-MMH-JBT

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$200.00** is due in full and immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO245C (Rev. 09/19) Amended Judgment in a Criminal Case

**CERTIFICATE OF SERVICE**

I certify that on March 29, 2023, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the United States Attorney's Office.

*/s/ Shehnoor Kaur Grewal*
Shehnoor Kaur Grewal, Esq.